26

United States District Court
Southern District of Texas
FILED

NOV 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE ESCUDERO, JR.          §
                            §
VS.                         §
                            §        CIVIL ACTION NO. **B-00-193**
                            §
BAUER CORPORATION D/B/A      §
BAUER LADDER CORPORATION     §

## DEFENDANT, BAUER CORPORATION'S OBJECTIONS AND REPLY TO PLAINTIFF'S RESPONSE TO PARTIAL SUMMARY JUDGMENT (ECONOMIC DAMAGES)

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant, **Bauer Corporation d/b/a Bauer Ladder Corporation**, hereinafter referred to

as "Bauer" or "Movant", files its Objections and Reply to Plaintiff, Jose Escudero, Jr.'s Response

to Defendant, Bauer Corporation's Motion for Partial Summary Judgment (Economic Damages),

hereinafter referred to as "Response" and shows as follows:

1.      The objections and reply contained herein are to that portion of Plaintiff's Response

as to economic damages only.  The objections are not meant to and do not waive any objections

which Movant may interject as to the remaining portion of Plaintiff's Response.

2.      For the purposes of brevity, Exhibits which have previously been attached to Movant's

Motion for Partial Summary Judgment (Economic Damages) or Plaintiff's Response will be referred

to by the exhibit number in the respective motions and responses.

## OBJECTIONS

2.      Bauer objects to Affidavit of Jose Escudero, Jr., Exhibit "8" of the Response and the

Page 1 of 9

attachments thereto ("Affidavit") as the "testimony" contained therein is inadmissible and therefore irrelevant and cannot defeat and otherwise proper summary judgment. Specifically, Movant requests that the Court disregard Plaintiff's Affidavit as it attempts to bring forth additional testimony which was not provided in response to discovery prior to the discovery deadline of August 31, 2001. The matters contained in the Affidavit are the subject of previously served discovery and which information was not disclosed prior to the **August 31, 2001** discovery deadline.[1] The purpose of Rule 26 of the Federal Rules of Civil Procedure is to promote fairness in litigation. Therefore, the rules provide that a failure to supplement disclosures timely under Federal Rule of Civil Procedure 26(e)(1) will prevent the party from using any witness or evidence not disclosed[2]. The exclusion is automatic and mandatory unless the party who failed to supplement can show that is violation was either justified or harmless.[3] A court show look to the importance of the evidence of the non-supplementing party, the ability of the opposing party to formulate a response, and the reason for the failure to supplement seasonably.[4] The evidence which the Plaintiff seeks to have the Court consider is directly related to the damages claimed in this lawsuit. This evidence was not previously disclosed in either written discovery or oral deposition. Plaintiff is, after the deadline for discovery has passed, and the trial of December 10, 2001 fast approaching, attempting to introduce evidence which will prejudice the Movant in the preparation and presentation of its defense at trial. No excuse has been given for the failure to supplement. Even with such an excuse the Movants are unable to formulate

---

[1]    *See* Court's June 19, 2001 Scheduling Order, attached to Movant's Motion for Partial Summary Judgment as Exhibit "1"and incorporated by reference.

[2]    *See also Holiday Inns, Inc. v. Robertshaw Controls, Co.*, 560 F.2d 856, 858 (7th Cir. 1977).

[3]    *Fed. R. Civ. P. 37(c)(1); see also Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

[4]    *See Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir.).

a response due to the late disclosure and will be prejudiced at the trial of this matter.

3.     In support of its objection, Movant refers the Court to Interrogatory number 8 which requests the Plaintiff to "Please itemize each and every expense incurred by you as a result of the incident made the basis of this lawsuit, including medical cost, medication costs and all other monetary losses, including any loss of income, that is alleged to have been suffered by your as a result of the incident made the basis of this lawsuit."[5] Plaintiff responds by listing some medical expenses and stating "I have suffered a loss of earnings. Attached hereto is an itemization of my loss of income (or additional expenses) which I incurred as a result of my injuries."[6] The itemization of alleged losses totals $164,102.00, which includes alleged penalties of $81,750.00, other losses attributable to delays and resultant changes in subcontractors of $28,000, extra superintendent $24,352.00 and lack of qualified supervision $30,000.00.[7] No method of calculation or explanation of determining the alleged losses was provided.  The Requests for Production also requested Plaintiff "..provide copies of all wage statements, invoices, bills, work time sheets, and any other written documents which is the basis of your claim of loss of wages, loss of earning capacity, time lost from work, property damage, or other damages claimed by you."[8] Plaintiff responded by stating, "Enclosed is a copy of ROFDW ARCHITECTS NEW OFFICES FOR BAHNMAN REALTY CHARGE NO. 1, and Paisano Construction, Co. General Ledger.  Plaintiff will supplement with additional documentation as it

---

[5]     *See* Plaintiff's Answers to Bauer Corporation d/b/a Bauer Ladder Corporation's First Set of Interrogatories, page, 5, interrogatory number 8, attached as Exhibit "A" and incorporated by reference.

[6]     *Id.*

[7]     *See* Plaintiff's Itemization of Losses attached as Exhibit "B" and incorporated by reference.

[8]     *See* Plaintiff's Responses to Bauer Corporation d/b/a Bauer Ladder Corporation's Request for Production, page 3, number 2, attached as Exhibit "C" and incorporated by reference.

becomes available."[9] The document from ROFDW is a change order which indicates that there are liquidated damages of $30,250.00 defined as "Delete from the contract the amount of $250.00 per day for the 121 calendar days that The Contractor exceeded the Date of Substantial Completion." [10] The document shows a signing date of January 31, 2001 by Plaintiff.[11] No reason is given for the delay. The general ledger contains numerous expenses without explanation.[12] No further documentation was ever received in supplementation of this response. Additionally, the documentation attached to Plaintiff's Affidavit was not produced prior to the filing of the Response. Lastly, Plaintiff, in his Supplement Responses to Rule 26 Disclosures was asked to provide "A computation of any category of damages claim by disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.."[13] Plaintiff responded in the following manner "It is very difficult to point to a particular business record of Plaintiff's to show his loss of earnings or earning capacity. Generally plaintiff's company or corporation was burgeoning i.e. starting to obtain more and large construction contracts when this injury occurred. Now plaintiff has a hard time supervising jobs and as a result, the work is done more slowly, effecting profit and the availability of future jobs."[14] The discovery of the above information is pursuant to the Federal Rules of Civil Procedure. Plaintiff did not seek

---

[9]     *Id.*

[10]    *See* ROFDW Change Order No. 1, attached as Exhibit "D" and incorporated by reference.

[11]    *Id.*

[12]    *See* General Ledger,, Exhibit "8" to Plaintiff's Response which is incorporated by reference.

[13]    *See* Plaintiff's Supplemental Responses to Rule 26 Disclosures, attached as Exhibit "3" to Movant's Motion for Partial Summary Judgment and incorporated by reference.

[14]    *Id.*

any extension to present additional discovery nor was granted₁ Additionally, other than the above no further information presented or disclosed.

5.     It is clear that the Plaintiff is attempting to introduce "new" evidence which was not disclosed during the discovery period. The fact that Plaintiff can now attempt to substantiate his damages is an attestment to the fact that it could have been done prior to the close of discovery. Since Plaintiff wholly failed in that regard, Plaintiff's Affidavit and attachment thereto should be stricken in their entirety for failure to supplement discovery. To allow such late discovery would be extremely prejudicial to Movant in that Movant is now effectively precluded from conducting any discovery on this matter. Moreover, Movant is effectively precluded from cross-examining Plaintiff's expert, Bob Peaster regarding the claims made in the Affidavit. For the above reasons, Plaintiff's Affidavit in regard to the calculation or presentation of damages should be stricken in their entirety.

6.     Movant additionally objects to the Affidavit as it fails to state facts which would be admissible in evidence. In addition to containing matters not previously disclosed in discovery, which objections are incorporated, the Affidavit contains bare allegations of fact, ultimate or conclusory facts, and legal conclusions which are not admissible.[15] The conclusions are rampant throughout with regard to wage earners, laborers and losses, all of which are based solely on his testimony. Therefore, the objection should be sustained and the testimony stricken.

7.     Movant additionally objects in that the statements contained in the Affidavit as self-serving. The statements contained in the Affidavit are contradicted by the Plaintiff's very own responses to discovery, and therefore is not credible. Further, the statements contained in the Affidavit are contradicted by the Movant's own business records which records are made the basis

---

[15]     *See Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998).

of Movant's Summary Judgment on economic damages and attached thereto.

## A. Summary Judgment Standard

8.      Movant in the interest of brevity refers the Court to the summary judgment standard contained in Rule 56(c) of the Federal Rules of Civil Procedure and outlined in its motion. As Movant has met its burden, Plaintiff must go beyond the pleadings and **designate specific facts** showing there is a genuine issue for trial.[16] [emphasis added].  This burden is not satisfied by creating "some metaphysical doubt as to the material facts,[17] by submitting conclusory allegations,[18] or unsubstantiated assertions,[19] or by only a "scintilla" of evidence.[20] Summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"[21] As is evident, the only competent summary judgment establishes no loss of business or diminution in value.  Quite the contrary, the Plaintiff's business has grown substantially.  It is only logical that a substantial increase in the volume of business would necessarily require an increase of costs.  None of the costs can be attributed, directly or indirectly to the incident made the basis of this lawsuit.  Additionally, the fact that the causeway was damages is in no way attributable to Movant and moreover, cannot be the basis for additional damages.  Plaintiff has failed to meet its burden and Movant is entitled to judgment as a matter of law.

9.      In the event the Court deems the attachments to the Affidavit to be admissible, which

---

[16]      *Id.* at 2553-54.

[17]      *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.C.t 1348, 1356 (1986).

[18]      *Lujan v. National Wildlife Fed.*, 110 S.Ct. 3177, 3180 (1990).

[19]      *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[20]      *Id.*

[21]      *Id.* (citations omitted).

Movant contends are not, Movant asserts that the documents, which are self-serving, do not create a genuine issue of material fact and further, offer no assistance in determining any damages. The figures are selected by the Plaintiff and his witness but cannot be shown to be a direct result of any injury as attested to by Bob Peaster in his deposition.

10.     For all of the reasons stated above, Movant is entitled to a partial summary judgment as to all economic claims set forth above.

WHEREFORE, PREMISES CONSIDERED, Defendant, Bauer Corporation d/b/a Bauer Ladder Corporation, prays that upon proper notice and hearing, the Court sustain its objections and grant its' Motion for Partial Summary Judgment and enter a judgment that Plaintiff take nothing on the causes of action alleged or, in the alternative, enter judgment on the causes of action the Court deems just, and for all other relief to which Defendant may show itself entitled, whether at law or equity.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5057
Telephone: (512) 349-0511
Facsimile: (512) 349-2760

By: _Thomas W Gendry_
RON A. SPRAGUE
State Bar No. 18962100
Federal I.D. No. 151
THOMAS W. GENDRY
State Bar No. 07797000
Federal I.D. No. 27525

ATTORNEYS FOR DEFENDANT

Page 7 of 9

Page 8 of  9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was hand delivered in open court on the 7th day of November 2001 to the following:

  Mr. Barry R. Benton
  284 Ebony Avenue
  Brownsville, Texas 78520

          _Thomas W Gendry_
          THOMAS W. GENDRY

t:\RAS\ESCUDERO\SUMJMT.REP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE ESCUDERO, JR.           *
                                     *
vs                            *   CIVIL ACTION NO. B-00-193
                                     *
BAUER CORPORATION D/B/A     *
BAUER LADDER CORPORATION   *

## PLAINTIFF'S ANSWERS TO BAUER CORPORATION D/B/A BAUER LADDER CORPORATION'S FIRST SET OF INTERROGATORIES

TO:  BAUER CORPORATION D/B/A BAUER LADDER CORPORATION, Defendant by and through their attorney of record:

      Mr. Thomas Gendry
      GENDRY & SPRAGUE, P.C.
      645 Lockhill Selma
      San Antonio, Texas 78216-5707

      Pursuant to Rule 33, Federal Rules of Civil Procedure, JOSE ESCUDERO JR., Plaintiff, submits these his answers to first set of Interrogatories propounded by Defendant Bauer Corporation d/b/a Bauer Ladder Corporation.



EXHIBIT
A

Respectfully submitted,

Barry R. Benton
284 Ebony Ave.
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
State Bar No. 02176500
Federal I.D. No. 3968
ATTORNEY IN CHARGE FOR
JOSE ESCUDERO, JR., PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _1st_ day of June, 2001, a true

and correct copy of Plaintiff's answers to Defendant's first set of

interrogatories was mailed to counsel of record, to wit:

Mr. Thomas Gendry - *Via C.M.R.R.R. # Z 258 896 029*
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707

BARRY R. BENTON

PLAINTIFF'S ANSWERS TO BAUER CORPORATION D/B/A BAUER
LADDER CORPORATION'S FIRST SET OF INTERROGATORIES
PAGE - 2

# **INTERROGATORIES**

1.  Please state your full name, current residence address, social security number, Texas driver's license, and date of your birth.

    ANSWER:      Jose Escudero, Jr.
                 1665 Turkey Trot
                 Mercedes, Texas 78570
                 Social Security number: 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
                 Texas Driver's License number: 06535715
                 Date of Birth: May 22, 1968

2.  State whether you have settled with any other person for damages you content you suffered as a result of the occurrence, by stating the name of the person with whom you settled, his/her address and amount of settlement.

    ANSWER:      Carmen Escudero and State Farm Lloyds.
                 St. Farms Lloyds
                 505 S. "P" Street
                 PO Box 531768
                 Harlingen, Texas 78553
                 Amount of settlement: $13,500.00

3.  If you are now receiving or have ever received any governmental or disability benefits, whether from this accident or any other cause, please give specific details as to these benefits, including the agency providing the same, the dates of your receipts of these benefits, and the reasons therefore.

    ANSWER:      None.

4.  Have you ever had any other claims or suits against any persons, firms, or companies for injuries to yourself and if so, please give specific details as to the claim.

    ANSWER:      The only claim I have had is with St. Farm Insurance.

PLAINTIFF'S ANSWERS TO BAUER CORPORATION D/B/A BAUER
LADDER CORPORATION'S FIRST SET OF INTERROGATORIES
PAGE - 3

5.   Please identify all criminal offenses, other than minor traffic violations, you have been charged with and/or convicted of. (Your answer to this Interrogatory should include a description of the offense charged, the court in which the charge was filed, the final adjudication and/or action taken on the charge or its current status.)

ANSWER:   I was charged with a DWI about 10 years ago at South Padre Island, Texas. I was given a fine of $2,000.00 and my case was later dismissed.

6.   With reference to your employment during the last ten years, as of the date you answered these Interrogatories including any self-employment, for each separate employment please state the name and address of the employer, the dates of employment an the nature of your employment duties.

ANSWER:          Name of employer: De Monte Industries, Monterrey, Nueva Leon.
Date: 1995-1997
Duties: Sales.

Self-employed: Paisano Construction Company, 216 N. Texas Ave., Mercedes, Texas 78570.
Date: 1997
Duties: I am a general contractor.  Pizano Construction builds commercial and residential homes.

Self-employed: E & E Builders, Inc.,216 N. Texas Ave., Mercedes, Texas 78570.
Date: 1998 to present date.
Duties: I am a partner and/or vice-president of the corporation.

Name of employer: Unlimited Auction Services
Date: 1999 to present date.
Duties: Sales.  Auction off items such as old furniture, desk's, racks, etc. from hotels to the public or general businesses.

7.   Please describe, in detail, the nature and extent of all injuries/damages which you allegedly received as a result of the occurrence in question.

ANSWER:   As a result of the fall, I sustained injuries to my left foot and heel, specifically, a severe broken left heel with bruising. After the surgery I was told that due to lack of use I had developed arthritis in one of my joints in the left heel and in my ankle.  My doctor has told me that the bones in my foot will probably have to be fused in the future with the attendent medical expenses, pain and disability.

I have suffered great pain and my ability to walk and stand have been severely compromised.  As a result of my disabilities I have been unable to do my usual activities at work and at home.

I was penalized substantial money for late completion of projects and I had to hire a supervisor for over $24,000.00 to work in my place.

8.   Please itemize each and every expense incurred by you as a result of the incident made the basis of this lawsuit, including medical cost, medication cost and all other monetary losses, including any loss of income, that is alleged to have been suffered by you as a result of the incident made the basis of this lawsuit.

ANSWER:  Medical expenses are itemized as follows:

| | | |
|---|---|---|
| • | Valley Baptist Medical Center | $8,495.33 |
| • | Dr. Donald Vargas, M.D. | $3,522.74 |

- Harlingen Anesthesia-Dr. Donald Lee    $520.00
- Harlingen Anesthesia-Dr. Louis Lester    $845.00
- Valley Radiologists & Associates -
  Dr. William Taw    $98.00
- EMCARE-Harlingen Emergency Physicians-
  Dr. Narra, M.D.    $393.00
- Pathology Laboratory    $110.00
- Valley Diagnostic Clinic-Dr. Charles Mild    $22.00
- Texas Orthopedic Hospital    $7,653.39
- Dr. John Bishop, M.D.    $10,172.00
- Greater Houston Anesthesiology    $472.00
- Pro-Active Orthopedics -Dr. George
  Kartalian    $870.00

I have also suffered a loss of earnings. Attached hereto is an itemization of my loss of income (or additional expenses) which I incurred as a result of my injuries.

9.    With reference to all doctors seen by you for any reason whatsoever during the past ten years, to date, including any whom you may have seen for injuries allegedly arising out of the incident referred to in your petition, please state:

a.    Name and address of doctor.
b.    The approximate date you saw the doctor.
c.    The ailment or injury for which the doctor examined or treated you.

ANSWER:

1a.    Dr. Nagarjun Narra, M.D., 2121 Pease Street, Harlingen, Texas.
1b.    May 10, 1999
1c.    Fracture of the calcaneum on the left foot.

2a.    Dr. Donald Vargas, M.D., 2121 Pease Street, Harlingen, Texas.
2b.    May 11, 1999 through July 8, 1999
2c.    Manipulative closed reduction and internal fixation of the left os calcis and removal of hardware.

3a.   Dr. John O. Bishop, M.D., 7401 S. Main St., Houston, Texas.
3b.   May 3, 2000
3c.   Left ankle arthrotomy, partial synovectomy, peroneal tenosynovectomy, decompression of calcaneofibular and fibulotalar impingement, left repair of malunion os calcis fracture with lateral wall exostosis and cyst excision and bony remodeling, left sural nerve neurolysis with branch neurectomy, left peroneal longus and brevis tendon lengthening, left peroneal retinacular reconstruction, and left subtalar arthrotomy joint exploration with capsulotomy.

4a.   Dr. George Kartalian, M.D., 4865 N. McColl, McAllen, Texas.
4b.   February 7, 2001
4c.   Evaluation of left foot.

10.   If you have been a patient in a hospital within the last ten years, to date, for treatment of any mental or physical condition, including any hospitalization resulting from the incident referred to in the petition, please state:

a.   Name and address of hospital.
b.   Dates of hospitalization.
c.   Nature of condition treated.

ANSWER:

1a.   Valley Baptist Medical Center, 2101 Pease, Harlingen, Texas.
1b.   May 10, 1999 through May 14, 1999
1c.   Manipulative closed reduction and internal fixation of the left os calcis.

2a.   Valley Baptist Ambulatory Surgical Center
2b.   July 8, 1999
2c.   Removal of two buried pins, left os calcis.

3a.  Texas Orthopedic Hospital

3b.  May 3, 2001

3c.  Left ankle arthrotomy, partial synovectomy, peroneal tenosynovectomy, decompression of calcaneofibular and fibulotalar impingement, left repair of malunion os calcis fracture with lateral wall exostosis and cyst excision and bony remodeling, left sural nerve neurolysis with branch neurectomy, left peroneal longus and brevis tendon lengthening, left peroneal retinacular reconstruction, and left subtalar arthrotomy joint exploration with capsulotomy.

11.  If you have fully recovered from all of your alleged injuries from the occurrence in question, please state specifically in which way(s) you have not recovered.

ANSWER:  I continue to have constant pain in my left foot making some days unbearable to walk.

12.  Please describe in complete detail the occurrence made the basis of this suit. (Your answer to this Interrogatory should describe precisely where, when and how the occurrence happened, a precise identification of the ladder involved, exactly what you perceived to have happened, and what exactly happened to you as a result of the occurrence, i.e., fell, struck something, etc.)

ANSWER:  Between 5:00 and 6:30 p.m. on a Monday, I was at my mother's property located on Military Highway in Santa Maria. I was there with some of my workers to perform general chores such as painting, tightening door latches and knobs and adjusting light fixtures. The particular room that I was working in only needed the light fixture to be adjusted. The light fixture that I was intending to fix hung from an 11 foot ceiling so I asked one of my worker's, Reymundo Medina, to get me a ladder. When he returned I opened the ladder and placed it under the fixture making sure that it was leveled. I climbed to the fourth or fifth step and proceeded to inspect the light fixture and in the process I turned from side to side to receive tools that were being handed to me. In less than

PLAINTIFF'S ANSWERS TO BAUER CORPORATION D/B/A BAUER
LADDER CORPORATION'S FIRST SET OF INTERROGATORIES
PAGE - 8

10 minutes of being on the ladder, I fell to the ground. My worker and a friend saw me fall and came to my aid. They cut off my boot and took me to the hospital.

13.    Please describe in complete detail your contention of what caused the ladder to fail or malfunction in the manner you claim on the day in question. (Your answer to this Interrogatory will necessarily include a description of your claim regarding what mechanical mechanism failed or malfunctioned, why it failed or malfunctioned and how the design, marketing, labeling or manufacture of the ladder caused or could have prevented such a failure or malfunction.)

ANSWER:  I am not an expert on fiberglass ladders. Please refer to the expert report of Dr. James W. Pugh, Ph.D., of Inter-City Testing & Consulting Corporation which is attached to these answers. Please see my deposition for the facts surrounding my fall off the ladder.

14.    State whether or not you contend any of the material properties of the fiberglass in the subject ladder was defective either in design or manufacture and, if so, state which material properties were defective. (Material properties means flexural strength, tensile strength, compressive strength, ultimate bearing strength, fiberglass content, Barcol hardness, or water absorption.)

ANSWER:  I am not an expert on fiberglass ladders and their material properties. Please refer to the expert report of Dr. James W. Pugh, Ph.D, of Inter-City Testing & Consulting Corporation which is attached to these answers.

15.    Describe testing conducted by you or any person working on behalf of you to determine defect in the manufacturer or design of the material properties of the ladder involved in the occurrence.

ANSWER:  Please refer to the expert report of Dr. James W. Pugh, Ph.D., of Inter-City Testing & Consulting Corporation which is

attached to these answers.

16. State your contention of which features of a ladder which would constitute a safer alternative design.

ANSWER:  Please refer to the expert report of Dr. James W. Pugh, Ph.D., of Inter-City Testing & Consulting Corporation.

17. State whether you contend any national or industry standard was violated by Defendant in the manufacture or design of the ladder involved in the occurrence.  (If the answer is yes, please describe in detail your contention which standard was violated and in what fashion.)

ANSWER:  I am not an expert on fiberglass ladders.  Please refer to the expert report of Dr. James W. Pugh, Ph.D., of Inter-City Testing & Consulting Corporation which is attached to these answers.

18. State specifically and in detail in what manner the design, testing and manufacture of the ladder was done negligently as alleged in Paragraph 6 of your Petition.

ANSWER:  Please refer to the expert report of Dr. James W. Pugh, Ph.D., of Inter-City Testing & Consulting Corporation which is attached to these answers.

19. State specifically and in detail how the design and configuration of the ladder as manufactured by Defendant was defective and unreasonably dangerous as alleged in Paragraph 7 of your Petition.

ANSWER:  Please refer to the expert report of Dr. James W. Pugh, Ph.D., of Inter-City Testing & Consulting Corporation which is attached to these answers.

20. State specifically which implied warranties were breached in violation of the Texas Business and Commerce Code, Section 2.314 and 2.315 as alleged in Paragraph 9 of your Petition.

ANSWER:  It seems to me that a ladder should not break like the subject ladder did on me. It certainly was not fit for its intended purpose i.e. to climb or to reach certain heights.  Otherwise, please refer to the expert report of Dr. James W. Pugh, Ph.D., of Inter-City Testing & Consulting Corporation which is attached to these answers.

## VERIFICATION

STATE OF TEXAS      §
                        §
COUNTY OF *Cameron*  §

      BEFORE ME, the undersigned authority, on this day personally appeared JOSE ESCUDERO, JR., known to me to be the person whose name is subscribed to the foregoing instrument, who, after being duly sworn and deposed, says that every statement, allegation, and denial contained in the foregoing First Set of Interrogatories are true and correct to the best of his knowledge, information and belief.

_____
JOSE ESCUDERO, JR., Affiant

      SUBSCRIBED AND SWORN TO BEFORE ME on this _1st_ day of _June_____, 2001, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
My commission expires: _12-10-02_

LESLIE C. DELGADO
MY COMMISSION EXPIRES
December 10, 2002

# ITEMIZATION OF LOSSES

## BAHNMAN REALTY-

- Penalized            $30,250.00     (128 days late)

- Other losses attributable to delays and resultant change in subcontractors    $28,000.00 -

| | |
|---|---|
| A/C | $14,000 |
| Electric | $6,000 |
| Plumbing | $3,850 |
| Misc. | $4,150 |

## VARGAS CLINIC -

- Penalized            $27,500.00     (91 days late)

## LEVIN DUPLEX -

- Penalized            $24,000.00     (80 days late)

## LAS ARENAS CONDOS -

- Extra superintendent      $24,352.00

- Lack of qualified supervision -      $30,000.00

**TOTAL:**    **$164,102.00**

# Inter-City Testing & Consulting Corporation



Northeastern Office:
167 Willis Avenue
Mineola, N.Y. 11501
(516) 747-8400
FAX: (516) 746-0111/21
Out of NYS:(800) 922-1515

Southeastern Office:
P.O. Box 2619
Jupiter, FL 33468-2619
(561) 745-7340
FAX. (561) 745-7939

May 22, 2001

Barry R. Benton, Esq.
284 Ebony Avenue
Brownsville, TX 78520-7120

IN REF:  Escudero v. Bauer

Dear Mr. Benton:

This is to inform you that I have completed my initial study, evaluation, and analysis of the materials submitted to me with regard to the above matter, which included but were not limited to the following: the ladder that collapsed under Mr. Escudero, depositions, medical records, medical images (X-ray films), standards, discovery documents, blueprints, and other materials. The opinions expressed in this preliminary report are to a reasonable degree of engineering, biomedical engineering, and scientific certainty. This present report necessarily rebuts certain findings of Naismith Investigative Engineering Services as expressed in reports dated August 30, 1999, and September 29, 1999, which were prepared on behalf of Roger Becerra of State Farm Insurance Companies on behalf of defendant Bauer.

The accident, according to the records, occurred on May 10, 1999, at between 5:00 and 6:30 pm. According to Mr. Escudero, he was given the ladder by a co-worker, Reymundo Medina, looked at it to ascertain that it was standing and acceptably strong, and climbed up on the ladder up to steps 4 or 5 to work on an overhead light fixture. He estimated that he was up on the ladder for about 3 to 10 minutes before the ladder unexpectedly and without warning fell, throwing him to the floor, and causing a severe injury to his left foot and leg. The medical records indicate a severe comminuted fracture of the left os calcis, with swelling. Complications ensued, and the foot was still painful as of the deposition of Mr. Escudero taken on May 3, 2001. He apparently developed osteopenia in his left foot and leg. He gave his height as 5'1" to 6'2" and his weight as 190 to 200 pounds at the time of the accident. He, according to the most recent medical records in my possession, required eventually on May 3, 2000, a partial synovectomy of the left ankle, peroneal tenosynovectomy and decompression for fibulotalar and fibulocalcaneal impingement, with additional surgery to rectify complications of the original injury.

Inspection of the subject ladder revealed a six-foot step ladder, fiberglass in construction, manufactured by the Bauer Corporation, Wooster, Ohio, with OSHA/ANSI sticker and warning/instruction labels. The nomenclature for each leg, as shown by Naismith Engineering reports, is herein adopted: hang tags labelling each leg sequentially as Leg #1, Leg #2, Leg #3, and

Barry R. Benton, Esq.                    -2-                         May 22, 2001

Leg #4 were applied to the ladder to clearly indicate each leg as numbered
and depicted in the August 30, 1999, report of Naismith Engineering, Photo-
graph 1. References in the present report to the legs by number shall
thus be similar to references in the Naismith Engineering reports, in
regard to identification of the legs.

Regarding the August 30, 1999, report of Naismith Engineering, while
I generally agree with the description of the ladder, I disagree with the
entry under Discussion that "The cracking and other damage observed on
the ladder is the result of excessive useage and/or misuse." The extent
of the longitudinal cracking of the legs, particularly the back legs,
was due to the propagation of pre-existing cracks at the time of the
accident on May 10, 1999. Exclusive of this, the other damage and wear
is from normal use, not misuse. The bent spreader is incidental and minor.

Additionally, regarding the August 30, 1999, report of Naismith
Engineering, there is mention of an inability to obtain from Bauer Corporation
any history of problems with this type of ladder or any known defects.
I personally, to correct this miscommunication from Bauer to Naismith,
gave a detailed deposition in the case of Scott v. Bauer, taken by
attorneys representing Bauer, on August 15, 1994, almost five years before
the Escudero accident. In that deposition, I gave detailed analysis of
the failure mechanisms of a ladder similar to the Escudero ladder, outlined
the hazards and defects, and testified as to proper means of control of same.

Regarding the September 29, 1999, report of Naismith Engineering,
the "spot of brown paint" referenced in the section captioned Leg #3, repre-
sented by Naismith to be inside the crack, is clearly outside the crack on
the exterior surface of the fiberglass. The "white paint or sheetrock joint
compound" referenced in that section was found to be clearly on the exterior
surface of the fiberglass and not inside the crack at the top of Leg #3.
Further, regarding section captioned Leg #4, the "brown paint . . . visible
inside the crack at approximately nine (9) and sixteen (16) inches from the
bottom of the leg" clearly is on the surface of the fiberglass away from the crack
and not inside that crack. In the section entitled Injured Location on
Ladder, I wish to point out that Mr. Escudero clearly indicated in deposition
when questioned that he was on step 4 or step 5, positions clearly permitted
by the construction of the ladder, with step 4 clearly being permitted by
the labelling on the ladder.

I have personally examined three ladders manufactured by Bauer, including
the Escudero ladder, of substantially similar construction, which failed
due to leg splitting, causing injuries to the users (Scott, Smith, Escudero).
Further, I have in my possession a Bauer ladder, apparently discarded by
the Long Island Rail Road, for reasons unrelated to leg splitting, which
also demonstrates leg splitting. Finally, I have examined an un-used Bauer
ladder demonstrating leg splitting due to the nature of storage and handling,
as I testified to in detail in my deposition in Scott v. Bauer. Thus, I
personally have examined in detail five Bauer fiberglass ladders, all showing
similar defects and split legs, three of which resulted in accidents that
caused injuries.

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 25 of 140

Barry R. Benton, Esq.                    -3-                    May 22, 2001

My analysis of the materials and ladder associated with the Escudero accident revealed that there were pre-existing cracks in the legs of the subject ladder, which spread and opened up at the time of the accident, resulting in a destabilization of the ladder, and the fall causative of Mr. Escudero's injuries. The presence of the initial cracks in the legs of the ladder were due to a combination of design and manufacturing defects, and may have been exacerbated by routine handling and storage of the ladder.

The initial cracking of the rails of the ladder may have been fostered by a defective manufacturing condition caused by one of the following, or a combination of the following: improper curing of the fiberglass, improper proportion of components, improper control of moisture during the curing, improper use of the woven glass materials. Regarding the latter, it was apparent that the longitudinal splitting of the rails (legs) was between fibers of the glass rather than across those fibers, predominantly.

The design defects included the failure to use an encapsulating foot of the type utilized on Werner ladders. Said encapsulating foot assembly is economical and feasible, as evidenced by its use on Werner ladders, and serves to tie together the longitudinal geometry of each leg, preventing not only the initiation of cracks which serve as a prelude to the catastrophic failure, but also guarding against rail geometry separation.

Nextly, the back rails of the ladder (Legs #3 and #4) should have cross-braces similar to the steps configured on Legs #1 and #2, such that the cross-braces attach to two sides of the fiberglass leg cross-section. It is foreseeable that the back rails particularly, due to the loading experienced when the ladder is folded and stored, will develop cracks during normal useage.

Lastly, the warnings and instructions are deficient and defective in that the recommendation to discard the ladder if damaged is non-specific, and requires a level of expertise beyond that of the lay user to identify incipient, unstable cracks in the fiberglass which could become unstable. It is not reasonable to expect a user to notice, for example, hairline cracks in the fiberglass legs and, even if noticed, to realize the potential for the crippling effects such a crack can induce into a fiberglass structure when such cracks propagate.

I am of the considered opinion that the pre-existing cracks were not nearly as extensive as implied by Naismith Engineering, for reasons outlined above. On the contrary, such cracks, particularly those on the back side of the back legs, would naturally not be recognized during a cursory inspection as being dangerous and indicative of the need to retire/discard the ladder. It must be emphasized that proper control of hazards in general, and the hazards in the Bauer fiberglass in particular, dictate that the hazard be eliminated if economical and feasible. Clearly, this is the manner to control the hazard by elimination of the aforementioned defects. In the absence of elimination of the defects, warning and instruction is permitted. However, the warnings and instructions were deficient and defective.

Barry R. Benton, Esq.                    -4-                        May 22, 2001

    Regarding the possibility that Mr. Escudero may have been using step number 5, I am of the considered opinion that, had the ladder not possessed the aforementioned defects, his standing on step 5 would not have been causative of ladder failure. Further, the sticker on that step is deemed insufficient to prevent use of that step, as the step itself is inviting for use. Filling that space between the top of step 5 and the top of the ladder would positively prevent standing on step 5, if that is indeed the intent of Bauer.

    Thus, I am of the considered opinion that the ladder appeared, for all intents and purposes, to be safe to Mr. Escudero at the time of the accident, and, due to the nature of the ladder, Mr. Escudero was properly using the ladder at the time of the occurrence. I am of the considered opinion that the ladder had not been abused nor misused on prior occasions, in that the condition of the ladder prior to the Escudero accident was consistent with normal use. Finally, if the defects outlined in this report had not existed, the failure/collapse would not have occurred, and the injuries would not have been sustained.

                  Respectfully submitted,

                  James Pugh, Ph.D., P.E.
                  Director, Biomedical Engineering,
                    Materials Science & Engineering
                    Accident Reconstruction/Injury Analysis
                    Safety/Ergonomics/Warnings/Instructions/
                    Human Factors/Failure Analysis/Structural
                    Analysis

JP/bh

Enclosure:  C.V.

# ITEMIZATION OF LOSSES

## BAHNMAN REALTY-

- Penalized                                          $30,250.00        (128 days late)

- Other losses attributable
  to delays and resultant
  change in subcontractors    $28,000.00 -    A/C        $14,000
                                              Electric   $6,000
                                              Plumbing   $3,850
                                              Misc.      $4,150

## VARGAS CLINIC -

- Penalized                                          $27,500.00        (91 days late)

## LEVIN DUPLEX -

- Penalized                                          $24,000.00        (80 days late)

## LAS ARENAS CONDOS -

- Extra superintendent       $24,352.00

- Lack of qualified
  supervision -              $30,000.00

### TOTAL:   $164,102.00



EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE ESCUDERO, JR.    *
             *
vs          *  CIVIL ACTION NO. B-00-193
             *
BAUER CORPORATION D/B/A  *
BAUER LADDER CORPORATION  *

## PLAINTIFF'S RESPONSES TO BAUER CORPORATION D/B/A BAUER LADDER CORPORATION'S REQUEST FOR PRODUCTION

TO: BAUER CORPORATION D/B/A BAUER LADDER CORPORATION, Defendant by and through their attorney of record:

  Mr. Thomas Gendry
  GENDRY & SPRAGUE, P.C.
  645 Lockhill Selma
  San Antonio, Texas 78216-5707

  Pursuant to Rule 34, Federal Rules of Civil Procedure, JOSE ESCUDERO JR., Plaintiff, submits this his responses to request for production propounded by Defendant Bauer Corporation d/b/a Bauer Ladder Corporation.



EXHIBIT
C

Respectfully submitted,

Barry R. Benton
284 Ebony Ave.
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
State Bar No. 02176500
Federal I.D. No. 3968
ATTORNEY IN CHARGE FOR
JOSE ESCUDERO, JR., PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _1st_ day of June, 2001, a true
and correct copy of Plaintiff's responses to Defendant's request for
production was mailed to counsel of record, to wit:

Mr. Thomas Gendry - _Via C.M.R.R. # Z 258 896 029_
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707

BARRY R. BENTON

# REQUEST FOR PRODUCTION

1.  Please provide copies of your income tax returns for five years preceding the date of this incident.

RESPONSE:    Plaintiff did not file returns for 1995, 1996 and 1997 as he did not reside in the United States at that time. Enclosed are copies of Plaintiff's 1998 and 1999 individual, partnership and corporate income tax returns. Plaintiff has not yet filed a return for 2000.

2.  Please provide copies of all wage statements, invoices, bills, work time sheets, and any other written documents which is the basis of your claim of loss of wages, loss of earning capacity, time lost from work, property damage, or other damages claimed by you.

RESPONSE:    Enclosed is a copy of ROFDW ARCHITECTS NEW OFFICES FOR BAHNMAN REALTY CHARGE NO. 1, and Paisano Construction, Co. General Ledger. Plaintiff will supplement with additional documentation as it becomes available.

3.  Please provide copies of all medical bills claimed incurred as a result of this accident.

RESPONSE:    Enclosed are copies of medical bills.

4.  Please provide an executed medical records authorization permitting the full disclosure of medical records pertaining to your health. A form is provided for you to sign and return with the responses to these requests for production.

RESPONSE:    Enclosed is the original, amended medical records authorization signed by Mr. Escudero.

5.    Please provide an executed release of employment records authorization. A form is provided for you to sign and return with the responses to these requests for production.

RESPONSE:    Enclosed is the original, amended release of employment records signed by Mr. Escudero.

6.    Please provide copies of all photographs, diagrams, schematics, sketches, police reports, reports and any other documents which reflect upon the facts of the subject incident or which depict the scene of the alleged incident or which depict any injuries or damage allegedly sustained.

RESPONSE:    Enclosed is the expert report of Dr. James W. Pugh, Ph.D. of Inter-City Testing & Consulting Corporation. Copies of photographs have already been produced.

7.    All media publications in your possession that relate to or reflect the incidents made the basis of this lawsuit, including, but not limited to, newspaper articles, magazine articles, audio tapes, video tapes, films, photographs, scripts or transcripts.

RESPONSE:    Plaintiff does not have any documents responsive to this request.

8.    Any personal diary, journal or daily log in which you regularly or had regularly recorded, transcribed or memorialized your experiences, injuries and damages regarding the accident.

RESPONSE:    Plaintiff does not have any documents responsive to this request.

PLAINTIFF'S RESPONSES TO BAUER CORPORATION D/B/A BAUER
LADDER CORPORATION'S REQUEST FOR PRODUCTION
PAGE - 4

9.   Please provide copies of all test results done by you or anyone under your control concerning the ladder involved in the occurrence.

RESPONSE:   Enclosed is the expert report of Dr. James W. Pugh, Ph.D. of Inter-City Testing & Consulting Corporation.

10.   Please provide copies of all test results and materials used in testing (or permit the inspection of test materials) or any exemplar or similar ladder done by you or persons under your control.

RESPONSE:   Enclosed is the expert report of Dr. James W. Pugh, Ph.D. of Inter-City Testing & Consulting Corporation.

11.   Please provide original copies of photographs of the ladder involved in the occurrence.

RESPONSE:   Original photographs were produced at the taking of Plaintiff's deposition.

12.   Please provide original copies of photographs of exemplar or similar ladders to be referred to by Plaintiff in the trial of this cause.

RESPONSE:   Plaintiff does not have any documents responsive to this request. A similar fiberglass ladder manufactured by Werner Ladder Co., is available for inspection.

13.   Please provide copies of all ANSI, Industry or other standards which Plaintiff contends Defendant violated or failed to meet in connection with the design, manufacture, marketing or labeling of the ladder which is the subject matter of the occurrence.

RESPONSE:   Plaintiff does not have any documents responsive to this request.

**PLAINTIFF'S RESPONSES TO BAUER CORPORATION D/B/A BAUER LADDER CORPORATION'S REQUEST FOR PRODUCTION**
**PAGE - 5**

14.   Please provide copies of literature plaintiff contends shows a safer alternative design of the ladder which is the subject matter of this occurrence.

RESPONSE:      Plaintiff does not have any documents responsive to this request.

15.   Please provide copies of labeling you content would have made the ladder involved in the occurrence safer.

RESPONSE:      Plaintiff does not have any documents responsive to this request.

16.   Please provide copies of all documents reflecting the ladder involved in the occurrence was defective cause by the manufacturing process which produced it.

RESPONSE:      Enclosed is a copy of the expert report of Dr. James W. Pugh, Ph.D. of Inter-City Testing & Consulting Corporation.

17.   Please provide copies of all documents reflecting the ladder involved in the occurrence was defective in its design.

RESPONSE:      Enclosed is a copy of the expert report of Dr. James W. Pugh, Ph.D. of Inter-City Testing & Consulting Corporation.

18.   Please provide copies of reports rendered by your experts reflecting the ladder was defectively manufactured, designed, marketed and labeled as you contend in your petition.

RESPONSE:      Enclosed is a copy of the expert report of Dr. James W. Pugh of Inter-City Testing & Consulting Corporation.

19.   Please provide copies of any exhibits, summaries, written support, opinions or other data reviewed, relied upon or looked at in connection with the opinion of your experts that the ladder involved in the occurrence was defective in manufacture, design and labeling.

RESPONSE:      Dr. Pugh reviewed the deposition transcripts of Plaintiff and Reymundo Medina, plaintiff's statement to St. Farm adjuster, Robert Becerra, plaintiff's medical records and photographs, and blueprints provided by Defendant. These items have already been produced. Dr. Pugh also examined a similar fiberglass ladder manufactured by Warner Ladder Co.

20.   Please provide copies of the CV and qualifications of your expert witnesses, including a list of all publications offered by the witnesses within the preceding ten years.

RESPONSE:      Enclosed is a copy of Dr. James W. Pugh's curriculum vitae.   Plaintiff does not have the medical doctor's curriculum vitae's.

21.   Please provide a list of any other case in which your expert witnesses concerning the allegation of defective manufacture, design, marketing and labeling have testified as an expert at trial or by deposition within the preceding four years.

RESPONSE:      Plaintiff does not have any documents responsive to this request.

COPY

Form **1040**  Department of the Treasury — Internal Revenue Service
**U.S. Individual Income Tax Return**  **1998**  (99)  IRS use only — Do not write or staple in this space.

OMB No. 1545-0074

For the year Jan 1-Dec 31, 1998, or other tax year beginning , 1998, ending , 19

| Label (See instructions.) | | |
|---|---|---|
| Your First Name  JOSE, JR | MI | Last Name  ESCUDERO |

**Your Social Security Number**  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

Use the IRS label. Otherwise, please print or type.

If a Joint Return, Spouse's First Name   MI   Last Name

**Spouse's Social Security Number**

Home Address (number and street). If You Have a P.O. Box, See Instructions.   Apartment No.

35107 ANACUA DR

▲ **Important!** ▲
You **must** enter your social security number(s) above.

City, Town or Post Office. If You Have a Foreign Address, See Instructions.   State   ZIP Code

LOS FRESNOS   TX   78566-4430

**Presidential Election Campaign** (See instructions.)

Yes No   Note: Checking 'Yes' will not change your tax or reduce your refund.

▶ Do you want $3 to go to this fund? ..   ...   ...   ...
If a joint return, does your spouse want $3 to go to this fund? ...   ...   ...

## Filing Status

Check only one box.

1  [X] Single
2  ☐ Married filing joint return (even if only one had income)
3  ☐ Married filing separate return. Enter spouse's SSN above & full name here ▶
4  ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here ... ▶
5  ☐ Qualifying widow(er) with dependent child (year spouse died ▶ 19 ) (See instructions.)

## Exemptions

6a [X] **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, **do not** check box 6a

b  ☐ **Spouse**

No. of boxes checked on 6a and 6b   **1**

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see instructions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If more than six dependents, see instructions.

No. of your children on 6c who:
● lived with you
● did not live with you due to divorce or separation (see instructions)

Dependents on 6c not entered above

d Total number of exemptions claimed ...   ...   ...   ...   ...   ...

Add numbers entered on lines above ▶   **1**

## Income

Attach Copy B of your Forms W-2, W-2G, and 1099-R here.

If you did not get a W-2, see instructions.

Enclose, but do not staple, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7 Wages, salaries, tips, etc. Attach Form(s) W-2 ...   ... | 7 | |
| 8a Taxable interest. Attach Schedule B if required | 8a | |
| b Tax-exempt interest. Do **not** include on line 8a ..... | 8b | |
| 9 Ordinary dividends. Attach Schedule B if required ...   ... | 9 | |
| 10 Taxable refunds, credits, or offsets of state and local income taxes (see instructions) . | 10 | |
| 11 Alimony received ...   ...   ...   ...   ...   ...   ... | 11 | |
| 12 Business income or (loss). Attach Schedule C or C-EZ ...   ... | 12 | 12,442. |
| 13 Capital gain or (loss). Attach Schedule D ...   ...   ... | 13 | |
| 14 Other gains or (losses). Attach Form 4797 ...   ...   ... | 14 | |
| 15a Total IRA distributions ..   15a   b Taxable amount (see instrs) | 15b | |
| 16a Total pensions & annuities   16a   b Taxable amount (see instrs) | 16b | |
| 17 Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -17,647. |
| 18 Farm income or (loss). Attach Schedule F   .   .   .   . | 18 | |
| 19 Unemployment compensation   .   .   .   .   .   . | 19 | |
| 20a Social security benefits   20a   b Taxable amount (see instrs) | 20b | |
| 21 Other income. List type & amount — see instrs | 21 | |
| 22 Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | -5,205. |

## Adjusted Gross Income

If line 33 is under $30,095 (under $10,030 if a child did not live with you), see EIC in the instructions.

| | | |
|---|---|---|
| 23 IRA deduction (see instructions) ...   ...   ...   ... | 23 | |
| 24 Student loan interest deduction (see instructions) ...   ... | 24 | |
| 25 Medical savings account deduction. Attach Form 8853 ...   ... | 25 | |
| 26 Moving expenses. Attach Form 3903 ...   ...   ... | 26 | |
| 27 One-half of self-employment tax. Attach Schedule SE ...   ... | 27 | |
| 28 Self-employed health insurance deduction (see instructions) ... | 28 | |
| 29 Keogh and self-employed SEP and SIMPLE plans ...   ... | 29 | |
| 30 Penalty on early withdrawal of savings ...   ...   ... | 30 | |
| 31a Alimony paid   b Recipient's SSN   ▶ | 31a | |
| 32 Add lines 23 through 31a ...   ...   ...   ...   ...   ... | 32 | |
| 33 Subtract line 32 from line 22. This is your **adjusted gross income** ...   ...   ▶ | 33 | -5,205. |

**BAA  For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions.**  Form 1040 (1998)

FDIA0112  11/02/98

Form **1040** (1998)   JOSE, JR ESCUDERO                                    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        Page **2**

| | | | |
|---|---|---|---|
| **Tax and Credits** | **34** Amount from line 33 (adjusted gross income) . . . . . . . . . . | **34** | -5,205. |

| | | |
|---|---|---|
| **35a** Check if:   **You** were 65/older,   Blind;   **Spouse** was 65/older,   Blind. Add the number of boxes checked above and enter the total here ▶ **35a** | | |
| **b** If you are married filing separately and your spouse itemizes deductions or you were a dual-status alien, see instructions and check here . . . . . . . . . . ▶ **35b** | | |

**Standard Deduction for Most People**

**Single:** $4,250

**Head of household:** $6,250

**Married filing jointly or Qualifying widow(er):** $7,100

**Married filing separately:** $3,550

| | | |
|---|---|---|
| **36** Enter the **larger** of your itemized deductions from Schedule A, line 28, **Or** standard deduction shown on the left. **But** see instructions to find your standard deduction if you checked any box on line 35a or 35b **or** if someone can claim you as a dependent . . . . . . . . . . . . . . . . . . . . . . . | **36** | 4,250. |
| **37** Subtract line 36 from line 34 . . . . . . . . . . . . . . . . . . . | **37** | -9,455. |
| **38** If line 34 is $93,400 or less, multiply $2,700 by the total number of exemptions claimed on line 6d. If line 34 is over $93,400, see the worksheet in the instructions for the amount to enter . . . . . . . . . | **38** | 2,700. |
| **39** **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- . . | **39** | 0. |
| **40** **Tax.** See instructions. Check if any tax from **a**   Form(s) 8814 **b**   Form 4972 . . . . ▶ | **40** | 0. |
| **41** Credit for child and dependent care expenses. Attach Form 2441 . . . . . . . . . | **41** | |
| **42** Credit for the elderly or the disabled. Attach Schedule R . . . . . . | **42** | |
| **43** Child tax credit (see instructions) . . . . . . . . . . . . . . | **43** | |
| **44** Education credits. Attach Form 8863 . . . . . . . . . . . | **44** | |
| **45** Adoption credit. Attach Form 8839 . . . . . . . . . . | **45** | |
| **46** Foreign tax credit. Attach Form 1116 if required . . . . . . . | **46** | |
| **47** Other. Check if from . . . **a**   Form 3800 **b**   Form 8396 **c**   Form 8801 **d**   Form (specify) | **47** | |
| **48** Add lines 41 through 47. These are your **total credits** . . . . . . . . . . | **48** | |
| **49** Subtract line 48 from line 40. If line 48 is more than line 40, enter -0- . . . . . . . ▶ | **49** | 0. |

| | | |
|---|---|---|
| **Other Taxes** | **50** Self-employment tax. Attach Schedule SE . . . . . . . . . . | **50** |
| | **51** Alternative minimum tax. Attach Form 6251 . . . . . . . . . . | **51** |
| | **52** Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 . . . . . . | **52** |
| | **53** Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required . . . . | **53** |
| | **54** Advance earned income credit payments from Form(s) W-2 . . . . . . | **54** |
| | **55** Household employment taxes. Attach Schedule H . . . . . . . . | **55** |
| | **56** Add lines 49-55 This is your **total tax** . . . . . . . . . . . . ▶ | **56** | 0. |

| | | | |
|---|---|---|---|
| **Payments** | **57** Federal income tax withheld from Forms W-2 and 1099 . . . | **57** | |
| | **58** 1998 estimated tax payments and amount applied from 1997 return . . . . . . | **58** | |
| **Attach Forms W-2 and W-2G to page 1. Also attach Form 1099-R if tax was withheld.** | **59a** Earned income credit. Attach Schedule EIC if you have a qualifying child. **b** Nontaxable earned income: amount . .   and type | **59a** | No |
| | **60** Additional child tax credit Attach Form 8812 . . . . . . | **60** | |
| | **61** Amount paid with Form 4868 (request for extension) . . . . | **61** | |
| | **62** Excess social security and RRTA tax withheld (see instrs) . . | **62** | |
| | **63** Other payments. Check if from . . . **a**   Form 2439 **b**   Form 4136 . . . . . . . . | **63** | |
| | **64** Add lines 57, 58, 59a, and 60 through 63. These are your **total payments** . . . . . . . . . . . . . . ▶ | **64** | |

| | | |
|---|---|---|
| **Refund** Have it directly deposited! See instructions and fill in 66b, 66c, and 66d. | **65** If line 64 is more than line 56, subtract line 56 from line 64. This is the amount you Overpaid . . | **65** |
| | **66a** Amount of line 65 you want **Refunded to You** . . . . . . . ▶ | **66a** |
| | ▶ **b** Routing number   ▶ **c** Type:   Checking   Savings | |
| | ▶ **d** Account number | |
| | **67** Amount of line 65 you want Applied to Your 1999 Estimated Tax . . . . ▶ | **67** |

| | | | |
|---|---|---|---|
| **Amount You Owe** | **68** If line 56 is more than line 64, subtract line 64 from line 56. This is the **Amount You Owe.** For details on how to pay, see instructions . . . . . . . . . ▶ | **68** | 0. |
| | **69** Estimated tax penalty. Also include on line 68 . . . . . | **69** | |

**Sign Here**

Joint return? See instructions

Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your Signature ▶ | Date | Your Occupation SELF EMP | Daytime Telephone Number (optional) |
|---|---|---|---|
| Spouse's Signature  If a Joint Return, Both Must Sign. ▶ | Date | Spouse's Occupation | |

| | | | | |
|---|---|---|---|---|
| **Paid Preparer's Use Only** | Preparer's Signature ▶ | Date 09/30/99 | Check if self-employed X | Preparer's Social Security No. 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 |
| | Firm's Name (or yours if self-employed) and Address ▶ | JEC BUSINESS CONSULTING CO. 312 N CAGE PHARR                          TX | | EIN 74-2845115 ZIP Code 78577 |

FDIA0112  11/11/98                                                                 Form **1040** (1998)

| Schedule C<br>(Form 1040)<br><br>Department of the Treasury<br>Internal Revenue Service  (99) | Profit or Loss from Business<br>(Sole Proprietorship)<br>► Partnerships, joint ventures, etc., must file Form 1065 or Form 1065-B.<br>► Attach to Form 1040 or Form 1041.   ► See instructions for Schedule C (Form 1040). | OMB No. 1545-0074<br>**1998**<br>09 |
|---|---|---|

| Name of Proprietor | Social Security Number (SSN) |
|---|---|
| JOSE, JR ESCUDERO | 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 |

| A | Principal Business or Profession, Including Product or Service (see instructions) | B | Enter New Code from Instructions |
|---|---|---|---|
|  | CONSTRUCTION |  | ► 999999 |

| C | Business Name. If No Separate Business Name, Leave Blank | D | Employer ID Number (EIN), If Any |
|---|---|---|---|

E  Business Address (include suite or room no.) ► 35107 ANACUA DR
   City, Town or Post Office, State, & ZIP Code   LOS FRESNOS , TX 78566-4430

F  Accounting method:   (1) X Cash   (2) ☐ Accrual   (3) ☐ Other (specify) ► _____

G  Did you 'materially participate' in the operation of this business during 1998? If 'No,' see instructions for limit on losses .... |X| **Yes** ☐ **No**

H  If you started or acquired this business during 1998, check here ........................... ► ☐

## Part I  Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. **Caution:** *If this income was reported to you on Form W-2 and the 'Statutory employee' box on that form was checked, see the instructions and check here*  ► ☐ | 1 | 12,442. |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 12,442. |
| 4 | Cost of goods sold (from line 42 on page 2) | 4 | |
| 5 | **Gross profit.** Subtract line 4 from line 3 | 5 | 12,442. |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund | 6 | |
| 7 | **Gross income.** Add lines 5 and 6 .............................. ► | 7 | 12,442. |

## Part II  Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | |
|---|---|---|---|---|---|
| 8 | Advertising | 8 | 19 Pension and profit-sharing plans | 19 | |
| 9 | Bad debts from sales or services (see instructions) | 9 | 20 Rent or lease (see instructions)<br>a Vehicles, machinery, and equipment | 20a | |
| 10 | Car and truck expenses (see instrs) | 10 | b Other business property | 20b | |
| 11 | Commissions and fees | 11 | 21 Repairs and maintenance | 21 | |
| 12 | Depletion | 12 | 22 Supplies (not included in Part III) | 22 | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) | 13 | 23 Taxes and licenses<br>24 Travel, meals, and entertainment<br>a Travel | 23<br><br>24a | |
| 14 | Employee benefit programs (other than on line 19) | 14 | b Meals and entertainment<br>c Enter 50% of line 24b subject to limitations (see instructions) | | |
| 15 | Insurance (other than health) | 15 | | | |
| 16 | Interest.<br>a Mortgage (paid to banks, etc)<br>b Other | 16a<br>16b | d Subtract line 24c from line 24b<br>25 Utilities | 24d<br>25 | |
| 17 | Legal & professional services | 17 | 26 Wages (less employment credits) | 26 | |
| 18 | Office expense | 18 | 27 Other expenses (from line 48 on page 2) | 27 | |

| | | | |
|---|---|---|---|
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27 in columns ........ ► | 28 | |
| 29 | Tentative profit (loss). Subtract line 28 from line 7  ............. | 29 | 12,442. |
| 30 | Expenses for business use of your home. Attach Form 8829 . | 30 | |

31 **Net profit or (loss).** Subtract line 30 from line 29.
  • If a profit, enter on **Form 1040, line 12,** and **also on Schedule SE, line 2** (statutory employees, see instructions). Estates and trusts, enter on Form 1041, line 3.

  • If a loss, you **must** go on to line 32.                                                                | 31 | 12,442. |

32 If you have a loss, check the box that describes your investment in this activity (see instructions).
  • If you checked 32a, enter the loss on **Form 1040, line 12,** and also on **Schedule SE, line 2** (statutory employees, see instructions). Estates and trusts, enter on Form 1041, line 3.
  • If you checked 32b, you **must** attach Form 6198.

32a ☐ All investment is at risk.
32b ☐ Some investment is not at risk.

BAA  For Paperwork Reduction Act Notice, see Form 1040 instructions.                     Schedule C (Form 1040) 1998

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 38 of 140

**Part III | Cost of Goods Sold** (See instructions)

33  Method(s) used to value closing inventory:  **a** ☐ Cost  **b** ☐ Lower of cost or market  **c** ☐ Other (attach explanation)

34  Was there any change in determining quantities, costs, or valuations between opening and closing inventory?
If 'Yes,' attach explanation ........................................................................... ☐ Yes ☐ No

| | | |
|---|---|---|
| 35  Inventory at beginning of year. If different from last year's closing inventory, attach explanation | 35 | |
| 36  Purchases less cost of items withdrawn for personal use | 36 | |
| 37  Cost of labor. Do not include any amounts paid to yourself | 37 | |
| 38  Materials and supplies | 38 | |
| 39  Other costs | 39 | |
| 40  Add lines 35 through 39 | 40 | |
| 41  Inventory at end of year | 41 | |
| 42  **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on page 1, line 4 | 42 | |

**Part IV | Information on Your Vehicle.** Complete this part Only if you are claiming car or truck expenses on line 10 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file.

43  When did you place your vehicle in service for business purposes? (month, day, year)  ▸ _ _ _ _ _ _ _ _ _ _

44  Of the total number of miles you drove your vehicle during 1998, enter the number of miles you used your vehicle for:
a Business _ _ _ _ _ _ _ _ _   b Commuting _ _ _ _ _ _ _ _ _   c Other _ _ _ _ _ _ _ _ _

45  Do you (or your spouse) have another vehicle available for personal use? ........... ☐ Yes ☐ No

46  Was your vehicle available for use during off-duty hours? ........... ☐ Yes ☐ No

47 a Do you have evidence to support your deduction? ........... ☐ Yes ☐ No

b If 'Yes,' is the evidence written? ........... ☐ Yes ☐ No

**Part V | Other Expenses.** List below business expenses not included on lines 8 - 26 or line 30.

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| 48  **Total other expenses.** Enter here and on page 1, line 27 | 48 |

Schedule E (Form 1040) 1998 **13** Page 2

| Name(s) Shown on Return. Do Not Enter Name and Social Security Number if Shown on Page 1. | Your Social Security Number |
|---|---|
| JOSE, JR ESCUDERO | 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 |

**Note:** *If you report amounts from farming or fishing on Schedule E, you must enter your gross income from those activities on line 41 below. Real estate professionals must complete line 42 below.*

## Part II  Income or Loss from Partnerships and S Corporations

**Note:** *If you report a loss from an at-risk activity, you must check either column (e) or (f) on line 27 to describe your investment in the activity. See instructions. If you check column (f), you must attach Form 6198.*

| 27 | (a) Name | (b) Enter P for partnership, S for S Corporation | (c) Check if foreign partnership | (d) Employer identification number | (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | PAISANO CONTR CO | P | | 74-2865754 | X | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
|---|---|---|---|---|---|
| A | | | 17,647. | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 28a Totals | | | | | |
| b Totals | | | 17,647. | | |

| 29 | Add columns (h) and (k) of line 28a | | | 29 | |
| 30 | Add columns (g), (i), and (j) of line 28b | | | 30 | -17,647. |
| 31 | Total partnership and S corporation income or (loss). Combine lines 29 and 30. Enter the result here and include in the total on line 40 below | | | 31 | -17,647. |

## Part III  Income or Loss from Estates and Trusts

| 32 | (a) Name | (b) Employer ID no. |
|---|---|---|
| A | | |
| B | | |

| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| 34 | Add columns (d) and (f) of line 33a | | | 34 | |
| 35 | Add columns (c) and (e) of line 33b | | | 35 | |
| 36 | Total estate and trust income or (loss). Combine lines 34 and 35. Enter the result here and include in the total on line 40 below | | | 36 | |

## Part IV  Income or Loss from Real Estate Mortgage Investment Conduits (REMICs) — Residual Holder

| 37 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

| 38 | Combine columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 | |

## Part V  Summary

| 39 | Net farm rental income or (loss) from Form 4835. Also, complete line 41 below | 39 | |
| 40 | Total income or (loss). Combine lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 17 | 40 | -17,647. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), line 15b; Schedule K-1 (Form 1120S), line 23; and Schedule K-1 (Form 1041), line 14 (see instructions) | 41 | |
| 42 | Reconciliation for Real Estate Professionals. If you were a real estate professional (see instructions), enter the net income or (loss) you reported anywhere on Form 1040 from all rental real estate activities in which you materially participated under the passive activity loss rules | 42 | |

FDIZ2302  06/30/98

Form **1065**

Department of the Treasury Internal Revenue Service

## U.S. Partnership Return of Income   **1998**

➤ See separate instructions.

IRS use only — Do not write or staple in this space.

**For calendar year 1998, or tax year beginning** _____ , 1998, & ending _____ , 19 ____ .    OMB No.1545-0099

| A  Principal Business Activity | Use the IRS label. Otherwise please print or type. | Name of Partnership | D  Employer ID Number |
|---|---|---|---|
| CONSTRUCTION | | PAISANO CONSTRUCTION CO | 74-2865754 |
| B  Principal Product or Service | | Number, Street, and Room or Suite No. If a P.O. box, see instructions. | E  Date Business Started |
| RESIDENTIAL | | 216 N TEXAS | 01/01/98 |
| C  New Business Code Number (see instructions) 233300 | | City or Town: MERCEDES    State TX    ZIP Code 78570 | F  Total Assets (see instr) $ 65,852. |

G  Check applicable boxes:  (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Change in address  (4) X Amended return

H  Check accounting method:  (1) X Cash  (2) ☐ Accrual  (3) ☐ Other (specify) ➤ _____

I  Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year . . . . . . . . . . . . . ➤   3

**Caution:** *Include only trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.*

<table>
<tr><td rowspan="22">I N C O M E     S E E   I N S T R U C T I O N S   F O R   L I M I T A T I O N S    D E D U C T I O N S</td></tr>
</table>

|  | | | |
|---|---|---|---|
| 1a Gross receipts or sales | 1a | 554,526. | |
| b Less returns and allowances | 1b | | |
| | | 1c | 554,526. |
| 2 Cost of goods sold (Schedule A, line 8) | | 2 | 548,978. |
| 3 Gross profit. Subtract line 2 from line 1c | | 3 | 5,548. |
| 4 Ordinary income (loss) from other partnerships, estates, and trusts *(attach schedule)* | | 4 | |
| 5 Net farm profit (loss) *(attach Schedule F (Form 1040))* | | 5 | |
| 6 Net gain (loss) from Form 4797, Part II, line 18 | | 6 | |
| 7 Other income (loss) *(attach schedule)* | | 7 | |
| 8 **Total income (loss)**. Combine lines 3 through 7 | | 8 | 5,548. |
| 9 Salaries and wages (other than to partners) (less employment credits) | | 9 | |
| 10 Guaranteed payments to partners | | 10 | |
| 11 Repairs and maintenance | | 11 | |
| 12 Bad debts | | 12 | 5,066. |
| 13 Rent | | 13 | |
| 14 Taxes and licenses | | 14 | |
| 15 Interest | | 15 | |
| 16a Depreciation (if required, attach Form 4562) | 16a | 3,329. | |
| b Less depreciation reported on Schedule A & elsewhere on return | 16b | | 16c | 3,329. |
| 17 Depletion (**Do not deduct oil and gas depletion.**) | | 17 | |
| 18 Retirement plans, etc | | 18 | |
| 19 Employee benefit programs | | 19 | |
| 20 Other deductions *(attach schedule)* . . . . . See Other deductions | | 20 | 49,056. |
| 21 **Total deductions**. Add the amounts shown in the far right column for lines 9 through 20 | | 21 | 57,451. |
| 22 **Ordinary income (loss)** from trade or business activities. Subtract line 21 from line 8 | | 22 | -51,903. |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member) is based on all information of which preparer has any knowledge

➤ _____    ➤ _____
Signature of General Partner or Limited Liability Company Member    Date

| **Paid Preparer's Use Only** | Preparer's Signature ➤ | Date 09/30/99 | Check if self-employed ☐ X | Preparer's Social Security Number 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 |
|---|---|---|---|---|
| | Firm's Name (or yours if self-employed) and address ➤ | JEC BUSINESS CONSULTING CO. | EIN ➤ 74-2845115 | |
| | | 312 N CAGE    PHARR    TX | ZIP Code ➤ 78577 | |

BAA  For Paperwork Reduction Act Notice, see separate instructions.    Form **1065** (1998)

PTPA0112   02/19/99

orm **1065** (1998)  PAISANO CONSTRUCTION CO                                74-2865754          Page 2

## Schedule A   Cost of Goods Sold

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year | 1 | 0. |
| 2 | Purchases less cost of items withdrawn for personal use | 2 | 295,002. |
| 3 | Cost of labor | 3 | 207,894. |
| 4 | Additional section 263A costs *(attach schedule)* .... COMMISSION PAID | 4 | 46,082. |
| 5 | Other costs *(attach schedule)* | 5 | |
| 6 | **Total.** Add lines 1 through 5 | 6 | 548,978. |
| 7 | Inventory at end of year | 7 | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | 8 | 548,978. |

9a Check all methods used for valuing closing inventory:
   (i)    Cost as described in Regulations section 1.471-3
   (ii)    Lower of cost or market as described in Regulations section 1.471-4
   (iii)    Other (specify method used and attach explanation)   ▶
  b Check this box if there was a writedown of 'subnormal' goods as described in Regulations section 1.471-2(c) ▶ ☐
  c Check this box if the LIFO inventory method was adopted this tax year for any goods *(if checked, attach Form 970)* ▶ ☐
  d Do the rules of section 263A (for property produced or acquired for resale) apply to the partnership?   Yes ☐   No X
  e Was there any change in determining quantities, cost, or valuations between opening and closing inventory?   Yes ☐   No X
    If 'yes', attach explanation.

## Schedule B   Other Information

| | | Yes | No |
|---|---|:---:|:---:|
| 1 | What type of entity is filing this return? Check the applicable box: | | |
| | a ☒ General partnership   b ☐ Limited partnership   c ☐ Limited liability company   d ☐ Limited liability partnership | | |
| | e ☐ Other ▶ | | |
| 2 | Are any partners in this partnership also partnerships? | X | |
| 3 | Is this partnership a partner in another partnership? | | X |
| 4 | Is this partnership subject to the consolidated audit procedures of sections 6221 through 6233? If 'Yes,' see **Designation of Tax Matters Partner** below | | X |
| 5 | Does this partnership meet **All Three** of the following requirements: | | |
| | a The partnership's total receipts for the tax year were less than $250,000, | | |
| | b The partnership's total assets at the end of the tax year were less than $600,000; **and** | | |
| | c Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| | If 'Yes,' the partnership is not required to complete Schedules L, M-1, and M-2; item F on page 1 of Form 1065, or item J on Schedule K-1 | | X |
| 6 | Does this partnership have any foreign partners? | | X |
| 7 | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? | | X |
| 8 | Has this partnership filed, or is it required to file, **Form 8264,** Application for Registration of a Tax Shelter? | | X |
| 9 | At any time during calendar year 1998, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for Form TD F 90-22 1. If 'Yes,' enter the name of the foreign country. ▶ | | X |
| 10 | During the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If 'Yes,' the partnership may have to file Form 3520. See instructions | | X |
| 11 | Was there a distribution of property or a transfer (e.g., by sale or death) of a partnership interest during the tax year? If 'Yes,' you may elect to adjust the basis of the partnership's assets under section 754 by attaching the statement described in the instructions under **Elections Made by the Partnership** | | X |

## Designation of Tax Matters Partner

Enter below the general partner designated as the tax matters partner (TMP) for the tax year of this return:

Name of
Designated TMP ▶ _____   Identifying Number of TMP ▶ _____

Address of
Designated TMP ▶ _____

**BAA**                                PTPA0112  12/01/98

Form 1065 (1998)     PAISANO CONSTRUCTION CO                                74-2865754          Page 3

## Schedule K   Partners' Shares of Income, Credits, Deductions, etc

| | (a) Distributive share items | | | (b) Total amount |
|---|---|---|---|---|
| **Income (Loss)** | 1   Ordinary income (loss) from trade or business activities (page 1, line 22) | | 1 | -51,903. |
| | 2   Net income (loss) from rental real estate activities *(attach Form 8825)* | | 2 | |
| | 3a  Gross income from other rental activities | 3a | | |
| | b Expenses from other rental activities *(attach schedule)* | 3b | | |
| | c Net income (loss) from other rental activities. Subtract line 3b from line 3a | | 3c | |
| | 4   Portfolio income (loss): | | | |
| | a Interest income | | 4a | |
| | b Dividend income | | 4b | |
| | c Royalty income | | 4c | |
| | d Net short-term capital gain (loss) *(attach Schedule D (Form 1065))* | | 4d | |
| | e Net long-term capital gain (loss) *(attach Schedule D (Form 1065))*: | | | |
| | (1) 28% rate gain (loss) ▸ _ _ _ _ _ _ _ _ _ (2) Total for year ▸ | | 4e (2) | |
| | f Other portfolio income (loss) *(attach schedule)* | | 4f | |
| | 5   Guaranteed payments to partners | | 5 | |
| | 6   Net Section 1231 gain (loss) (other than due to casualty or theft) *(attach Form 4797)* | | 6 | |
| | 7   Other income (loss) | | 7 | |
| **Deductions** | 8   Charitable contributions *(attach schedule)* | | 8 | |
| | 9   Section 179 expense deduction *(attach Form 4562)* | | 9 | |
| | 10  Deductions related to portfolio income (itemize) | | 10 | |
| | 11  Other deductions | | 11 | |
| **Credits** | 12a Low-income housing credit | | | |
| | (1) From partnerships to which Section 42(j)(5) applies for property placed in service before 1990 | | 12a (1) | |
| | (2) Other than on line 12a(1) for property placed in service before 1990 | | 12a (2) | |
| | (3) From partnerships to which Section 42(j)(5) applies for property placed in service after 1989 | | 12a (3) | |
| | (4) Other than on line 12a(3) for property placed in service after 1989 | | 12a (4) | |
| | b Qualified rehabilitation expenditures related to rental real estate activities *(attach Form 3468)* | | 12b | |
| | c Credits (other than credits shown on lines 12a and 12b) related to rental real estate activities | | 12c | |
| | d Credits related to other rental activities | | 12d | |
| | 13  Other credits | | 13 | |
| **Investment Interest** | 14a Interest expense on investment debts | | 14a | |
| | b(1) Investment income included on lines 4a, 4b, 4c, and 4f above | | 14b (1) | |
| | (2) Investment expenses included on line 10 above | | 14b (2) | |
| **Self-Employment** | 15a Net earnings (loss) from self-employment | | 15a | -34,775. |
| | b Gross farming or fishing income | | 15b | |
| | c Gross nonfarm income | | 15c | 5,548. |
| **Adjustments and Tax Preference Items** | 16a Depreciation adjustment on property placed in service after 1986 | | 16a | |
| | b Adjusted gain or loss | | 16b | |
| | c Depletion (other than oil and gas) | | 16c | |
| | d (1) Gross income from oil, gas, and geothermal properties | | 16d (1) | |
| | (2) Deductions allocable to oil, gas, and geothermal properties | | 16d (2) | |
| | e Other adjmnts & tax pref items | | 16e | |
| **Foreign Taxes** | 17a Type of income ▸ | | | |
| | b Name of foreign country or U.S. possession ▸ | | | |
| | c Total gross income from sources outside the United States *(attach schedule)* | | 17c | |
| | d Total applicable deductions and losses *(attach schedule)* | | 17d | |
| | e Total foreign taxes (check one) ▸   Paid ☐   Accrued ☐ | | 17e | |
| | f Reduction in taxes available for credit *(attach schedule)* | | 17f | |
| | g Other foreign tax information *(attach schedule)* | | 17g | |
| **Other** | 18  Section 59(e)(2) expenditures:  a Type ▸ _ _ _ _ _ _ _ _ _ b Amount ▸ | | 18b | |
| | 19  Tax-exempt interest income | | 19 | |
| | 20  Other tax-exempt income | | 20 | |
| | 21  Nondeductible expenses | | 21 | |
| | 22  Distributions of money (cash and marketable securities) | | 22 | |
| | 23  Distributions of property other than money | | 23 | |
| | 24  Other items and amounts required to be reported separately to partners *(attach schedule)* | | 24 | |

Form **1065** (1998)  PAISANO CONSTRUCTION CO                                    74-2865754                    Page **4**

## Analysis of Net Income (Loss)

| 1 | Net income (loss). Combine Schedule K, lines 1 through 7 in column (b). From the result, subtract the sum of Schedule K, lines 8 through 11, 14a, 17e, and 18b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 | -51,903. |
|---|---|---|---|

| 2 Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|
| a General partners | | | | -34,775. | | |
| b Limited partners | | | | -17,128. | | |

## Schedule L   Balance Sheets per Books (Not required if question 5 on Schedule B is answered 'Yes')

| Assets | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|
| | (a) | (b) | (c) | (d) |
| 1 Cash . . . . . . | | | | -4,934. |
| 2a Trade notes and accounts receivable | | | | |
| b Less allowance for bad debts | | | | |
| 3 Inventories . . . . | | 0. | | |
| 4 U.S. government obligations | | | | |
| 5 Tax-exempt securities | | | | |
| 6 Other current assets (attach schedule) | | | | |
| 7 Mortgage and real estate loans | | | | |
| 8 Other investments (attach schedule) | | | | |
| 9a Buildings and other depreciable assets | 13,900. | | 19,416. | |
| b Less accumulated depreciation | | 13,900. | 3,324. | 16,092. |
| 10a Depletable assets | | | | |
| b Less accumulated depletion | | | | |
| 11 Land (net of any amortization) | | | | 50,000. |
| 12a Intangible assets (amortizable only) | | | | |
| b Less accumulated amortization | | | | |
| 13 Other assets (attach schedule) | | | | 4,694. |
| 14 Total assets . . | | 13,900. | | 65,852. |
| Liabilities and Capital | | | | |
| 15 Accounts payable . . | | | | 63,855. |
| 16 Mortgages, notes, bonds payable in less than 1 year | | | | 40,000. |
| 17 Other current liabilities (attach sch) | | | | |
| 18 All nonrecourse loans | | | | |
| 19 Mortgages, notes, bonds payable in 1 year or more | | | | |
| 20 Other liabilities (attach schedule) | | | | |
| 21 Partners' capital accounts | | 13,900. | | -38,003. |
| 22 Total liabilities and capital | | 13,900. | | 65,852. |

## Schedule M-1   Reconciliation of Income (Loss) per Books With Income (Loss) per Return
(Not required if question 5 on Schedule B is answered 'Yes.' See instructions.)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Net income (loss) per books | -51,903. | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 7 (itemize): | | |
| 2 | Income included on Schedule K, lines 1 through 4, 6, and 7, not recorded on books this year (itemize): | | a | Tax-exempt interest    $ _ _ _ _ _ _ _ | | |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | |
| 3 | Guaranteed pmts (other than health insurance) | | 7 | Deductions included on Schedule K, lines 1 through 11, 14a, 17e, and 18b, not charged against book income this year (itemize): | | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 11, 14a, 17e, and 18b (itemize): | | a | Depreciation    $ _ _ _ _ _ _ _ | | |
| a | Depreciation . . $ _ _ _ _ _ | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | |
| b | Travel and entertainment    $ _ _ _ _ _ | | 8 | Add lines 6 and 7 | | |
| | | | 9 | Income (loss) (Analysis of net income (loss), line 1). Subtract line 8 from line 5 | | -51,903. |
| 5 | Add lines 1 through 4 | -51,903. | | | | |

## Schedule M-2   Analysis of Partners' Capital Accounts (Not required if question 5 on Schedule B is answered 'Yes.')

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Balance at beginning of year | 13,900. | 6 | Distributions: a Cash | | |
| 2 | Capital contributed during year | | | b Property | | |
| 3 | Net income (loss) per books | -51,903. | 7 | Other decreases (itemize): _ _ _ _ _ _ _ | | |
| 4 | Other increases (itemize): | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | 8 | Add lines 6 and 7 . . | | |
| 5 | Add lines 1 through 4 | -38,003. | 9 | Balance at end of year. Subtract line 8 from line 5 | | -38,003. |

PTPA0134  09/23/98

PAISANO CONSTRUCTION CO   4-2865754

Form 1065, Line 20
**Other deductions**

1

| | |
|---|---:|
| ARCHITECTURE | |
| ENGINEERING | |
| EQUIP RENTAL | |
| SURVEY | 12,030. |
| FUMIGATION | 5,000. |
| WELDING | 19,882. |
| INSURANCE | 200. |
| PERMITS | 196. |
| OFFICE SUPPLIES | 1,220. |
| GASOLINE | 500. |
| ADVERTISEMENT | 120. |
| TELEPHONE | 1,022. |
| ELECTR | 50. |
| FEES | 400. |
| WATER | 4,982. |
| BANK CHARGE FEES | 610. |
| OTHER | 250. |
| | 301. |
| Total | 251. |
| | 2,042. |
| | 49,056. |

# Schedule K-1
**(Form 1065)**

Department of the Treasury
Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, Etc

For calendar year 1998 or tax year
beginning _____ , 1998, and ending _____ , 19 ___

OMB No. 1545-0099

# 1998

Partner's identifying number ▶ 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 | Partnership's identifying number ▶ 74-2865754

Partner's Name, Address, and ZIP Code

JOSE ESCUDERO
216 N TEXAS

MERCEDES, TX 78570

Partnership's Name, Address, and ZIP Code

PAISANO CONSTRUCTION CO
216 N TEXAS
MERCEDES, TX 78570

**A** This partner is a [ ] general partner [X] limited partner
[ ] limited liability company member

**B** What type of entity is this partner? ... ▶ PARTNERSHIP

**C** Is this partner a [X] domestic or a [ ] foreign partner?

**D** Enter partner's % of:

|  | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | 33.00000 % | 33.00000 % |
| Loss sharing | 33.00000 % | 33.00000 % |
| Ownership of capital | 33.00000 % | 33.00000 % |

**E** IRS Center where partnership filed return: AUSTIN, TX

**F** Partner's share of liabilities:
Nonrecourse ................... $ _____
Qualified nonrecourse financing ......... $ _____ 13,200.
Other ......................... $ _____

**G** Tax shelter registration number . ▶ _____

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ..................... [ ]

**I** Check applicable boxes: (1) [ ] Final K-1 (2) [X] Amended K-1

**J** Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 4,633. |  | -17,128. |  | -12,495. |

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| **Income (Loss)** | 1 Ordinary income (loss) from trade or business activities .......... | 1 | -17,128. | See Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 Net income (loss) from rental real estate activities ............... | 2 | | |
| | 3 Net income (loss) from other rental activities ............... | 3 | | |
| | 4 Portfolio income (loss): | | | |
| | a Interest ................................ | 4a | | Schedule B, Part I, line 1 |
| | b Ordinary dividends ........................ | 4b | | Schedule B, Part II, line 5 |
| | c Royalties ............................... | 4c | | Schedule E, Part I, line 4 |
| | d Net short-term capital gain (loss) ............... | 4d | | Schedule D, line 5, column (f) |
| | e Net long-term capital gain (loss): | | | |
| | (1) 28% rate gain (loss) ..................... | e(1) | | Schedule D, line 12, column (g) |
| | (2) Total for year ........................ | e(2) | | Schedule D, line 12, column (f) |
| | f Other portfolio income (loss) *(attach schedule)* ............... | 4f | | Enter on applicable ln of your return |
| | 5 Guaranteed payments to partner ............... | 5 | | See Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 Net section 1231 gain (loss) (other than due to casualty or theft) ............................... | 6 | | |
| | 7 Other income (loss) *(attach schedule)* ............... | 7 | | Enter on applicable ln of your return |
| **Deductions** | 8 Charitable contributions *(attach schedule)* ............... | 8 | | Schedule A, line 15 or 16 |
| | 9 Section 179 expense deduction ............... | 9 | | See Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 Deductions related to portfolio income *(attach schedule)* ............... | 10 | | |
| | 11 Other deductions *(attach schedule)* ............... | 11 | | |
| **Credits** | 12a Low-income housing credit: | | | |
| | (1) From section 42(j)(5) p'ships for property placed in service before 1990 ...... | a(1) | | Form 8586, line 5 |
| | (2) Other than on line 12a(1) for property placed in service before 1990 ......... | a(2) | | |
| | (3) From section 42(j)(5) partnerships for property placed in service after 1989 ... | a(3) | | |
| | (4) Other than on line 12a(3) for property placed in service after 1989 ...... | a(4) | | |
| | b Qualified rehabilitation expenditures related to rental real estate activities ............... | 12b | | See Partner's Instructions for Schedule K-1 (Form 1065). |
| | c Credits (other than credits shown on lines 12a and 12b) related to rental real estate activities ............... | 12c | | |
| | d Credits related to other rental activities ............... | 12d | | |
| | 13 Other credits ............................... | 13 | | |

**BAA** For Paperwork Reduction Act Notice, see instructions for Form 1065.

Schedule **K-1** (Form 1065) 1998

Schedule K-1 (Form 1065) 1998 ERNES\_ ~ ESCUDERO                 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      Page 2

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| Invest-ment Interest | 14a Interest expense on investment debts | 14a | | Form 4952, line 1 |
| | b (1) Investment income included on lines 4a, 4b, 4c, and 4f | b(1) | | See Partner's Instructions for Schedule K-1 (Form 1065). |
| | (2) Investment expenses included on line 10 | b(2) | | |
| Self-employ-ment | 15a Net earnings (loss) from self-employment | 15a | -17,128. | Schedule SE, Section A or B |
| | b Gross farming or fishing income | 15b | | See Partner's Instructions for Schedule K-1 (Form 1065). |
| | c Gross nonfarm income | 15c | 1,831. | |
| Adjust-ments and Tax Pref-erence Items | 16a Depreciation adjustment on property placed in service after 1986 | 16a | | See Partner's Instructions for Schedule K-1 (Form 1065) and instructions for Form 6251. |
| | b Adjusted gain or loss | 16b | | |
| | c Depletion (other than oil and gas) | 16c | | |
| | d (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e Other adjustments & tax preference items (attach schedule) | 16e | | |
| Foreign Taxes | 17a Type of income ► | | | Form 1116, check boxes |
| | b Name of foreign country or possession ..... ► | | | |
| | c Total gross income from sources outside the United States (attach schedule) | 17c | | Form 1116, Part I |
| | d Total applicable deductions and losses (attach schedule) | 17d | | |
| | e Total foreign taxes (check one): ► ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g Other foreign tax information (attach schedule) | 17g | | See instructions for Form 1116. |
| Other | 18a Section 59(e)(2) expenditures: a Type ► | | | See Partner's Instructions for Schedule K-1 (Form 1065). |
| | b Amount | 18b | | |
| | 19 Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 Other tax-exempt income | 20 | | See Partner's Instructions for Schedule K-1 (Form 1065). |
| | 21 Nondeductible expenses | 21 | | |
| | 22 Distributions of money (cash and marketable securities) | 22 | | |
| | 23 Distributions of property other than money | 23 | | |
| | 24 Recapture of low-income housing credit: | | | |
| | a From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b Other than on line 24a | 24b | | |
| Supple-mental Inform-ation | 25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed): | | | |

Bob Peaster                          95  383-9887              P. 4

**Form 1120**  Department of the Treasury Internal Revenue Service
**U.S. Corporation Income Tax Return  1999**

▶ Instructions are separate. See instructions for Paperwork Reduction Act Notice.   IRS use only — Do not write or staple in this space.

For calendar year 1999 or tax year beginning _____ , 1999, ending _____   OMB No. 1545-0123

| A Check if a: | | | Name | | B Employer Identification Number |
|---|---|---|---|---|---|
| 1 Consolidated return (attach Form 851) | ☐ | Use IRS label. Otherwise, please print or type. | E & E BUILDERS AND DEVELOPMENT CO., INC. | | 74-2926649 |
| 2 Personal holding company (attach Schedule PH) | ☐ | | Number, Street and Room or Suite Number (If a P.O. box, see instructions.) | | C Date Incorporated |
| 3 Personal service corp (as defined in Temp Regs Section 1.441-4T — see instructions) | ☐ | | 216 N TEXAS AVE | | 01/01/99 |
| | | | City or Town           State   ZIP Code | | D Total Assets (see instructions) |
| | | | MERCEDES           TX   78570 | | |
| E Check applicable boxes: | | (1) ☒ Initial return | (2) ☐ Final return | (3) ☐ Change of address | $ 109,495. |

| | | | | | |
|---|---|---|---|---|---|
| I N C O M E | 1a Gross receipts or sales | 1,116,029. | b Less returns & allowances | c Balance | 1c | 1,116,029. |
| | 2 Cost of goods sold (Schedule A, line 9) | | | | 2 | 1,021,206. |
| | 3 Gross profit. Subtract line 2 from line 1c | | | | 3 | 94,823. |
| | 4 Dividends (Schedule C, line 19) | | | | 4 | |
| | 5 Interest | | | | 5 | 37. |
| | 6 Gross rents | | | | 6 | |
| | 7 Gross royalties | | | | 7 | |
| | 8 Capital gain net income (attach Schedule D (Form 1120)) | | | | 8 | |
| | 9 Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | | | | 9 | |
| | 10 Other income (see instructions — attach schedule) | | | | 10 | |
| | 11 **Total income.** Add lines 3 through 10 | | | ▶ | 11 | 94,860. |

| D E D U C T I O N S (SEE INSTRUCTIONS FOR LIMITATIONS ON DEDUCTIONS) | 12 Compensation of officers (Schedule E, line 4) | | 12 | 0. |
|---|---|---|---|---|
| | 13 Salaries and wages (less employment credits) | | 13 | |
| | 14 Repairs and maintenance | | 14 | |
| | 15 Bad debts | | 15 | |
| | 16 Rents | | 16 | |
| | 17 Taxes and licenses | | 17 | |
| | 18 Interest | | 18 | |
| | 19 Charitable contributions (see instructions for 10% limitation) | | 19 | |
| | 20 Depreciation (attach Form 4562) | 20 | 34,734. | |
| | 21 Less depreciation claimed on Schedule A and elsewhere on return | 21a | | 21b | 34,734. |
| | 22 Depletion | | 22 | |
| | 23 Advertising | | 23 | |
| | 24 Pension, profit-sharing, etc. plans | | 24 | |
| | 25 Employee benefit programs | | 25 | |
| | 26 Other deductions (attach schedule) See Other Deductions Statement | | 26 | 59,531. |
| | 27 **Total deductions.** Add lines 12 through 26 | | ▶ 27 | 94,265. |
| | 28 Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | 28 | 595. |
| | 29 **Less:**  a Net operating loss (NOL) deduction (see instructions) | 29a | | |
| | b Special deductions (Schedule C, line 20) | 29b | | 29c | |

| T A X   A N D   P A Y M E N T S | 30 **Taxable income.** Subtract line 29c from line 28 | | 30 | 595. |
|---|---|---|---|---|
| | 31 **Total tax** (Schedule J, line 12) | | 31 | 89. |
| | 32 Payments:  a 1998 overpayment credited to 1999 | 32a | | | |
| | b 1999 estimated tax payments | 32b | | | |
| | c Less 1999 refund applied for on Form 4466 | 32c | d Bal ▶ | 32d | |
| | e Tax deposited with Form 7004 | | 32e | |
| | f Credit for tax paid on undistributed capital gains (attach Form 2439) | 32f | | |
| | g Credit for federal tax on fuels (attach Form 4136). See instructions | 32g | | 32h | |
| | 33 Estimated tax penalty (see instructions). Check if Form 2220 is attached ▶ ☐ | | 33 | |
| | 34 **Tax due.** If line 32h is smaller than the total of lines 31 and 33, enter amount owed | | 34 | 89. |
| | 35 **Overpayment.** If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | | 35 | |
| | 36 Enter amount of line 35 you want: Credited to 2000 estimated tax ▶ | Refunded ▶ | 36 | |

**Sign Here**
Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge

▶ _____   _____   _____
Signature of Officer        Date      Title

**Paid Preparer's**
| Preparer's Signature ▶ | Date 8-21-200 | Check if self-employed ☐ | Preparer's SSN or PTIN 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 |
| Firm's Name ▶ | | | |

Bob Peaster                    956 383-8887                    P.5

Form 1120 (1999)   E & E BUILDERS AND DEVELOPMENT CO., INC.        74-2926649        Page 2

## Schedule A  Cost of Goods Sold (see instructions)

| | | |
|---|---|---:|
| 1 | Inventory at beginning of year | 1 | |
| 2 | Purchases | 2 | 1,017,662. |
| 3 | Cost of labor | 3 | |
| 4 | Additional Section 263A costs (attach schedule) LICENSES AND PERMITS | 4 | 3,544. |
| 5 | Other costs (attach schedule) | 5 | |
| 6 | **Total.** Add lines 1 through 5 | 6 | 1,021,206. |
| 7 | Inventory at end of year | 7 | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on line 2, page 1 | 8 | 1,021,206. |

9a Check all methods used for valuing closing inventory:
   (i)  ☐ Cost as described in Regulations Section 1.471-3
   (ii) ☐ Lower of cost or market as described in Regulations Section 1.471-4
   (iii)☐ Other (specify method used and attach explanation) . . . . ▶ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

 b Check if there was a writedown of subnormal goods as described in Regulations Section 1.471-2(c) . . . . . . . . ▶ ☐
 c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) . . . . . . ▶ ☐
 d If the LIFO inventory method was used for this tax year, enter percentage (or amounts)
   of closing inventory computed under LIFO . . . . . . . . . . . . . | 9d |
 e If property is produced or acquired for resale, do the rules of Section 263A apply to the corporation? . . . . . . ☐ Yes ☐ No
 f Was there any change in determining quantities, cost, or valuations between opening and
   closing inventory? If 'Yes,' attach explanation . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

## Schedule C  Dividends and Special Deductions (see instructions)

| | | (a) Dividends received | (b) Percentage | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations that are subject to the 70% deduction (other than debt-financed stock) | | 70 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations that are subject to the 80% deduction (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations (Section 246A) | | | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 70%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs that are subject to the 70% deduction | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs that are subject to the 80% deduction | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries subject to the 100% deduction (Section 245(b)) | | 100 | |
| 9 | **Total.** Add lines 1 through 8. See instructions for limitation | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from certain FSCs that are subject to the 100% deduction (Sec 245(c)(1)) | | 100 | |
| 12 | Dividends from affiliated group members subject to the 100% ded (Section 243(a)(3)) | | 100 | |
| 13 | Other dividends from foreign corporations not included on lines 3, 6, 7, 8, or 11 | | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up (Section 78) | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 (Section 246(d)) | | | |
| 17 | Other dividends | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | |
| 19 | Total dividends. Add lines 1 through 17. Enter here and on line 4, page 1 . . . ▶ | | | |
| 20 | **Total special deductions.** Add lines 9, 10, 11, 12, and 18. Enter here and on line 29b, page 1 | | | |

## Schedule E  Compensation of Officers (see instructions for line 12, page 1)

Note: Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1, Form 1120) are $500,000 or more

| 1 (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of corporation stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|
| | | | (d) Common | (e) Preferred | |
| JOSE ESCUDERO JR | 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 | 100.0% | 50.0% | % | 0. |
| JOSE ESCUDERO | 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 | 100.0% | 50.0% | % | 0. |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| 2 Total compensation of officers | | | | | 0. |

Bob Peaster                    95_ 383-8887              p.6

---

Form 1120 (1999)    E & E BUILDERS AND DEVELOPMENT CO., INC.        74-2926649        Page 3

## Tax Computation (see instructions)

1  Check if the corporation is a member of a controlled group (see Sections 1561 and 1563) . . ▶ ☐
   **Important:** Members of a controlled group, see instructions.

2a  If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, & $9,925,000 taxable income brackets (in that order):
   (1) $ _____    (2) $ _____    (3) $ _____
   b  Enter the corporation's share of:  (1) Additional 5% tax (not more than $11,750) . $ _____
                                          (2) Additional 3% tax (not more than $100,000) . $ _____

3  Income tax. Check if a qualified personal service corporation
   under Section 448(d)(2) (see instructions) . . . . . . . . . . ▶ ☐ | 3  | 89. |

4a  Foreign tax credit (attach Form 1118) . . . . . . . | 4a | |
   b  Possessions tax credit (attach Form 5735) . . . . | 4b | |
   c  Check: ☐ Nonconventional source fuel credit  ☐ QEV credit (attach Form 8834) | 4c | |
   d  General business credit. Enter here and check which forms are attached: | | 3800 ☐ |
      ☐ 3468  ☐ 5884  ☐ 6478  ☐ 6765  ☐ 8586  ☐ 8830  ☐ 8826
      ☐ 8835  ☐ 8844  ☐ 8845  ☐ 8846  ☐ 8820  ☐ 8847  ☐ 8861 | 4d | |
   e  Credit for prior year minimum tax (attach Form 8827) . . | 4e | |

5  Total credits. Add lines 4a through 4e . . . . . . . . . . . . . . | 5 | |
6  Subtract line 5 from line 3 . . . . . . . . . . . . . . . . . | 6 | 89. |
7  Personal holding company tax (attach Schedule PH (Form 1120)) . . . . | 7 | |
8  Recapture taxes. Check if from: ☐ Form 4255  ☐ Form 8611 . . . | 8 | |
9  Alternative minimum tax (attach Form 4626) . . . . . . . . . . | 9 | |
10  Add lines 6 through 9 . . . . . . . . . . . . . . . . . . | 10 | 89. |
11  Qualified zone academy bond credit (attach Form 8860) . . . . . . | 11 | |
12  **Total tax.** Subtract line 11 from line 10. Enter here and on line 31, page 1 . . | 12 | 89. |

## Other Information (see instructions)

| | Yes | No |
|---|---|---|
| 1  Check method of accounting: a ☒ Cash | | |
|    b ☐ Accrual  c ☐ Other (specify) ▶ _____ | | |
| 2  See the instructions and enter the: | | |
|    a Business activity code no. ▶ 233200 | | |
|    b Business activity ▶ 233200 | | |
|    c Product or service ▶ SERVICES | | |
| 3  At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see Section 267(c).) . . . . . . . . | | X |
|    If 'Yes,' attach a schedule showing: (a) name and employer identification number (EIN), (b) percentage owned, and (c) taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | | |
| 4  Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? . . . . | | X |
|    If 'Yes,' enter name and EIN of the parent corporation ▶ | | |
| 5  At the end of the tax year, did any individual, partnership, corporation, estate or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see Section 267(c).) . . . . | | X |
|    If 'Yes,' attach a schedule showing name and identifying number. (Do not include any information already entered in 4 above.) Enter % owned ▶ _____ | | |
| 6  During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See Sections 301 and 316.) . . . . . . . . | | X |

| | Yes | No |
|---|---|---|
| 7  Was the corporation a U.S. shareholder of any controlled foreign corporation? (See Sections 951 and 957.) . . | | X |
|    If 'Yes,' attach Form 5471 for each such corporation. Enter no. of Forms 5471 attached ▶ | | |
| 8  At any time during the 1999 calendar year, did the corporation have an interest in or a signature or other authority over a financial account (such as a bank account, securities account, or other financial account) in a foreign country? . . | | X |
|    If 'Yes,' the corporation may have to file Form TD F 90-22.1. If 'Yes,' enter name of foreign country ▶ | | |
| 9  During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If 'Yes,' the corporation may have to file Form 3520 . | | X |
| 10  At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of: (a) the total voting power of all classes of stock of the corporation entitled to vote, or (b) the total value of all classes of stock of the corporation? . . . . . . | | X |
|    If 'Yes,' | | |
|    a Enter percentage owned ▶ | | |
|    b Enter owner's country ▶ | | |
|    c The corporation may have to file Form 5472. Enter number of Forms 5472 attached ▶ | | |
| 11  Check this box if the corporation issued publicly offered debt instruments with original issue discount . . ▶ ☐ | | |
|    If checked, the corporation may have to file Form 8281. | | |
| 12  Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ | | |
| 13  If there were 75 or fewer shareholders at the end of the tax year, enter the number ▶ | | |
| 14  If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ ☐ | | |
| 15  Enter the available NOL carryover from prior tax years | | |

Bob Peaster                956-383-9887                p.7

Form 1120 (1999)  E & E BUILDERS AND DEVELOPMENT CO., INC.                74-2926649        Page 4

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| Assets | | (a) | (b) | (c) | (d) |
| 1 Cash | | | | | 53,054. |
| 2a Trade notes and accounts receivable | | | | | |
| b Less allowance for bad debts | | | | | |
| 3 Inventories | | | | | |
| 4 U.S. government obligations | | | | | |
| 5 Tax-exempt securities (see instructions) | | | | | |
| 6 Other current assets (attach schedule) | | | | | |
| 7 Loans to shareholders | | | | | |
| 8 Mortgage and real estate loans | | | | | |
| 9 Other investments (attach schedule) | | | | | |
| 10a Buildings and other depreciable assets | | | | 91,175 | |
| b Less accumulated depreciation | | | | 34,734. | 56,441. |
| 11a Depletable assets | | | | | |
| b Less accumulated depletion | | | | | |
| 12 Land (net of any amortization) | | | | | |
| 13a Intangible assets (amortizable only) | | | | | |
| b Less accumulated amortization | | | | | |
| 14 Other assets (attach schedule) | | | | | |
| 15 Total assets | | | | | 109,495. |
| Liabilities and Shareholders' Equity | | | | | |
| 16 Accounts payable | | | | | 1,200. |
| 17 Mortgages, notes, bonds payable in less than 1 year | | | | | |
| 18 Other current liabilities (attach sch) | | | | | |
| 19 Loans from shareholders | | | | | 25,000. |
| 20 Mortgages, notes, bonds payable in 1 year or more | | | | | |
| 21 Other liabilities (attach schedule) | | | | | 82,700. |
| 22 Capital stock: a Preferred stock | | | | | |
|  b Common stock | | | | | |
| 23 Additional paid-in capital | | | | | |
| 24 Retained earnings — Approp | | | | | |
| 25 Retained earnings — Unappropriated | | | | | 595. |
| 26 Adjustments to shareholders' equity | | | | | |
| 27 Less cost of treasury stock | | | | | |
| 28 Total liabilities and shareholders' equity | | | | | 109,495. |

**Note:** The corporation is not required to complete Schedules M-1 and M-2 if the total assets on line 15, column (d) of Schedule L are less than $25,000.

| Schedule M-1 | Reconciliation of Income (Loss) per Books With Income per Return (see instructions) | | |
|---|---|---|---|
| 1 Net income (loss) per books | 595. | 7 Income recorded on books this year not included on this return (itemize): | |
| 2 Federal income tax | | Tax-exempt interest $ _____ | |
| 3 Excess of capital losses over capital gains | | | |
| 4 Income subject to tax not recorded on books this year (itemize): | | | |
| 5 Expenses recorded on books this year not deducted on this return (itemize): | | 8 Deductions on this return not charged against book income this year (itemize): | |
| a Depreciation $ _____ | | a Depreciation $ _____ | |
| b Contributions carryover $ _____ | | b Contribution carryover $ _____ | |
| c Travel & entertainment $ _____ | | | |
| | | 9 Add lines 7 and 8 | |
| 6 Add lines 1 through 5 | 595. | 10 Income (line 28, page 1) — line 6 less line 9 | 595. |

| Schedule M-2 | Analysis of Unappropriated Retained Earnings (Line 25, Schedule L) | | |
|---|---|---|---|
| 1 Balance at beginning of year | | 5 Distributions  a Cash | |
| 2 Net income (loss) per books | 595. | b Stock | |
| 3 Other increases (itemize): _____ | | c Property | |
| | | 6 Other decreases (itemize): | |

Bob Feaster                        95  383-9887                    p.8

| Form **4562** | Depreciation and Amortization | OMB No. 1545-0172 |
|---|---|---|
| | (Including Information on Listed Property) | **1999** |
| Department of the Treasury Internal Revenue Service    (99) | ► See instructions. ► Attach this form to your return. | 67 |

| Name(s) Shown on Return | Business or Activity to Which This Form Relates | Identifying Number |
|---|---|---|
| E & E BUILDERS AND DEVELOPMENT CO., INC. | Form 1120 Line 20 | 74-2926649 |

**Part I** **Election to Expense Certain Tangible Property (Section 179)**
(Note: If you have any listed property, complete Part V before you complete Part I.)

| | | | |
|---|---|---|---|
| 1 | Maximum dollar limitation. If an enterprise zone business, see instructions | 1 | $19,000. |
| 2 | Total cost of Section 179 property placed in service. See instructions | 2 | 107,020. |
| 3 | Threshold cost of Section 179 property before reduction in limitation | 3 | $200,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | 0. |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | 19,000 |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | 1998 DODGE | 38,500. | 19,000. |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter amount from line 27 | 7 | |
| 8 | Total elected cost of Section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | 19,000. |
| 9 | Tentative deduction. Enter the smaller of line 5 or line 8 | 9 | 19,000. |
| 10 | Carryover of disallowed deduction from 1998. See instructions | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 (see instrs) | 11 | 19,000. |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but do not enter more than line 11 | 12 | 19,000. |
| 13 | Carryover of disallowed deduction to 2000. Add lines 9 and 10, less line 12 | 13 | 0. |

**Note:** Do not use Part II or Part III below for listed property (automobiles, certain other vehicles, cellular telephones, certain computers, or property used for entertainment, recreation, or amusement). Instead, use Part V for listed property.

**Part II** **MACRS Depreciation for Assets Placed in Service Only During Your 1999 Tax Year**
(Do Not Include Listed Property)

Section A — General Asset Account Election

14   If you are making the election under Section 168(i)(4) to group any assets placed in service during the tax year into one or more general asset accounts, check this box ►

Section B — General Depreciation System (GDS) (See instructions)

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only — see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 15a 3-year property | | | | | | |
| b 5-year property | | 55,300. | 5.0 yrs | HY | 200DB | 11,060. |
| c 7-year property | | 32,720. | 7.0 yrs | HY | 200DB | 4,674. |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs | | S/L | |
| h Residential rental property | | | 27.5 yrs | MM | S/L | |
| | | | 27.5 yrs | MM | S/L | |
| i Nonresidential real property | | | 39 yrs | MM | S/L | |
| | | | | MM | S/L | |

Section C — Alternative Depreciation System (ADS) (See instructions)

| | | | | | | |
|---|---|---|---|---|---|---|
| 16a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs | | S/L | |
| c 40-year | | | 40 yrs | MM | S/L | |

**Part III** **Other Depreciation (Do Not Include Listed Property)** (See instructions)

| | | | |
|---|---|---|---|
| 17 | GDS and ADS deductions for assets placed in service in tax years beginning before 1999 | 17 | |
| 18 | Property subject to Section 168(f)(1) election | 18 | |
| 19 | ACRS and other depreciation | 19 | |

**Part IV** **Summary** (See instructions)

| | | | |
|---|---|---|---|
| 20 | Listed property. Enter amount from line 28 | 20 | |
| 21 | Total. Add deductions on line 12, lines 15 and 16 in column (g), and lines 17 through 20. Enter here and on the appropriate lines of your return. Partnerships and S corporations — see instructions | 21 | 34,734. |

Bob Peaster                    95   383-9887                    p.9

Form **4562** (1999)  E & E BUILDERS AND DEVELOPMENT CO., INC.              74-2926649    Page 2

**Part V** Listed Property — Automobiles, Certain Other Vehicles, Cellular Telephones, Certain Computers, and Property Used for Entertainment, Recreation, or Amusement

Note: *For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete only 23a, 23b, columns (a) through (c) of Section A, all of Section B and Section C if applicable.*

**Section A – Depreciation and Other Information (Caution: See instructions for limits for passenger automobiles.)**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 23a Do you have evidence to support the business/investment use claimed? | | | | Yes | No | 23b If "Yes," is the evidence written? | | Yes | No |

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/ investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| 24 Property used more than 50% in a qualified business use (see instructions) | | | | | | | | |
| | | | | | | | | |
| 25 Property used 50% or less in a qualified business use (see instructions) | | | | | | | | |
| | | | | | | | | |

| | | | |
|---|---|---|---|
| 26 Add amounts in column (h). Enter the total here and on line 20, page 1 | | 26 | |
| 27 Add amounts in column (i). Enter the total here and on line 7, page 1 | | 27 | |

**Section B – Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other more than 5% owner or related person.
If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle 1 | (b) Vehicle 2 | (c) Vehicle 3 | (d) Vehicle 4 | (e) Vehicle 5 | (f) Vehicle 6 |
|---|---|---|---|---|---|---|
| 28 Total business/investment miles driven during the year (Do not include commuting miles — see instructions) | | | | | | |
| 29 Total commuting miles driven during the year | | | | | | |
| 30 Total other personal (noncommuting) miles driven | | | | | | |
| 31 Total miles driven during the year. Add lines 28 through 30 | | | | | | |

| | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 Was the vehicle available for personal use during off-duty hours? | | | | | | | | | | | | |
| 33 Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| 34 Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C – Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who are not more than 5% owners or related persons.

| | Yes | No |
|---|---|---|
| 35 Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| 36 Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| 37 Do you treat all use of vehicles by employees as personal use? | | |
| 38 Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| 39 Do you meet the requirements concerning qualified automobile demonstration use? See instructions | | |
| Note: If your answer to 35, 36, 37, 38, or 39 is "Yes," you need not complete Section B for the covered vehicles. | | |

**Part VI** Amortization

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| 40 Amortization of costs that begins during your 1999 tax year | | | | | |

Bo   Peaster                         9£  ·383-9887              P. 10

E & E BUILDERS AND DEVELC    :NT CO  INC   74-2926649                          1

Form 1120, Page 1, Line 26
**Other Deductions Statement**

| | |
|---|---:|
| Accounting | 3.250. |
| Automobile and truck expense | 7.418. |
| Bank charges | 1.494. |
| Commissions | 40. |
| Dues and subscriptions | 520. |
| Insurance | 1.448. |
| Janitorial | 99. |
| Legal and professional | 17.020. |
| Office expense | 7.756. |
| Telephone | 4.412. |
| Travel | 14.201. |
| Utilities | 1.873. |
| Total | 59.531. |

Bob Peaster                               9?3-383-9887                 p. 1

## Paisano Construction, Co.
# General Ledger
### All Transactions to Eric Gutierrez

05/31/01

| Type | Date | Num | Name | Memo | Split | Amount | Balance |
|---|---|---|---|---|---|---|---|
| **First Nat'l Bk(#601519)** | | | | | | | |
| Check | 03/03/2000 | 2273 | Eric Gutierrez | Lovin Duplex supervision | Payroll Expenses | -2,000.00 | -2,000.00 |
| Check | 03/17/2000 | 2378 | Eric Gutierrez | Field Supervisor | Payroll Expenses | -533.33 | -2,533.33 |
| Check | 03/31/2000 | 2445 | Eric Gutierrez | Brownsville supervision | Payroll Expenses | -1,347.59 | -3,880.92 |
| Check | 04/07/2000 | 2509 | Eric Gutierrez | reimbursed Expenses | Reimbursed Expenses | -232.99 | -4,113.91 |
| Check | 04/17/2000 | 2574 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,000.00 | -5,113.91 |
| Check | 04/28/2000 | 2638 | Eric Gutierrez | Reim. Exp./ for gas | Reimbursed Expenses | -453.46 | -5,567.37 |
| Check | 05/05/2000 | 2646 | Eric Gutierrez | Payroll April 21 to May 01 | Payroll Expenses | -750.00 | -6,317.37 |
| Check | 05/13/2000 | 2666 | Eric Gutierrez | Salary 5/01/00 | Payroll Expenses | -750.00 | -7,067.37 |
| Check | 05/19/2000 | 2722 | Eric Gutierrez | Salary 5-16-00 | Payroll Expenses | -1,000.00 | -8,067.37 |
| Check | 05/25/2000 | 2733 | Eric Gutierrez | reimbursment expense | Payroll Expenses | -437.17 | -8,504.54 |
| Check | 06/02/2000 | 2768 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,500.00 | -10,004.54 |
| Check | 06/09/2000 | 2808 | Eric Gutierrez | Las Arenas reimb.exp | Reimbursed Expenses | -479.82 | -10,484.36 |
| Check | 06/16/2000 | 2829 | Eric Gutierrez | Las Arenas Supervision | Payroll Expenses | -1,000.00 | -11,484.36 |
| Check | 06/30/2000 | 2915 | Eric Gutierrez | Las Arenas Supervision Sa .. | Payroll Expenses | -1,500.00 | -12,984.36 |
| Check | 07/07/2000 | 2975 | Eric Gutierrez | Reim. Exp. | Reimbursed Expenses | -245.37 | -13,229.73 |
| Check | 07/07/2000 | 2976 | Eric Gutierrez | Reim. Exp. | Reimbursed Expenses | -400.00 | 13,629.73 |
| Check | 07/14/2000 | 3009 | Eric Gutierrez | Supervision Las Arenas | -SPLIT- | -1,016.49 | -14,646.22 |
| Check | 07/14/2000 | 3019 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -500.00 | -15,146.22 |
| Check | 07/26/2000 | 3114 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,500.00 | -16,646.22 |
| Check | 08/04/2000 | 3151 | Eric Gutierrez | reim. exp. Las Arenas | Reimbursed Expenses | -222.00 | -16,868.22 |
| Check | 08/10/2000 | 3198 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,000.00 | -17,868.22 |
| Check | 08/25/2000 | 3303 | Eric Gutierrez | reim. exp. Las Arenas | Reimbursed Expenses | -194.41 | -18,062.63 |
| Check | 08/31/2000 | 3322 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,500.00 | -19,562.63 |
| Check | 09/08/2000 | 3403 | Eric Gutierrez | Reim. Expense | Reimbursed Expenses | -121.40 | -19,684.03 |
| Check | 09/15/2000 | 3383 | Eric Gutierrez | VOID: Las Arenas Supervi . | Payroll Expenses | 0.00 | -19,684.03 |
| Check | 09/15/2000 | 3420 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -200.00 | -19,884.03 |
| Check | 09/22/2000 | 3440 | Eric Gutierrez | VOID: Reim. Expense | Reimbursed Expenses | 0.00 | -19,884.03 |
| Check | 09/29/2000 | 3471 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,679.31 | -21,563.34 |
| Check | 10/13/2000 | 3593 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,000.00 | -22,563.34 |
| Check | 10/20/2000 | 3622 | Eric Gutierrez | VOID: Las Arenas Supervi | Payroll Expenses | 0.00 | -22,563.34 |
| **Total First Nat'l Bk(#601519)** | | | | | | -22,563.34 | -22,563.34 |
| | | | | | | | |
| **First Nat'l Bk(#80005071)** | | | | | | | |
| Check | 11/03/2000 | 16 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -1,256.00 | -1,256.00 |
| Check | 11/09/2000 | 36 | Eric Gutierrez | Las Arenas Supervisor | Payroll Expenses | -533.00 | -1,789.00 |
| **Total First Nat'l Bk(#80005071)** | | | | | | -1,789.00 | -1,789.00 |
| | | | | | | | |
| **Reimbursed Expenses** | | | | | | | |
| Check | 04/07/2000 | 2509 | Eric Gutierrez | reimbursed Expenses | First Nat'l Bk(#601519) | 232.99 | 232.99 |
| Check | 04/28/2000 | 2638 | Eric Gutierrez | Reim. Exp. for gas | First Nat'l Bk(#601519) | 453.46 | 686.45 |
| Check | 06/09/2000 | 2808 | Eric Gutierrez | Eric Gutierrez reimb.exp. | First Nat'l Bk(#601519) | 479.82 | 1,166.27 |
| Check | 07/07/2000 | 2975 | Eric Gutierrez | Eric Gutierrez-reimb. exp. | First Nat'l Bk(#601519) | 245.37 | 1,411.64 |
| Check | 07/07/2000 | 2976 | Eric Gutierrez | Reim. Exp. for Las Arenas | First Nat'l Bk(#601519) | 400.00 | 1,811.64 |
| Check | 07/14/2000 | 3009 | Eric Gutierrez | Eric Gutierrez-reimb. exp. | First Nat'l Bk(#601519) | 16.49 | 1,828.13 |
| Check | 08/04/2000 | 3151 | Eric Gutierrez | Eric Gutierrez- reimb. exp. | First Nat'l Bk(#601519) | 222.00 | 2,050.13 |
| Check | 08/25/2000 | 3303 | Eric Gutierrez | Eric Gutierrez-reimb. exp. | First Nat'l Bk(#601519) | 194.41 | 2,244.54 |
| Check | 09/08/2000 | 3403 | Eric Gutierrez | Eric Gutierrez-reimb.exp. | First Nat'l Bk(#601519) | 121.40 | 2,365.94 |
| Check | 09/22/2000 | 3440 | Eric Gutierrez | Eric Gutierrez-reimb exp | First Nat'l Bk(#601519) | 0.00 | 2,365.94 |
| **Total Reimbursed Expenses** | | | | | | 2,365.94 | 2,365.94 |
| | | | | | | | |
| **Payroll Expenses** | | | | | | | |
| Check | 03/03/2000 | 2273 | Eric Gutierrez | Eric Gutierrez/Supervisor | First Nat'l Bk(#601519) | 2,000.00 | 2,000.00 |
| Check | 03/17/2000 | 2378 | Eric Gutierrez | Eric Gutierrez/Supervisor | First Nat'l Bk(#601519) | 533.33 | 2,533.33 |
| Check | 03/31/2000 | 2445 | Eric Gutierrez | Brownsville supervision | First Nat'l Bk(#601519) | 1,347.59 | 3,880.92 |
| Check | 04/17/2000 | 2574 | Eric Gutierrez | Eric Gutierrez - Supervisor | First Nat'l Bk(#601519) | 1,000.00 | 4,880.92 |
| Check | 05/05/2000 | 2646 | Eric Gutierrez | Eric Gutierrez - Supervisor | First Nat'l Bk(#601519) | 750.00 | 5,630.92 |
| Check | 05/13/2000 | 2666 | Eric Gutierrez | Eric Gutierrez/Supervisor | First Nat'l Bk(#601519) | 750.00 | 6,380.92 |
| Check | 05/19/2000 | 2722 | Eric Gutierrez | Eric Gutierrez/Supervisor | First Nat'l Bk(#601519) | 1,000.00 | 7,380.92 |
| Check | 05/25/2000 | 2733 | Eric Gutierrez | Eric Gutierrez/Reimb. Exp. | First Nat'l Bk(#601519) | 437.17 | 7,818.09 |
| Check | 06/02/2000 | 2768 | Eric Gutierrez | Eric Gutierrez/Supervisor | First Nat'l Bk(#601519) | 1,500.00 | 9,318.09 |
| Check | 06/16/2000 | 2829 | Eric Gutierrez | Eric Gutierrez - Supervisor | First Nat'l Bk(#601519) | 1,000.00 | 10,318.09 |
| Check | 06/30/2000 | 2915 | Eric Gutierrez | 1st of mnth. salary | First Nat'l Bk(#601519) | 1,500.00 | 11,818.09 |
| Check | 07/14/2000 | 3009 | Eric Gutierrez | Eric Gutierrez-2wk Supervi.. | First Nat'l Bk(#601519) | 1,000.00 | 12,818.09 |
| Check | 07/14/2000 | 3019 | Eric Gutierrez | Supervision | First Nat'l Bk(#601519) | 500.00 | 13,318.09 |
| Check | 07/26/2000 | 3114 | Eric Gutierrez | 2wk. Supervision | First Nat'l Bk(#601519) | 1,500.00 | 14,818.09 |
| Check | 08/10/2000 | 3198 | Eric Gutierrez | Las Arenas Supervisor | First Nat'l Bk(#601519) | 1,000.00 | 15,818.09 |
| Check | 08/31/2000 | 3322 | Eric Gutierrez | 2wks. Supervisor | First Nat'l Bk(#601519) | 1,500.00 | 17,318.09 |
| Check | 09/15/2000 | 3383 | Eric Gutierrez | Las Arenas Supervisor | First Nat'l Bk(#601519) | 0.00 | 17,318.09 |
| Check | 09/15/2000 | 3420 | Eric Gutierrez | 2wks. Supervision | First Nat'l Bk(#601519) | 200.00 | 17,518.09 |
| Check | 09/29/2000 | 3471 | Eric Gutierrez | 2wk. Supervision | First Nat'l Bk(#601519) | 1,679.31 | 19,197.40 |
| Check | 10/13/2000 | 3593 | Eric Gutierrez | Las Arenas Supervision 2 ... | First Nat'l Bk(#601519) | 1,000.00 | 20,197.40 |
| Check | 10/20/2000 | 3622 | Eric Gutierrez | 2wks Supervision | First Nat'l Bk(#601519) | 0.00 | 20,197.40 |

Case 1:00-cv-00193   Document 26    Filed in TXSD on 11/07/2001   Page 55 of 140

## Paisano Construction, Co.
# General Ledger
### All Transactions to Eric Gutierrez

05/31/01

| Type | Date | Num | Name | Memo | Split | Amount | Balance |
|------|------|-----|------|------|-------|--------|---------|
| Check | 11/03/2000 | :6 | Eric Gutierrez | Eric Gutierrez - Supervisor | First Nat'l Bk(#80005071) | 1 256 00 | 21,453 40 |
| Check | 11/09/2000 | 36 | Eric Gutierrez | Eric Gutierrez - Supervisor | First Nat'l Bk(#80005071) | 533.00 | 21,986.40 |
| Total Payroll Expenses | | | | | | 21,986 40 | 21,986.40 |
| TOTAL | | | | | | 0.00 | 0.00 |

# Paisano Construction, Co.
## Vendor QuickReport
### All Transactions

05/31/01

| Type | Date | Num | Memo | Account | Split | Amount |
|------|------|-----|------|---------|-------|--------|
| **Eric Gutierrez** | | | | | | |
| Check | 03/03/2000 | 2273 | Levin Duplex .. | First Nat'l Bk(#6015 | Payroll Expenses | -2,000.00 |
| Check | 03/17/2000 | 2378 | Field Supervisor | First Nat'l Bk(#6015 | Payroll Expenses | -533.33 |
| Check | 03/31/2000 | 2445 | Brownsville su . | First Nat'l Bk(#6013 . | Payroll Expenses | -1,347.59 |
| Check | 04/07/2000 | 2509 | reimbursed E | First Nat'l Bk(#6015 . | Reimbursed Expenses | -232.99 |
| Check | 04/17/2000 | 2574 | Las Arenas S... | First Nat'l Bk(#6015. | Payroll Expenses | -1,000.00 |
| Check | 04/28/2000 | 2638 | Reim. Exp. i fo. | First Nat'l Bk(#6015 . | Reimbursed Expenses | -453.46 |
| Check | 05/05/2000 | 2648 | Payroll April 2 | First Nat'l Bk(#6015 | Payroll Expenses | -750.00 |
| Check | 05/13/2000 | 2666 | Salary 5/01/00 | First Nat'l Bk(#6015 | Payroll Expenses | -750.00 |
| Check | 05/19/2000 | 2722 | Salary 5-16-00 | First Nat'l Bk(#6015 | Payroll Expenses | -1,000.00 |
| Check | 05/25/2000 | 2733 | reimbursment. | First Nat'l Bk(#6015... | Payroll Expenses | -437.17 |
| Check | 06/02/2000 | 2768 | Las Arenas S . | First Nat'l Bk(#6015, | Payroll Expenses | -1,500.00 |
| Check | 06/09/2000 | 2808 | Las Arenas re | First Nat'l Bk(#6015 . | Reimbursed Expenses | -479.82 |
| Check | 06/16/2000 | 2829 | Las Arenas S | First Nat'l Bk(#6015, | Payroll Expenses | -1,000.00 |
| Check | 06/30/2000 | 2915 | Las Arenas S | First Nat'l Bk(#6015, | Payroll Expenses | -1,500.00 |
| Check | 07/07/2000 | 2975 | Reim. Exp | First Nat'l Bk(#6015... | Reimbursed Expenses | -245.37 |
| Check | 07/07/2000 | 2976 | Reim. Exp. | First Nat'l Bk(#6015.. | Reimbursed Expenses | -400.00 |
| Check | 07/14/2000 | 3009 | Supervision _ . | First Nat'l Bk(#6015.. | -SPLIT- | -1,016.49 |
| Check | 07/14/2000 | 3019 | Las Arenas S . | First Nat'l Bk(#6015 | Payroll Expenses | -500.00 |
| Check | 07/26/2000 | 3114 | Las Arenas S | First Nat'l Bk(#6015 . | Payroll Expenses | -1,500.00 |
| Check | 08/04/2000 | 3151 | reim. exp. Las | First Nat'l Bk(#6015 | Reimbursed Expenses | -222.00 |
| Check | 08/10/2000 | 3198 | Las Arenas S | First Nat'l Bk(#6015 . | Payroll Expenses | -1,000.00 |
| Check | 08/25/2000 | 3303 | Reim exp. La . . | First Nat'l Bk(#6015.. | Reimbursed Expenses | -184.41 |
| Check | 08/31/2000 | 3322 | Las Arenas S . | First Nat'l Bk(#6015.. | Payroll Expenses | -1,500.00 |
| Check | 09/08/2000 | 3403 | Reim. Expense | First Nat'l Bk(#6015.. | Reimbursed Expenses | -121.40 |
| Check | 09/15/2000 | 3383 | VOID: Las Ar | First Nat'l Bk(#6015, | Payroll Expenses | 0.00 |
| Check | 09/15/2000 | 3420 | Las Arenas S | First Nat'l Bk(#6015, | Payroll Expenses | -200.00 |
| Check | 09/22/2000 | 3440 | VOID Reim | First Nat'l Bk(#6015.. | Reimbursed Expenses | 0.00 |
| Check | 09/29/2000 | 3471 | Las Arenas S . | First Nat'l Bk(#6015, | Payroll Expenses | -1,679.31 |
| Check | 10/13/2000 | 3593 | Las Arenas S | First Nat'l Bk(#6015 . | Payroll Expenses | -1,900.00 |
| Check | 10/20/2000 | 3622 | VOID  Las A: | First Nat'l Bk(#6015 | Payroll Expenses | 0.00 |
| Check | 11/03/2000 | 16 | Las Arenas S | First Nat'l Bk(#8000 | Payroll Expenses | -1,256.00 |
| Check | 11/09/2000 | 36 | Las Arenas S | First Nat'l Bk(#8000 | Payroll Expenses | -533.00 |

$ 24,382.34



02-07-01

# CHANGE ORDER NO. 1
## NEW OFFICES FOR BAHNMAN REALTY
### HARLINGEN, TEXAS

| | | | |
|---|---|---|---|
| **PROJECT :** | NEW OFFICES FOR BAHNMAN REALTY<br>Harlingen, Texas | **CHANGE ORDER #:** One (1)<br><br>**CONTRACT DATE :** December 15, 1999 | |
| **TO:** | Paisano Construction<br>216 N. Texas Ave.<br>Mercedes, Tx. 78570 | **PROJECT NO.:** 99018<br><br>**CONTRACT FOR:** General Construction | |
| **DATE:** | January 30, 2001 | **PAGE :** ONE (1) of two | |

**You are directed to make the following changes in this contract:**

---

**ITEM NO. 1: CERAMIC TILE ENTRANCE**
Provide and install ceramic floor tile as specified by The Architect at the covered porch at the front of the building.

DELETE FROM THE BETTERMENT ALLOWANCE.........................................+$1,480.00

**ITEM NO. 2: MAIL DROP**
Provide and install mail drop in exterior storefront glass.

DELETE FROM THE BETTERMENT ALLOWANCE.........................................+$725.00

**ITEM NO. 3: ADDITIONAL BUILDING ADDRESS LETTERING**
Provide and install additional address lettering on the north side of the east exterior column, as described by The Architect.

DELETE FROM THE BETTERMENT ALLOWANCE.........................................+$185.00

---

**AMOUNT TO BE "DELETED" FROM THE BETTERMENT FUND:**   **- $2,390.00 >**

---

| | |
|---|---|
| **BETTERMENT FUND:** | **$10,000.00** |
| **Change Order No. 1** | **- $2,390.00** |
| **TOTAL** | **$7,610.00** |

| | | |
|---|---|---|
| **PROJECT :** | NEW OFFICES FOR BAHNMAN REALTY Harlingen, Texas | **CHANGE ORDER #:** One (1) <br> **CONTRACT DATE :** December 15, 1999 |
| **TO:** | Paisano Construction 216 N. Texas Ave. Mercedes, Tx. 78570 | **PROJECT NO.:** 99018 <br> **CONTRACT FOR:** General Construction |
| **DATE:** | January 30, 2001 | **PAGE :** TWO (2) of two |

## ITEM NO. 4: DELETE THE UNUSED AMOUNT OF THE BETTERMENT ALLOWANCE

Delete the unused amount of the Betterment Allowance and subtract it from the contract amount.

DELETE FROM THE CONTRACT AMOUNT....................................- $7,610.00

## ITEM NO. 5: DELETE THE UNUSED AMOUNT OF THE LANDSCAPE ALLOWANCE

Delete the unused amount of the Landscape Allowance and subtract it from the contract amount.

DELETE FROM THE CONTRACT AMOUNT....................................- $10,000.00

## ITEM NO. 6: DELETE THE UNUSED AMOUNT OF THE TESTING ALLOWANCE

Delete the unused amount of the Testing Allowance and subtract it from the contract amount.

DELETE FROM THE CONTRACT AMOUNT....................................- $3,280.00

## ITEM NO. 7: LIQUIDATED DAMAGES

Delete from the contract the amount of $250.00 per day for the 121 calender days that The Contractor exceeded the Date of Substantial Completion.

DELETE FROM THE CONTRACT AMOUNT....................................- $30,250.00

---

**Not valid until signed by both the Owner and Architect. Signature of the Contractor indicates agreement herewith, including any adjustments in the Contract Sum/Time.**

THE ORIGINAL CONTRACT SUM WAS..................................................................**$268,500.00**
NET CHANGE BY PREVIOUSLY AUTHORIZED CHANGE ORDERS................................$00.00
THE CONTRACT SUM PRIOR TO THIS CHANGE ORDER WAS ...........................$268,500.00
THE CONTRACT SUM WILL BE **CHANGED** BY......................................................- $51,140.00
THE NEW CONTRACT SUM INCLUDING THIS CHANGE ORDER WILL BE........**$217,360.00**
THE CONTRACT TIME WILL BE **CHANGED** BY.........one hundred and twenty-one {121} Days
The date of Substantial Completion as of the date of this change order      **January 15, 2001**
Attachments : none

| ARCHITECT | CONTRACTOR | OWNER |
|---|---|---|
| R.O.F.D.W. ARCHITECTS, PLLC 421 S. 77 Sunshine Strip,#5 Harlingen, Texas 78550 | PAISANO CONSTRUCTION 216 N. Texas Ave. (rear) Mercedes, Texas 78570 | BAHNMAN REALTY, INC. 503 E. Harrison Harlingen, Texas 78550 |
| By: | By: | By: |
| Date:  January 30, 2001 | Date: 1/31/01 | Date: 3\1\01 |

# MEDICAL INFORMATION RELEASE

You are hereby authorized to furnish ~~and communicate~~ with GENDRY & SPRAGUE, P.C. and/or any of its employees, or the bearer hereof, any and all information (including, but not limited to, records, reports, x-rays, ~~statements~~, summaries or charts) desired which is relevant to my physical, emotional or mental condition made the basis of this lawsuit. This consent includes the release of drug, alcohol or psychological treatment records. A photostatic copy of this authorization shall be as valid as the original. The cost of duplicating the records will be paid by the requesting party.

_____
JOSE ESCUDERO, JR.

_____
Date          5/30/01

_____
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
Social Security Number

_____
5/22/68
Date of Birth

WITNESS:

## TO ALL PRESENT AND FORMER EMPLOYERS:

I authorize any present or former employer to release ~~any information~~ JRE reports, and records in my personnel or employment file to representatives of GENDRY & SPRAGUE, P.C., and/or any of its employees, or the bearer hereof, any ~~and all information~~ JRE, to see, examine, and to make copies or to have copies made of such records for their possession and use. A photostatic copy of this authorization shall be considered as effective and valid as the original.

_____
JOSE ESCUDERO, JR.

5/30/01
_____
Date

450 - 79 - 0998
_____
Social Security Number

5/22/68
_____
Date of Birth

1665 TORKEY TROT
_____
Address

NERCEDES, TX  78570

T\RAS\ESCUDERO\RFP FED

# VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

PAGE   1 OF   4

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99      ACCOUNT NO: 982745390


ESCUDERO, JOSE                                  GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS     TX   78566                      F/C: ST FM HGN

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 0511 | ROOM & CARE PVT 6ST | A102001 | 0013128 | | 1 | 475.00 |
| 0512 | ROOM & CARE PVT 6ST | A102001 | 0013128 | | 1 | 475.00 |
| 0513 | ROOM & CARE PVT 6ST | A102001 | 0013128 | | 1 | 475.00 |
| 0511 | SUPRANE GAS 1 TO 4 HOURS | | 3010709 | | 1 | 165.00 |
| 0511 | TORADOL INJ 60MG/2ML | | 3015021 | | 1 | 30.97 |
| 0511 | MORPHINE 10MG/ML VIAL | | 3016045 | | 1 | 2.04 |
| 0511 | DIPRIVAN 200MG/20ML AMP | | 3019718 | | 1 | 53.13 |
| 0511 | PROSTIGMIN 1:1000 10CC VIAL | | 3021565 | | 1 | 2.92 |
| 0511 | ROBINUL 0.2MG/ML 1ML | | 3022605 | | 2 | 2.32 |
| 0511 | ZEMURON 10MG/ML 5ML VIAL | | 3030079 | | 1 | 55.00 |
| 0511 | KEFZOL 1GM ADD-VANTAGE VIAL | | 3031568 | | 1 | 10.62 |
| 0511 | ZOFRAN 2MG/ML 2ML SDV | | 3045705 | | 1 | 66.16 |
| 0511 | XYLOCAINE 1% 2CC AMP | | 3048014 | | 1 | 1.16 |
| 0511 | XYLOCAINE 2% 10CC AMP | | 3050317 | | 1 | 3.14 |
| 0511 | ANECTINE 20MG/CC 10CC | | 3065182 | | 1 | 16.78 |
| 0511 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |
| 0511 | VERSED 1MG/ML 2ML VL | | 3088234 | | 1 | 21.84 |
| 0511 | MORPHINE 1MG/CC 30CC PCA VI | | 3088606 | | 1 | 31.46 |
| 0511 | SUBLIMAZE 5CC AMP | | 3093051 | | 1 | 1.65 |
| 0512 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0512 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0512 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0512 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0512 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0512 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0512 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |
| 0512 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |
| 0512 | MORPHINE 1MG/CC 30CC PCA VI | | 3088606 | | 1 | 31.46 |
| 0512 | MORPHINE 1MG/CC 30CC PCA VI | | 3088606 | | 1 | 31.46 |
| 0513 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0513 | SODIUM CHLORIDE 0.9% 10ML SYRINGE | | 3031388 | | 2 | 3.52 |
| 0513 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0513 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |
| 0511 | HALEY'S MO OZ | | 3000874 | | 1 | 2.04 |
| 0511 | PEPCID 20MG TAB | | 3001302 | | 1 | 3.63 |

CONTINUED

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 62 of 140

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99

ACCOUNT NO: 982745390

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| 0511 | POVIDONE IODINE OINT OZ | 3003027 | | 1 | 4.51 |
| 0511 | REGLAN 10MG TAB | 3007374 | | 1 | 0.40 |
| 0511 | KENALOG CR 0.1% U.D. | 3069978 | | 1 | 5.50 |
| 0512 | THERAPEUTIC VIT W/MINERALS | 3026390 | | 1 | 0.40 |
| 0512 | TYLENOL 5GR TAB | 3027893 | | 2 | 0.80 |
| 0512 | TYLENOL 5GR TAB | 3027893 | | 2 | 0.80 |
| 0512 | TYLENOL 5GR TAB | 3027893 | | 2 | 0.80 |
| 0513 | PEPCID 20MG TAB | 3001302 | | 1 | 3.63 |
| 0513 | CIPRO 500MG TAB | 3018553 | | 1 | 16.56 |
| 0513 | THERAPEUTIC VIT W/MINERALS | 3026390 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 2 | 0.80 |
| 0514 | PEPCID 20MG TAB | 3001302 | | 1 | 3.63 |
| 0514 | CIPRO 500MG TAB | 3018553 | | 1 | 16.56 |
| 0514 | DARVOCET-N 100 TAB | 3031580 | | 2 | 0.80 |
| 0514 | DARVOCET-N 100 TAB | 3031580 | | 2 | 0.80 |
| 0511 | IV -LR 1000CC | 7754120 | Q0081 | 1 | 28.50 |
| 0511 | IV -LR 1000CC | 7754120 | Q0081 | 1 | 28.50 |
| 0511 | IV -LR 1000CC | 7754120 | Q0081 | 1 | 28.50 |
| 0511 | IV -LR 1000CC | 7754120 | Q0081 | 1 | 28.50 |
| 0511 | IVP-NS 50ML ADV | 7756174 | Q0081 | 1 | 32.50 |
| 0511 | IRG NSI (POUR BTL) 1000ML | 7770019 | Q0081 | 1 | 28.25 |
| 0511 | IRG DWI (POUR BTL) 1000ML | 7770035 | Q0081 | 1 | 28.00 |
| 0512 | IV  D5 LR 1000CC | 7752272 | Q0081 | 1 | 29.25 |
| 0512 | IVP-NS 50ML ADV | 7756174 | Q0081 | 1 | 32.50 |
| 0512 | IVP-NS 50ML ADV | 7756174 | Q0081 | 1 | 32.50 |
| 0512 | IVP-NS 50ML ADV | 7756174 | Q0081 | 1 | 32.50 |
| 0513 | IV  D5 LR 1000CC | 7752272 | Q0081 | 1 | 29.25 |
| 0513 | IVP-NS 50ML ADV | 7756174 | Q0081 | 1 | 32.50 |
| 0511 | RESPIRATORY SET-UP (SUPPLY) | 3610003 | | 1 | 38.75 |
| 0511 | ABBOCATH-T 18GA X 1-1/4" | 5400098 | | 2 | 6.80 |
| 0511 | ENDOTRACH TUBE 8.0 CUFFED | 5437397 | | 1 | 9.40 |
| 0511 | GAUZE XEROFOAM 5X9 INCH | 5442777 | | 1 | 4.60 |
| 0511 | IV VENI PREP KIT II | 5450796 | | 1 | 3.80 |
| 0511 | PCA EXTENSION SET | 5468699 | | 1 | 17.70 |
| 0511 | SET 40" TWO PORT SMARTSITE EXTENSION | 5475834 | | 1 | 12.30 |
| 0511 | SET, SIGNATURE STRD 3Y-SITE CHECK VALVE | 5476158 | | 1 | 25.60 |

CONTINUED

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

**VALLEY BAPTIST MEDICAL CENTER**
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550                    :8
(956) 389-2060

PAGE   3 OF   4

DATE:
12/10/99..

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99          ACCOUNT NO: 982745390

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 0511 | SET, SIGNATURE STRD 3Y-SITE CHECK VALVE | | 5476158 | | 1 | 25.60 |
| 0511 | SET UNIVERSAL SECONDARY | | 5476197 | | 1 | 8.50 |
| 0511 | STYLET ADULT | | 5478953 | | 1 | 11.10 |
| 0511 | SUCTION CATH YANKAUER | | 5479043 | | 1 | 4.60 |
| 0511 | CAST PADDING  6" | | 7500119 | | 1 | 11.70 |
| 0511 | CAST LEG SHORT ADULT REG | HG07700 | 7508955 | | 1 | 56.00 |
| 0511 | KIT LTA | | 7510621 | | 1 | 14.10 |
| 0511 | MASK FLEXIBLE FACE ADULT 5253 | | 7514987 | | 1 | 16.20 |
| 0512 | DIAL A FLO IV EXT SET | | 5433206 | | 1 | 20.30 |
| 0512 | SET, SIGNATURE STRD 3Y-SITE CHECK VALVE | | 5476158 | | 2 | 51.20 |
| 0512 | SET, .22 FILTER EXTENSION | | 5476260 | | 1 | 12.90 |
| 0513 | VALVE LUER LOCK SMARTSITE NEEDLELESS | | 5468965 | | 1 | 4.50 |
| 0511 | TUBE CONNECT STERILE ORTHO #3655 | | 7507965 | | 1 | 5.10 |
| 0511 | PIN STEINMAN DEPUY 1653-37 THREADED | | 7515869 | | 1 | 64.50 |
| 0511 | PIN STEINMAN DEPUY 1653-27 THREADED | | 7557069 | | 1 | 63.00 |
| 0511 | COMPREHENSIVE METABOLIC PANEL | | 0323451 | 80054 | 1 | 263.75 |
| 0511 | CBC  W/O DIFF | | 0603020 | 85027 | 1 | 31.25 |
| 0511 | PROTHROMBIN TIME | G495850 | 0634303 | 85610 | 1 | 40.75 |
| 0511 | PTT | G443850 | 0634402 | 85730 | 1 | 57.25 |
| 0513 | CBC  W/O DIFF | | 0603020 | 85027 | 1 | 31.25 |
| 0513 | PROTHROMBIN TIME | G495850 | 0634303 | 85610 | 1 | 40.75 |
| 0514 | CBC  W/O DIFF | | 0603020 | 85027 | 1 | 31.25 |
| 0514 | PROTHROMBIN TIME | G495850 | 0634303 | 85610 | 1 | 40.75 |
| 0511 | OS CALSIS HEEL L-R | E3C5500 | 2101038 | 73650 | 1 | 102.00 |
| 0511 | OS CALSIS HEEL L-R | E3C5500 | 2101038 | 73650 | 1 | 102.00 |
| 0511 | FLUOROSCOPY 1-30 MIN | E1X8600 | 2123016 | 76000 | 1 | 120.50 |
| 0511 | OR-FIRST 30 MINUTES | CA00030 | 6010029 | | 1 | 765.00 |
| 0511 | OR EACH ADDITNL 30 MINUTES | CA00830 | 6010037 | | 2 | 466.50 |
| 0511 | ANESTHESIA FIRST 30 MINUTES | D500330 | 3500014 | | 1 | 356.50 |
| 0511 | ANESTHESIA EA. ADDL 30 MIN | D500630 | 3500022 | | 2 | 383.00 |
| 0511 | OXYGEN CONT MIN/1-4 HRS | J200300 | 3615077 | 94799 | 1 | 67.75 |
| 0512 | GAIT TRAINING ONE | L000100 | 3720018 | 97116 | 1 | 55.25 |
| 0512 | GAIT TRAINING ONE | L000100 | 3720018 | 97116 | 1 | 55.25 |
| 0512 | ASSESSMENT-1 PROCEDURE | L000100 | 3737012 | 97001 | 1 | 55.25 |
| 0511 | RECOVERY-1 TOTAL HOUR | B020060 | 6531016 | | 1 | 315.75 |
| 0511 | EKG | Q505150 | 1200021 | 93005 | 1 | 124.00 |

TOTAL CHARGES               6518.74
PAYMENTS/ADJUSTMENTS            0.00

BALANCE                     6518.74

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 64 of 140

# VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99          ACCOUNT NO: 982745390

ESCUDERO, JOSE                              GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS      TX    78566                     F/C: ST FM HGN

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
| | PRIVATE MONITOR | | 111 | 3 | 1,425.00 |
| | PHARMACY | | 250 | 32 | 644.83 |
| | S/A/PHARMACY | | 259 | 27 | 63.66 |
| | IV THERAPY | | 260 | 13 | 391.25 |
| | MED/SURG SUPPLY | | 270 | 22 | 355.65 |
| | STERILE SUPPLY | | 272 | 1 | 5.10 |
| | MED/SURG SUP, OTHER IMPLANTS | | 278 | 2 | 127.50 |
| | LAB/CHEMISTRY | | 301 | 1 | 263.75 |
| | LAB/HEMOTOLOGY | | 305 | 7 | 273.25 |
| | DX X-RAY | | 320 | 3 | 324.50 |
| | O/R SERVICES | | 360 | 3 | 1,231.50 |
| | ANESTHESIA | | 370 | 3 | 739.50 |
| | RESPIRATORY | | 410 | 1 | 67.75 |
| | PHYSICAL THERAPY | | 420 | 3 | 165.75 |
| | RECOVERY ROOM | | 710 | 1 | 315.75 |
| | EKG/ECG | | 730 | 1 | 124.00 |

TOTAL CHARGES              6518.74
PAYMENTS/ADJUSTMENTS          0.00

BALANCE                    6518.74

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER                PAGE   1 OF   4
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
10/10/00

PATIENT NAME: ESCUDERO, JOSE                 MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99        ACCOUNT NO: 982745390


ESCUDERO, JOSE                               GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS    TX    78566                   F/C: ST FM HGN


| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 0530 | PMT - PRIVATE PAY NO PRIM COVER | | 9900002 | | 1 | 3055.60- |
| 0511 | ROOM & CARE PVT 6ST | A102001 | 0013128 | | 1 | 475.00 |
| 0512 | ROOM & CARE PVT 6ST | A102001 | 0013128 | | 1 | 475.00 |
| 0513 | ROOM & CARE PVT 6ST | A102001 | 0013128 | | 1 | 475.00 |
| 0511 | SUPRANE GAS 1 TO 4 HOURS | | 3010709 | | 1 | 165.00 |
| 0511 | TORADOL INJ 60MG/2ML | | 3015021 | | 1 | 30.97 |
| 0511 | MORPHINE 10MG/ML VIAL | | 3016045 | | 1 | 2.04 |
| 0511 | DIPRIVAN 200MG/20ML AMP | | 3019718 | | 1 | 53.13 |
| 0511 | PROSTIGMIN 1:1000 10CC VIAL | | 3021565 | | 1 | 2.92 |
| 0511 | ROBINUL 0.2MG/ML 1ML | | 3022605 | | 2 | 2.32 |
| 0511 | ZEMURON 10MG/ML 5ML VIAL | | 3030079 | | 1 | 55.00 |
| 0511 | KEFZOL 1GM ADD-VANTAGE VIAL | | 3031568 | | 1 | 10.62 |
| 0511 | ZOFRAN 2MG/ML 2ML SDV | | 3045705 | | 1 | 66.16 |
| 0511 | XYLOCAINE 1% 2CC AMP | | 3048014 | | 1 | 1.16 |
| 0511 | XYLOCAINE 2% 10CC AMP | | 3050317 | | 1 | 3.14 |
| 0511 | ANECTINE 20MG/CC 10CC | | 3065182 | | 1 | 16.78 |
| 0511 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |
| 0511 | VERSED 1MG/ML 2ML VL | | 3088234 | | 1 | 21.84 |
| 0511 | MORPHINE 1MG/CC 30CC PCA VI | | 3088606 | | 1 | 31.46 |
| 0511 | SUBLIMAZE 5CC AMP | | 3093051 | | 1 | 1.65 |
| 0512 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0512 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0512 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0512 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0512 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0512 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0512 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |
| 0512 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |
| 0512 | MORPHINE 1MG/CC 30CC PCA VI | | 3088606 | | 1 | 31.46 |
| 0512 | MORPHINE 1MG/CC 30CC PCA VI | | 3088606 | | 1 | 31.46 |
| 0513 | CEFAZOLIN 1GM ADD-VANTAGE VIAL | | 3004619 | | 1 | 4.79 |
| 0513 | SODIUM CHLORIDE 0.9% 10ML SYRINGE | | 3031388 | | 2 | 3.52 |
| 0513 | PB-GENTAMYCIN 80MG/NS 100ML | | 3080870 | | 1 | 11.99 |
| 0513 | PEPCID 20MG/2ML VIAL | | 3081346 | | 1 | 11.77 |


CONTINUED

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL-CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 66 of 140

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
10/10/00

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99          ACCOUNT NO: 982745390

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| 0511 | HALEY'S MO OZ | 3000874 | | 1 | 2.04 |
| 0511 | PEPCID 20MG TAB | 3001302 | | 1 | 3.63 |
| 0511 | POVIDONE IODINE OINT OZ | 3003027 | | 1 | 4.51 |
| 0511 | REGLAN 10MG TAB | 3007374 | | 1 | 0.40 |
| 0511 | KENALOG CR 0.1% U.D. | 3069978 | | 1 | 5.50 |
| 0512 | THERAPEUTIC VIT W/MINERALS | 3026390 | | 1 | 0.40 |
| 0512 | TYLENOL 5GR TAB | 3027893 | | 2 | 0.80 |
| 0512 | TYLENOL 5GR TAB | 3027893 | | 2 | 0.80 |
| 0512 | TYLENOL 5GR TAB | 3027893 | | 2 | 0.80 |
| 0513 | PEPCID 20MG TAB | 3001302 | | 1 | 3.63 |
| 0513 | CIPRO 500MG TAB | 3018553 | | 1 | 16.56 |
| 0513 | THERAPEUTIC VIT W/MINERALS | 3026390 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 1 | 0.40 |
| 0513 | DARVOCET-N 100 TAB | 3031580 | | 2 | 0.80 |
| 0514 | PEPCID 20MG TAB | 3001302 | | 1 | 3.63 |
| 0514 | CIPRO 500MG TAB | 3018553 | | 1 | 16.56 |
| 0514 | DARVOCET-N 100 TAB | 3031580 | | 2 | 0.80 |
| 0514 | DARVOCET-N 100 TAB | 3031580 | | 2 | 0.80 |
| 0511 | IV -LR 1000CC | 7754120 | J7120 | 1 | 28.50 |
| 0511 | IV -LR 1000CC | 7754120 | J7120 | 1 | 28.50 |
| 0511 | IV -LR 1000CC | 7754120 | J7120 | 1 | 28.50 |
| 0511 | IV -LR 1000CC | 7754120 | J7120 | 1 | 28.50 |
| 0511 | IVP-NS 50ML ADV | 7756174 | J7050 | 1 | 32.50 |
| 0511 | IRG NSI (POUR BTL) 1000ML | 7770019 | Q0081 | 1 | 28.25 |
| 0511 | IRG DWI (POUR BTL) 1000ML | 7770035 | Q0081 | 1 | 28.00 |
| 0512 | IV  D5 LR 1000CC | 7752272 | J3490 | 1 | 29.25 |
| 0512 | IVP-NS 50ML ADV | 7756174 | J7050 | 1 | 32.50 |
| 0512 | IVP-NS 50ML ADV | 7756174 | J7050 | 1 | 32.50 |
| 0512 | IVP-NS 50ML ADV | 7756174 | J7050 | 1 | 32.50 |
| 0513 | IV  D5 LR 1000CC | 7752272 | J3490 | 1 | 29.25 |
| 0513 | IVP-NS 50ML ADV | 7756174 | J7050 | 1 | 32.50 |
| 0511 | RESPIRATORY SET-UP (SUPPLY) | 3610003 | | 1 | 38.75 |
| 0511 | ABBOCATH-T 18GA X 1-1/4" | 5400098 | | 2 | 6.80 |
| 0511 | ENDOTRACH TUBE 8.0 CUFFED | 5437397 | | 1 | 9.40 |
| 0511 | GAUZE XEROFOAM 5X9 INCH | 5442777 | | 1 | 4.60 |
| 0511 | IV VENI PREP KIT II | 5450796 | | 1 | 3.80 |

CONTINUED

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL-CENTER

```
              VALLEY BAPTIST MEDICAL CENTER          PAGE    3 OF    4
               2101 PEASE STREET  P.O. DRAWER 2588
                    HARLINGEN, TEXAS 78550
                      (956)389-2060
                                                              DATE:
                                                              10/10/00

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99      ACCOUNT NO: 982745390
```

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|---|---|---|---|---|---|---|
| 0511 | PCA EXTENSION SET | | 5468699 | | 1 | 17.70 |
| 0511 | SET 40" TWO PORT SMARTSITE EXTENSION | | 5475834 | | 1 | 12.30 |
| 0511 | SET, SIGNATURE STRD 3Y-SITE CHECK VALVE | | 5476158 | | 1 | 25.60 |
| 0511 | SET, SIGNATURE STRD 3Y-SITE CHECK VALVE | | 5476158 | | 1 | 25.60 |
| 0511 | SET UNIVERSAL SECONDARY | | 5476197 | | 1 | 8.50 |
| 0511 | STYLET ADULT | | 5478953 | | 1 | 11.10 |
| 0511 | SUCTION CATH YANKAUER | | 5479043 | | 1 | 4.60 |
| 0511 | CAST PADDING  6" | | 7500119 | | 1 | 11.70 |
| 0511 | CAST LEG SHORT ADULT REG | HG07700 | 7508955 | | 1 | 56.00 |
| 0511 | KIT LTA | | 7510621 | | 1 | 14.10 |
| 0511 | MASK FLEXIBLE FACE ADULT 5253 | | 7514987 | | 1 | 16.20 |
| 0512 | DIAL A FLO IV EXT SET | | 5433206 | | 1 | 20.30 |
| 0512 | SET, SIGNATURE STRD 3Y-SITE CHECK VALVE | | 5476158 | | 2 | 51.20 |
| 0512 | SET, .22 FILTER EXTENSION | | 5476260 | | 1 | 12.90 |
| 0513 | VALVE LUER LOCK SMARTSITE NEEDLELESS | | 5468965 | | 1 | 4.50 |
| 0511 | TUBE CONNECT STERILE ORTHO #3655 | | 7507965 | | 1 | 5.10 |
| 0511 | PIN STEINMAN DEPUY 1653-37 THREADED | | 7515869 | | 1 | 64.50 |
| 0511 | PIN STEINMAN DEPUY 1653-27 THREADED | | 7557069 | | 1 | 63.00 |
| 0511 | COMPREHENSIVE METABOLIC PANEL | | 0323451 | 80053 | 1 | 263.75 |
| 0511 | CBC  W/O DIFF | | 0603020 | 85027 | 1 | 31.25 |
| 0511 | PROTHROMBIN TIME | G495850 | 0634303 | 85610 | 1 | 40.75 |
| 0511 | PTT | G443850 | 0634402 | 85730 | 1 | 57.25 |
| 0513 | CBC  W/O DIFF | | 0603020 | 85027 | 1 | 31.25 |
| 0513 | PROTHROMBIN TIME | G495850 | 0634303 | 85610 | 1 | 40.75 |
| 0514 | CBC  W/O DIFF | | 0603020 | 85027 | 1 | 31.25 |
| 0514 | PROTHROMBIN TIME | G495850 | 0634303 | 85610 | 1 | 40.75 |
| 0511 | OS CALSIS HEEL L-R | E3C5500 | 2101038 | 73650 | 1 | 102.00 |
| 0511 | OS CALSIS HEEL L-R | E3C5500 | 2101038 | 73650 | 1 | 102.00 |
| 0511 | FLUOROSCOPY 1-30 MIN | E1X8600 | 2123016 | 76000 | 1 | 120.50 |
| 0511 | OR-FIRST 30 MINUTES | CA00030 | 6010029 | | 1 | 765.00 |
| 0511 | OR EACH ADDITNL 30 MINUTES | CA00830 | 6010037 | | 2 | 466.50 |
| 0511 | ANESTHESIA FIRST 30 MINUTES | D500330 | 3500014 | | 1 | 356.50 |
| 0511 | ANESTHESIA EA. ADDL 30 MIN | D500630 | 3500022 | | 2 | 383.00 |
| 0511 | OXYGEN CONT MIN/1-4 HRS | J200300 | 3615077 | 94799 | 1 | 67.75 |
| 0512 | GAIT TRAINING ONE | L000100 | 3720018 | 97116 | 1 | 55.25 |
| 0512 | GAIT TRAINING ONE | L000100 | 3720018 | 97116 | 1 | 55.25 |
| 0512 | ASSESSMENT-1 PROCEDURE | L000100 | 3737012 | 97001 | 1 | 55.25 |
| 0511 | RECOVERY-1 TOTAL HOUR | B020060 | 6531016 | | 1 | 315.75 |
| 0511 | EKG | Q505150 | 1200021 | 93005 | 1 | 124.00 |

```
                                       TOTAL CHARGES         6518.74
                                       PAYMENTS/ADJUSTMENTS  3055.60-

                                       ***BALANCE***          3463.14
```

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL-CENTER

VALLEY BAPTIST MEDICAL CENTER            PAGE    4 OF    4
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
10/10/00

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/11/99 TO 05/14/99          ACCOUNT NO: 982745390


ESCUDERO, JOSE                          GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS    TX   78566                     F/C: ST FM HGN


| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
| | PAYMENTS | | 099 | 1 | 3,055.60- |
| | ROOM AND BOARD PRIVATE | | 111 | 3 | 1,425.00 |
| | PHARMACY | | 250 | 32 | 644.83 |
| | S/A/PHARMACY | | 259 | 27 | 63.66 |
| | IV THERAPY | | 260 | 13 | 391.25 |
| | MED/SURG SUPPLY | | 270 | 22 | 355.65 |
| | STERILE SUPPLY | | 272 | 1 | 5.10 |
| | MED/SURG SUP, OTHER IMPLANTS | | 278 | 2 | 127.50 |
| | LAB/CHEMISTRY | | 301 | 1 | 263.75 |
| | LAB/HEMOTOLOGY | | 305 | 7 | 273.25 |
| | DX X-RAY | | 320 | 3 | 324.50 |
| | O/R SERVICES | | 360 | 3 | 1,231.25 |
| | ANESTHESIA | | 370 | 3 | 739.50 |
| | RESPIRATORY | | 410 | 1 | 67.75 |
| | PHYSICAL THERAPY | | 420 | 3 | 165.75 |
| | RECOVERY ROOM | | 710 | 1 | 315.75 |
| | EKG/ECG | | 730 | 1 | 124.00 |


TOTAL CHARGES              6518.74
PAYMENTS/ADJUSTMENTS       3055.60-

***BALANCE***             3463.14

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL-CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 69 of 140

# VALLEY BAPTIST MEDICAL CENTER
## 2101 PEASE STREET  P.O. DRAWER 2588
### HARLINGEN, TEXAS 78550
(956) 389-2060

PAGE    1 OF    2

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99

ACCOUNT NO: 982742835

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS    TX    78566

GUARANTOR NO: 000138411

F/C: ST FM AUS

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|---|---|---|---|---|---|---|
| 0510 | HYDROXYZINE 50MG/1CC VL | | 3029121 | | 1 | 1.05 |
| 0510 | MEPERIDINE 50MG INJ | | 3033768 | | 1 | 2.09 |
| 0510 | CRUTCH ADULT EACH LARGE | | 5422423 | | 2 | 38.40 |
| 0510 | SPLINT FIBERGLASS 5 INCH | | 7586613 | | 1 | 72.00 |
| 0510 | ANKLE L-R | E0H0500 | 2100790 | 73610 | 1 | 130.25 |
| 0510 | FOOT L-R | E1Z5500 | 2100873 | 73630 | 1 | 112.50 |
| 0510 | ER LEVEL I (0-2 HRS) | B000263 | 7810013 | 99201 | 1 | 128.75 |

TOTAL CHARGES          485.04
PAYMENTS/ADJUSTMENTS     0.00

BALANCE                485.04

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

PAGE   2 OF   2

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99        ACCOUNT NO: 982742835


ESCUDERO, JOSE                          GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS      TX   78566                 F/C: ST FM AUS

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
|      | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
|      | PHARMACY |  | 250 | 2 | 3.14 |
|      | MED/SURG SUPPLY |  | 270 | 3 | 110.40 |
|      | DX X-RAY |  | 320 | 2 | 242.75 |
|      | EMERGENCY ROOM |  | 450 | 1 | 128.75 |

TOTAL CHARGES            485.04
PAYMENTS/ADJUSTMENTS       0.00

BALANCE                  485.04

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 71 of 140

# VALLEY BAPTIST MEDICAL CENTER
## 2101 PEASE STREET  P.O. DRAWER 2588
## HARLINGEN, TEXAS 78550
## (956) 389-2060

PAGE   1 OF   2

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99

ACCOUNT NO: 982742835

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS    TX    78566

GUARANTOR NO: 000138411

F/C: ST FM AUS

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 0510 | HYDROXYZINE 50MG/1CC VL | | 3029121 | | 1 | 1.05 |
| 0510 | MEPERIDINE 50MG INJ | | 3033768 | | 1 | 2.09 |
| 0510 | CRUTCH ADULT EACH LARGE | | 5422423 | | 2 | 38.40 |
| 0510 | SPLINT FIBERGLASS 5 INCH | | 7586613 | | 1 | 72.00 |
| 0510 | ANKLE L-R | E0H0500 | 2100790 | 73610 | 1 | 130.25 |
| 0510 | FOOT L-R | E1Z5500 | 2100873 | 73630 | 1 | 112.50 |
| 0510 | ER LEVEL I (0-2 HRS) | B000263 | 7810013 | 99201 | 1 | 128.75 |

| | | |
|---|---|---|
| TOTAL CHARGES | 485.04 | |
| PAYMENTS/ADJUSTMENTS | 0.00 | |
| BALANCE | 485.04 | |

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

PAGE    2 OF   2

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99

ACCOUNT NO: 982742835

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS     TX    78566

GUARANTOR NO: 000138411

F/C: ST FM AUS

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
| | PHARMACY | | 250 | 2 | 3.14 |
| | MED/SURG SUPPLY | | 270 | 3 | 110.40 |
| | DX X-RAY | | 320 | 2 | 242.75 |
| | EMERGENCY ROOM | | 450 | 1 | 128.75 |

| | |
|---|---|
| TOTAL CHARGES | 485.04 |
| PAYMENTS/ADJUSTMENTS | 0.00 |
| BALANCE | 485.04 |

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER          PAGE   1 OF   2
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

                                                  DATE:
                                                  05/23/00

PATIENT NAME: ESCUDERO, JOSE              MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99      ACCOUNT NO: 982742835


    ESCUDERO, JOSE                       GUARANTOR NO: 000138411
    RT 3 BOX 154
    LOS FRESNOS     TX    78566               F/C: ST FM AUS


| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 0510 | HYDROXYZINE 50MG/1CC VL | | 3029121 | | 1 | 1.05 |
| 0510 | MEPERIDINE 50MG INJ | | 3033768 | | 1 | 2.09 |
| 0510 | CRUTCH ADULT EACH LARGE | | 5422423 | | 2 | 38.40 |
| 0510 | SPLINT FIBERGLASS 5 INCH | | 7586613 | | 1 | 72.00 |
| 0510 | ANKLE L-R | E0H0500 | 2100790 | 73610 | 1 | 130.25 |
| 0510 | FOOT L-R | E1Z5500 | 2100873 | 73630 | 1 | 112.50 |
| 0510 | ER LEVEL I (0-2 HRS) | B000263 | 7810013 | 99201 | 1 | 128.75 |


                                   TOTAL CHARGES          485.04
                                   PAYMENTS/ADJUSTMENTS     0.00

                                   ***BALANCE***          485.04

        BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 74 of 140

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
05/23/00

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99         ACCOUNT NO: 982742835


ESCUDERO, JOSE                          GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS    TX   78566                   F/C: ST FM AUS


| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|---|---|---|---|---|---|
| | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
| | PHARMACY | | 250 | 2 | 3.14 |
| | MED/SURG SUPPLY | | 270 | 3 | 110.40 |
| | DX X-RAY | | 320 | 2 | 242.75 |
| | EMERGENCY ROOM | | 450 | 1 | 128.75 |

TOTAL CHARGES              485.04
PAYMENTS/ADJUSTMENTS          0.00

***BALANCE***              485.04

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 75 of 140

**VALLEY BAPTIST MEDICAL CENTER**
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
10/10/00

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99

ACCOUNT NO: 983522418

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS    TX    78566

GUARANTOR NO: 000138411

F/C: ST FM HGN

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 1217 | CT MULTIPLNR RECONSTRUCTION | E1M2625 | 2780005 | 76375 | 1 | 535.00 |
| 1217 | CT LOWER EXTREM W/O CNTRST | E1M1055 | 2771004 | 73700 | 1 | 956.55 |

TOTAL CHARGES            1491.55
PAYMENTS/ADJUSTMENTS        0.00

***BALANCE***            1491.55

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193  Document 26  Filed in TXSD on 11/07/2001  Page 76 of 140

VALLEY BAPTIST MEDICAL CENTER                PAGE   2 OF   2
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060
                                                    DATE:
                                                    10/10/00

PATIENT NAME: ESCUDERO, JOSE                 MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99      ACCOUNT NO: 983522418


    ESCUDERO, JOSE                          GUARANTOR NO: 000138411
    RT 3 BOX 154
    LOS FRESNOS    TX   78566                    F/C: ST FM HGN


DATE        DESCRIPTION              CHARGE #   CPT   QUAN   AMOUNT

            ----- SUMMARY OF DETAIL CHARGES ------
            DX X-RAY                           320    1     535.00
            CT SCAN/BODY                       352    1     956.55











                                    TOTAL CHARGES        1491.55
                                    PAYMENTS/ADJUSTMENTS     0.00

                                    ***BALANCE***         1491.55

        BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER                    PAGE    1 OF    2
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
05/23/00

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99           ACCOUNT NO: 983522418


STATE FARM, INS                         GUARANTOR NO: 000127837
P O BOX 531768
HARLINGEN      TX    78553                   F/C: ST FM HGN


| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| 1217 | CT MULTIPLNR RECONSTRUCTION E1M2625 | 2780005 | 76375 | 1 | 535.00 |
| 1217 | CT LOWER EXTREM W/O CNTRST  E1M1055 | 2771004 | 73700 | 1 | 956.55 |


TOTAL CHARGES              1491.55
PAYMENTS/ADJUSTMENTS          0.00

***BALANCE***              1491.55

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

**VALLEY BAPTIST MEDICAL CENTER**
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

PAGE   2 OF   2

DATE:
05/23/00

PATIENT NAME: ESCUDERO, JOSE                      MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99         ACCOUNT NO: 983522418


STATE FARM, INS                          GUARANTOR NO: 000127837
P O BOX 531768
HARLINGEN      TX    78553                    F/C: ST FM HGN


| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
| | DX X-RAY | | 320 | 1 | 535.00 |
| | CT SCAN/BODY | | 352 | 1 | 956.55 |


TOTAL CHARGES            1491.55
PAYMENTS/ADJUSTMENTS         0.00

***BALANCE***            1491.55

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

DONALD VARGAS, M.D.P.A.          DATE: 01/17/00
Patient Detail Sheet
For: JOSE R ESCUDERO
==============================================

```
I.D. NO: 12888.0                    Phone: (956)778-0802  Budget: N
   Name: JOSE R ESCUDERO           Doctor:1  Office: 1  DOB: 05/22/68
Address: 624 S PLEASANTVIEW #8   Last Visit: 12/29/99 Cur Bal:   458.11
   City: WESLACO            State: TX Zipcode: 78596-      Ins:
```
==============================================

| DATE | CODE | DESCRIPTION | | CHARGE | PMT | BAL |
|------|------|-------------|--|--------|-----|-----|
| 05/11/99 | 99203 | NEW PATIENT VISITS DET | 1 | 142.22 | | 142.22 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -142.22 | 0.00 |
| | | | | | | |
| 05/19/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| 05/19/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 156.11 |
| 05/19/99 | 29405 LT | SHORT LEG CAST FIBERGL | 1 | 180.75 | | 336.86 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -336.86 | 0.00 |
| | | | | | | |
| 05/28/99 | 99213 | OFFICE/OUTPATIENT VISI | 1 | 85.34 | | 85.34 |
| 05/28/99 | 29425 | SHORT LEG WALKING CAST | 1 | 131.51 | | 216.85 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -216.85 | 0.00 |
| | | | | | | |
| 06/18/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| 06/18/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 156.11 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -156.11 | 0.00 |
| | | | | | | |
| 06/21/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| 06/21/99 | 29405 | SHORT LEG CAST FIBERGL | 1 | 180.75 | | 251.17 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -251.17 | 0.00 |
| | | | | | | |
| 05/11/99 | 28406 LT | PERCUTANEOUS SKELETAL | 1 | 787.50 | | 787.50 |
| 05/11/99 | 76000 LT | X-RAY FLUOROSCOPY EXAM | 1 | 131.44 | | 918.94 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -918.94 | 0.00 |
| | | | | | | |
| 07/07/99 | 99213 | OFFICE/OUTPATIENT VISI | 1 | 85.34 | | 85.34 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -85.34 | 0.00 |
| | | | | | | |
| 07/14/99 | 99213 | OFFICE/OUTPATIENT VISI | 1 | 85.34 | | 85.34 |
| 07/14/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 171.03 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -171.03 | 0.00 |
| | | | | | | |
| 08/25/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| 08/25/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 156.11 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -156.11 | 0.00 |
| | | | | | | |
| 07/08/99 | 20680 | REMOVAL IMPLANT DEEP(E | 1 | 630.00 | | 630.00 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 1636 | | | -630.00 | 0.00 |
| | | | | | | |
| 12/06/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| 12/06/99 | 73610 | LT X-RAY ANKLE 3 VIEWS | 1 | 81.58 | | 152.00 |
| 12/06/99 | 73630 | LT X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 237.69 |
| | | | | | | |
| 12/29/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 308.11 |
| 12/29/99 | L4360 | SHORT LEG BRACE (GREAT | 1 | 150.00 | | 458.11 |

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 80 of 140

From: HARLINGEN ANESTHESIA
1702 ED CAREY DRIVE

HARLINGEN TX 78550

Phone # (956) 423-4589
Tax Id. 74-2661711

09-15-99

Regarding: JOSE R ESCUDERO
SS #: 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
106 ANACUA
LOS FRESNOS TX 78566

JOSE R ESCUDERO
106 ANACUA
LOS FRESNOS TX 78566

Account # : 74232
Home Phone : (956) 778-0802
Work Phone :
Employer :
Referred by: DONALD VARGAS,MD

Sex        : M
Chart      : 9901167
Age        : 31 yr, 03 mo.
Date of Birth: 05-22-68
Accident Date:

| Doc | Physician | Tax I.D. # | Provider # |
|---|---|---|---|
| 1 | DONALD G LEE, MD | 74-2661711 | 841779 |

| Loc | Location Name |
|---|---|
| 5 | VB AMBULATORY CENTER |

| Insurance Company | Policy Number | Group Number | Auth. Number | Provider Id. |
|---|---|---|---|---|
| STE FARM INS.CO | 530141734 | 00001 | | 841779 |

D-9  Description

1.0  AFTERCARE INVOLVING REMOVAL INTERNAL FIX DEVICE

| Loc | Ins. Filed | Diag. | ( Service From/To ) | CPT Code | (---------- Procedure ----------) | Amount |
|---|---|---|---|---|---|---|
| 22 | 07-30-99 | V54.0 | 07-08-99 | 7-20680-AA | 1035. REMOVAL OF IMPLANT FROM FOOT (BURIED WIRE, PIN, SCREW, NAIL, ROD, PLATE) 0 risk. Dur.  35 mins. | 390.00 |
| 22 | 07-30-99 | V54.0 | 07-08-99 | I-94770 | 593. CARBON DIOXIDE/MONITOR CARE AFTERCARE INVOLVING REMO | 65.00 |
| 22 | 07-30-99 | V54.0 | 07-08-99 | I-94760 | 594. PULSE OXIMETRY | 65.00 |

(Continued on the next page)

ent Number: 74232 (Continued from previous page)

AFTERCARE INVOLVING REMO

Total Activity ........... 520.00

M. Escudero
Amt Due, please send payment

Thank You

Connie

From: HARLINGEN ( )ESTHESIA
1702 ED CAREY DRIVE

HARLINGEN TX 78550

Phone # (956) 423-4589
Tax Id. 74-2661711

11-30-99                  Regarding: JOSE ESCUDERO
                          SS #: 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
                          624 S PLEASANTVIEW NO 8
                          WESLACO TX 78596

JOSE ESCUDERO
624 S PLEASANTVIEW NO 8
WESLACO TX 78596

Account #  :  72295              Sex     :  M
Home Phone :                     Chart   :  980745390
Work Phone : (956) 778-0802      Age     :  31 yr. 06 mo.
Employer   :                     Date of Birth: 05-22-68
Referred by: DONALD VARGAS,MD    Accident Date: 05-11-99

Doc    Physician                      Tax I.D. #    Provider #
----   ----------------------------   -----------   -----------
  4    LOUIS F LESTER,II,MD           74-2661711    841765

Loc    Location Name
----   ----------------------------
  1    VALLEY BAPTIST MED.CTR.

| urance Company | Policy Number | Group Number | Auth. Number | Provider Id. |
| --- | --- | --- | --- | --- |
| TE FARM INS CO | CLM 53-Q111-734 | | | 841783 |

I-9  Description
I.0  FRACTURED CALCANEUS CLOSED

| Loc | Ins. Filed | Diag. | ( Service From/To ) | CPT Code | (----------- Procedure -----------) | Amount |
| --- | --- | --- | --- | --- | --- | --- |
| 21 | 05-27-99 | 825.0 | 05-11-99 | 7-28415 | 240. ORIF FRACTURE CALCANEAL (HEEL) 0 risk. Dur. 85 mins. | 585.00 |
| 21 | 05-27-99 | 825.0 | 05-11-99 | 1-99140 | 106. ANESTHESIA COMPLICATED BY EMERGENCY CONDITION FRACTURED CALCANEUS CLOS | 130.00 |
| 21 | 05-27-99 | 825.0 | 05-11-99 | I-94770 | 593. CARBON DIOXIDE/MONITOR CARE | 65.00 |

(Continued on the next page)

nt Number: 72285 (Continued from previous page)

```
1    05-27-99  825.9  05-11-99         I-94760    594. PULSE OXIMETRY                65.00
                                                  FRACTURED CALCANEUS CLOS
                                                  FRACTURED CALCANEUS CLOS
```

                                        Total Activity ...........   845.00

*Please Send Payment.*

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 84 of 140

| STATEMENT OF ACCOUNT | AMOUNT DUE / PAGUE ESTA CANTIDAD | 393.00 |
|---|---|---|

PROVIDER OF SERVICE(S) / PROVEEDOR DE SERVICIOS
EMCARE-HAR EMERG PHYSICIANS        HAR
PO BOX 13826
PHILADELPHIA, PA 19101-3826

STATEMENT DATE: 06/04/99   1

DATE / FECHA DE VENCIMIENTO: 06/24/99   AMT SENT / CANTIDAD PAGA

Review insurance information below. Note changes and return to us.

Favor corrija su devuelva la información sobre su seguro a continuación

| ??? CALLMON - FRI / LLAME DE LUNES A VIERNES ??? DIAL TOLL FREE 1-(800)355-2470 9:30AM - 4:00PM | GUARANTOR PHONE NUMBER H: 956-778-0802 |
|---|---|

GUARANTOR

JOSE ESCUDERO
216 N TEXAS ST
MERCEDES, TX 78570

08011800009827428350003930000000000000001

PAYMENT PAYABLE TO / HAGASE EL PAGO A FAVOR DE:
EMCARE-HAR EMERG PHYSICIANS        HAR
PO BOX 13826
PHILADELPHIA, PA 19101-3826

| PATIENT NAME | PATIENT ACCOUNT #/ CUENTAS DEL PACIENTE | |
|---|---|---|
| JOSE ESCUDERO | HAR982742835 | 01 |

IMPORTANT MESSAGE REGARDING YOUR ACCOUNT / MENSAJE IMPORTANTE SOBRE SU CUENTA

PLEASE REMIT PAYMENT BY "PAYMENT DUE BY" DATE.   THANK YOU. / POR FAVOR PAGUE ANTES DE LA FECHA DE VENCIMIENTO.   GRACIAS.

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR REMITTANCE / FAVOR DE SEPARAR Y MANDAR LA PARTE DE ARRIBA CON EL CHEQUE

| PROVIDER OF SERVICE(S) / PROVEEDOR DE SERVICIO(S) EMCARE-HAR EMERG PHYSICIANS PO BOX 13826 PHILADELPHIA, PA 19101-3826 | Payments received after statement date shown will appear on next month's statement. | STATEMENT DATE 06/04/99 | ??? CALL MON - FRI / LLAME DE LUNES A VIERNES ??? DIAL TOLL FREE 1-(800)355-2470 9:30AM - 4:00PM   1 |
|---|---|---|---|

| PROVIDER TAX ID# 75-2628716 | PATIENT NAME JOSE ESCUDERO | PAT ACCT#/ CUENTAS DEL PACIENTE HAR982742835 |
|---|---|---|

| DATE | DX | QTY | PROCEDURE | PROCEDURE / PAYMENT DESCRIPTION PROVIDER OF SERVICE / SERVICE LOCATION | CHGS / CREDITS DEBITOS / CREDITOS | *INS BALANCE *BALANCE DEL SEGURO | PAT BALANCE BALANCE DEL PACIENTE |
|---|---|---|---|---|---|---|---|
| 05/10/99 | 825.0 | 1 | 28400-54- | TREAT HEEL FX DR. NARRA/VALLEY BAPTIST MEDICAL CENTER | 393.00 | | 393.00 |

| ACCOUNT TOTAL | *PENDING INSURANCE | AMOUNT DUE FROM PATIENT | | AMOUNT DUE BALANCE SEGURO CUBIERTO |
|---|---|---|---|---|
| | | CURRENT | PAST DUE | |
| 393.00 | 0.00 | 393.00 | 0.00 | 393.00 |

BILLING INFORMATION

*********************** IMPORTANT MESSAGE ***********************
THIS STATEMENT IS FOR THE DIRECT TREATMENT AND/OR SUPERVISION OF CARE YOU RECENTLY RECEIVED FROM AN EMERGENCY PHYSICIAN AT VALLEY BAPTIST MEDICAL CENTER.  THE FEES FOR THIS PRIVATE PHYSICIAN ARE BILLED SEPARATELY FROM ANY HOSPITAL CHARGES OR OTHER PROFESSIONAL FEES FOR WHICH YOU MAY ALSO BE RESPONSIBLE.  THEREFORE, SHOULD YOU RECEIVE A BILL FROM THE HOSPITAL OR OTHER PHYSICIANS FOR CHARGES IN CONNECTION WITH THIS VISIT, IT WILL NOT INCLUDE THE ITEMS LISTED ON THIS STATEMENT.  *****ESTA FACTURA SOLO REFLEJA SERVICIOS RECIBIDOS POR MEDICOS DE EMERGENCIA.*****

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE
PO BOX 2918
HARLINGEN, TX 78551                              1136

| CHECK CARD USING FOR PAYMENT | | | | |
|---|---|---|---|---|
| ☐ MASTERCARD | ☐ DISCOVER | ☐ VISA | ☐ AMERICAN EXPRESS | |
| CARD NUMBER | | | AMOUNT | |
| SIGNATURE | | | EXP. DATE | |

For Inquiry Call:      (956)423-6465

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 8/13/99 | 110.00 | 259162 |

Page:   1

SHOW AMOUNT
PAID HERE  $

* PLEASE INCLUDE ACCOUNT NUMBER ON YOUR CHECK. *

ADDRESSEE:                                    REMIT TO:

JOSE ESCUDERO
RT 3 BOX 154
LOS FRESNOS, TX 78566-9701

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

**STATEMENT**     PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

Please check box if address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

F-EBMVDA/S (4/97)

| Date | Procedure | ICD | POS | Description | Amount |
|---|---|---|---|---|---|
| | | | | Balance forward as of | 93.00 |
| | | | | Services for  JOSE ESCUDERO | |
| 07/07/99 | 85027 26 | 719.4 | OH | AUTOMATED HEMOGRAM & PLATELET COUNT | 13.00 |
| 07/07/99 | 81003 26 | 719.4 | OH | URINALYSIS AUTOMATED W/O SCOPE | 4.00 |

| Account No. | Billing Date | Responsible Party | Please Pay This Amount |
|---|---|---|---|
| 259162 | 8/13/99 | JOSE ESCUDERO | 110.00 |

Asterisked (*) items indicate that an insurance claim has been sent to your insurance company.

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

Telephone No.          (956)423-6465
Tax Identification No.  742161031

This bill is from the pathologists at Valley Baptist Medical Center. It covers the pathologist's professional services and the supervision and quality control necessary to perform each test.

Este cobro es de los patologicos del Valley Baptist Medical Center. Cubre los honorarios professionales de patologo y la superintedencia y control de calidad de cada examen.

1136*S7N0WBRZ2000480

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE
PO BOX 2918
HARLINGEN, TX 78551

1136

| For Inquiry Call: | (956)423-6465 |

CHECK CARD USING FOR PAYMENT

☐ MASTERCARD   ☐ DISCOVER   ☐ VISA   ☐ AMERICAN EXPRESS

| CARD NUMBER | AMOUNT |
| SIGNATURE | EXP. DATE |

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 9/17/99 | 110.00 | 259162 |

Page:   1

SHOW AMOUNT
PAID HERE   $

* PLEASE INCLUDE ACCOUNT NUMBER ON YOUR CHECK. *

| ADDRESSEE: | | REMIT TO: |

JOSE ESCUDERO
RT 3 BOX 154
LOS FRESNOS, TX 78566-9701

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

**STATEMENT**   PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

Please check box if address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

F-EBMVDA/S (4/97)

| Date | Procedure | ICD | POS | Description | Amount |
|---|---|---|---|---|---|
| | | | | Balance forward as of | 110.00 |

| Account No. | Billing Date | Responsible Party | | Please Pay This Amount |
|---|---|---|---|---|
| 259162 | 9/17/99 | JOSE ESCUDERO | | 110.00 |

Asterisked (*) items indicate that an insurance claim has been sent to your insurance company.

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

Telephone No.          (956)423-6465
Tax Identification No.

his bill is from the pathologists at Valley Baptist Medical Center. It covers the pathologist's professional ervices and the supervision and quality control necessary to perform each test.

ste cobro es de los patologicos del Valley Baptist Medical Center. Cubre los honorarios professionales le patologo y la superintedencia y control de calidad de cada examen.

**Pathology Laboratory**
PO Box 2918
Harlingen TX 78550

IRS# 74-2806547  Phone: 956/423-6465  Toll Free: 888/877-4882

| ACCOUNT NUMBER | DATE OF STATEMENT |
|---|---|
| 259162 | 11/26/1999 |
| PATIENT'S PHONE NUMBER | PATIENT'S DATE OF BIRTH |
| EMPLOYER | PRIMARY INSURANCE |
| ADMISSION DATE | SECONDARY INSURANCE |

PATIENT:
JOSE ESCUDERO

We accept MasterCard, VISA, Discover and American Express. See Credit Card information on back. We will file insurance for you. See information on back.

| AMOUNT PAID | |
|---|---|
| AMOUNT DUE | $17.00 |

MAKE CHECK PAYABLE & REMIT TO:

*4 ****************************3-DIGIT 785

JOSE ESCUDERO   259162
RR 3 BOX 154
LOS FRESNOS  TX 78566-9701

Pathology Laboratory
PO Box 2918
Harlingen TX 78550

PHYSSE01-0021585-0001049-0043946-001-000360-#001219

PLEASE CHECK BOX IF ABOVE ADDRESS IS INCORRECT AND INDICATE CHANGES ABOVE.

DETACH HERE AND RETURN THIS TOP PORTION WITH YOUR PAYMENT USING THE RETURN ENVELOPE ENCLOSED

| DATE | CPT | POS | PROC DESC | AMOUNT | DATE | CPT | POS | PROC DESC | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 10/22/99 | | | Balance forward | $110.00 | | | | | |
| | | | Services for JOSE ESCUDERO | | | | | | |
| 05/11/99 | 85027 | 26 IH | AUTOMATED HEMOGRAM & PL | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $13.00− | | | | | |
| 05/11/99 | 85610 | 26 IH | PROTHROMBIN TIME | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $11.00− | | | | | |
| 05/11/99 | 85730 | 26 IH | THROMBOPLASTIN TIME, PA | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $5.00− | | | | | |
| 05/11/99 | 80054 | 26 IH | CHEM PROFILE 12 | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $16.00− | | | | | |
| 05/13/99 | 85027 | 26 IH | AUTOMATED HEMOGRAM & PL | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $13.00− | | | | | |
| 05/13/99 | 85610 | 26 IH | PROTHROMBIN TIME | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $11.00− | | | | | |
| 05/14/99 | 85027 | 26 IH | AUTOMATED HEMOGRAM & PL | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $13.00− | | | | | |
| 05/14/99 | 85610 | 26 IH | PROTHROMBIN TIME | 825.0 | | | | | |
| 11/13/99 | Adj. | | Transferred to COLLECTION AG | $11.00− | | | | | |
| | | | Services have been placed in collections | | | | | | |

| PATIENT | ACCOUNT NUMBER | BALANCE DUE | |
|---|---|---|---|
| JOSE ESCUDERO | 259162 | → | $17.00 |

| ...ATION OF SERVICE | | PHYSICIAN PERFORMING SERVICE | DATE OF STATEMENT |
|---|---|---|---|
| | | | 11/26/1999 |

| ...NJURY DATE | ADMISSION DATE | DISCHARGE DATE | REFERRING PHYSICIAN | *PLACE OF SERVICE |
|---|---|---|---|---|
| | | | | 1. INPATIENT HOSPITAL  5 OFFICE<br>2. OUTPATIENT HOSPITAL  6 NURSING HOME<br>3. DOCTOR'S OFFICE AND LAB  7 OTHER<br>4. EMERGENCY ROOM  8 CLINIC |

Pathology Laboratory
PO Box 2918
Harlingen TX 78550

PHYSSE01-0021585-0001049-0043946-001-000360-#001219

IRS# 74-2806547  Phone: 956/423-6465  Toll Free: 888/877-4882

PLEASE DETACH AND RETURN TOP PC ☾ WITH YOUR
PAYMENT.

**MAKE CHECKS PAYABLE TO:**

VALLEY RADIOLOGISTS & ASSOCIATES
*1616 ED CAREY DRIVE*
*PO BOX 2918*
*HARLINGEN TX 78551-2918*

Address Service Requested

VALLEY RADIOLOGISTS & ASSOCIATES
PO BOX 2918
HARLINGEN TX 78551-2918

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. |
|---|
| CHECK CARD USING FOR PAYMENT  ☐  *VISA*   ☐ |
| CARD NUMBER | AMOUNT |
| SIGNATURE | EXP. DATE |

| STATEMENT DATE | PAY THIS AMOUNT | ACCT.# |
|---|---|---|
| 8/27/99 | 98.00 | 259162 |

Tax ID No:
For Inquiry: (956)423-6496

**SHOW AMOUNT PAID HERE  $**

```
*************AUTO**3-DIGIT 785
00000904   1 AT   0.261  01
JOSE ESCUDERO
RR 3 BOX 154
LOS FRESNOS TX 78566-9701
```

☐ Please check box if your address is incorrect or insurance information
has changed.  Indicate change(s) on reverse side.

| Date | Procedure | ICD | POS | Description | Amount |
|---|---|---|---|---|---|
| | Balance forward as of | | | 07/26/99 | 98.00 |

| Account No. | Billing Date | Responsible Party | Please Pay This Amount |
|---|---|---|---|
| 259162 | 8/27/99 | JOSE ESCUDERO | 98.00 |

Asterisked (*) items indicate that an insurance claim has been sent to your insurance company.

VALLEY RADIOLOGISTS & ASSOCIATES
1616 ED CAREY DRIVE
PO BOX 2918          Telephone No.   (956)423-6496          1 OF    1
HARLINGEN TX 78551-2918

| Current | 31-60 Days | 61-90 Days | 91-120 Days | Over 121 Days | Balance Due |
|---|---|---|---|---|---|
| | | 98.00 | | | 98.00 |

STATEMENT

MAKE CHECKS PAYABLE TO:

**VALLEY DIAGNOSTIC CLINIC**
**P.O. BOX 532007**
**HARLINGEN, TX 78553-2007**

(956)425-7200
(800)338-4590

PLEASE BILL MY (CIRCLE):          VISA          MASTERCARD

Acct. No. _____     Exp. Date _____

Signature _____

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|----------------|-----------------|---------|
| 12-01-99 | 22.00 | 101110 |

SHOW AMOUNT PAID HERE   $

ADDRESSEE:                                    REMIT TO:

JOSE J ESCUDERO
RT 3 BOX 154
LOS FRESNOS TX 78566-9701

VALLEY DIAGNOSTIC CLINIC
PO BOX 532007
HARLINGEN TX 78553-2007

Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

| ACCOUNT # | STATEMENT CLOSING DATE | DUE DATE | PATIENT RESPONSIBILITY | | PENDING MEDICARE* | INSURANCE** | PATIENT RESPONSIBILITY |
|-----------|------------------------|----------|------------------------|---|-------------------|-------------|------------------------|
| 101110 | 12-01-99 | 01-01-00 | 22.00 | | NO | .00 | 22.00 |

| DATE | DESCRIPTION | PHYSICIAN | ICD CODE | CPT CODE | MOD | UNITS DAYS | MEDICARE/ INSURANCE | PATIENT RESPONSIBILITY |
|------|-------------|-----------|----------|----------|-----|------------|---------------------|------------------------|
| | PREVIOUS BALANCE | | | | | | .00 | 22.00 |
| | | | | | | | | |

The Valley Diagnostic Clinic
P.O. Box 532007
Harlingen TX, 78553-2007

| | **TOTAL** | | | | | | .00 | 22.00 |

* A "yes" in the Pending Medicare column indicates you have current charges that have been filed with Medicare. These charges will be shown after Medicare pays and the exact balance is known.

** The balance in this column indicates your insurance has been filed. Please include in your payment any amount you owe toward deductible or co-insurance if known.

**NOTICE:  SEE REVERSE SIDE FOR ADDRESS CHANGE AND INSURANCE INFORMATION!**

 *Fondren Orthopedic Group L.L.P.*



PATIENT: **JOSE R ESCUDERO**
GUARANTOR: **JOSE R ESCUDERO**
STATEMENT DATE: 08/07/00   PN

7401 S. Main, Houston, Texas 77030-4509, (713) 799-2300, Federal ID# 76-0369866

| ATE OF SERVICE | DIAGNOSIS/ PROCEDURE | DESCRIPTION OF SERVICE | CHARGE AMOUNT | PAYMENTS/ ADJUSTMENT | ITEM BALANCE |
|---|---|---|---|---|---|
| 5 PEND IF | SHOWN BELOW | | BALANCE FORWARD | | 10172.00 |

| PERSONAL AMOUNT DUE | INSURANCE PENDING | WORKERS' COMP BALANCE | ACCOUNT BALANCE |
|---|---|---|---|
| | .00 | .00 | |

5341          388          3

IF PAYING BY PERSONAL CHECK, MAKE CHECK PAYABLE TO: FONDREN ORTHOPEDIC GROUP L.L.P.

IF PAYING BY CREDIT CARD, CHECK ONE:

( ) VISA        ( ) MASTERCARD        ( ) AMERICAN EXPRESS        ( ) DISCOVER

CARD NUMBER _____

EXPIRATION DATE _____

SEE REVERSE FOR INFORMATION
ON INSURANCE CLAIMS

SIGNATURE _____

AMOUNT ENCLOSED: $ _____

$10,172.00

JOSE R ESCUDERO
216 N TEXAS AVE

MERCEDES TX 78570

STATEMENT DATE: 08/07/00   PN

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 91 of 140

# GREATER HOUSTON ANESTHESIOLOGY

P.O. BOX 200535

HOUSTON, TEXAS 77216-0535 • PHONE 713 620-4040, EXT. 138

July 5, 2000

Jose Escudero
106 Anacua
Los Fresnos, TX  78566

Patient Name:     Jose Escudero
Account Number:   579397*1
Account Balance:  472.00
DOB:              05-03-00

Dear Jose Escudero:

Participar en su tratamiento medico ha sido un privilegio para
Greater Houston Anesthesiology.  Su seguro ha pagado los
cargos demandados conforme a su poliza y ha quedado un saldo
en su cuenta.  El saldo debe ser pagado por Ud.  Usted puede
pagar con cheque, money order o tarjeta de credito.  Haga el
favor de completar la informacion abajo para hacer pago con
tarjeta de credito.

Nosotros sabemos que el proceso de pago de demandas a seguros
es muy complicado y es dificil saber exactamente lo que es su
responsabilidad.  Si Ud. tiene alguna pregunta, por favor
llame a nuestra oficina al (713) 620-4040 lunes a jueves de
8:00 a.m. a 6:00 p.m. o 8:00 a.m. a medio dia el viernes.

Sinceramente,

Chikita C. Thomas
Account Rep.    (713)620-4040 x 159

Para pagar con tarjeta de credito complete la informacion que
sigue:

(  )Visa(  )American Express(  )MasterCard(  )Discover
Numero de la tarjeta:_____ Expiracion:_____
Firma del dueno de la tarjeta:_____ Cantidad:$_____
Escriba el nombre y la direccion del dueno de la tarjeta
abajo.

472.00

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 92 of 140

STATEMENT OF ACCOUNT FOR HOSPITAL SERVICES                    024186L

ESCUDERO JOS 000001406166016010000006888053

TX ORTHOPEDIC HOSPITAL
PO BOX 297701
HOUSTON, TX 77297-0701
1-800-758-3742

| | | | | PAGE | 1 OF 1 |

**ADDRESS SERVICE REQUESTED**

| 1406188 | ESCUDERO JOSE | OUTPT SURGERY 05/03/00 TO 05/04/00 | 09/05/00 | | $6,888.05 |

MAIL PAYMENT TO

ESCUDERO JOSE
106 ANACUA
LOS FRESNOS   TX 78566

TEXAS ORTHOPEDIC HOSP.
01601
P.O. BOX 98560
LOUISVILLE,KY 40298-8560

TO PAY BILL BY MAIL, PLEASE RETURN THIS PORTION WITH YOUR PAYMENT TO ENSURE PROPER CREDIT
TO PAY BY CREDIT CARD, SEE AUTHORIZATION NOTICE ON THE BACK.

## SUMMARY OF ACCOUNT

TRANSACTIONS MADE AFTER THE STATEMENT DATE WILL APPEAR ON THE NEXT STATEMENT

TX ORTHOPEDIC HOSPITAL
PO BOX 297701
HOUSTON, TX 77297-0701
1-800-758-3742

| 09/05/00 | 05/03/00 TO 05/04/00 |
| 1406188 | ESCUDERO JOSE |

ESTIMATED INSURANCE AMOUNT IS BASED ON OUR BEST INFORMATION.

| 0.00 | 7653.39 | 0.00 | 765.34 | 6,888.05 | 0.00 | $6,888.05 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *05/04/00 | OUTPT SURGERY VISIT | | | | PHARMACY | 16 | 458.18 |
| | IV SOLUTIONS | 8 | 773.77 | | DRGS/OTHER | 8 | 86.44 |
| | CENTRAL SUPPLY | 62 | 1,397.75 | | OR SERVICES | 3 | 2,152.50 |
| | ANESTHESIA | 3 | 1,042.00 | | RESPIRATORY SERVICES | 19 | 441.00 |
| | RECOVERY ROOM | 2 | 685.75 | | OBSERVATION ROOM | 22 | 616.00 |
| | PT CONVENIENCE | 1 | .00 | | TOTAL CHARGES | | 7,653.39 |
| *05/04/00 | PT CHECK-.2524 | | 4,500.00- | *06/07/00 | PAISANO CONSTRUCTN | | 4,500.00 |
| | | | | | TOTAL PAYMENTS | | 0.00 |
| *05/23/00 | PROMPT PAY PT ADJ | | 765.34- | | ACCOUNT BALANCE | | 6,888.05 |
| | | | | | DUE FROM PATIENT | | 6,888.05 |

* INDICATES NEW ITEMS SINCE LAST STATEMENT

IF YOU HAVE QUESTIONS REGARDING YOUR ACCOUNT, PLEASE CALL: 713-696-5666
   ACCOUNT BALANCE DUE IN FULL.

THANK YOU FOR CHOOSING US FOR YOUR HEALTHCARE   NEEDS.

THIS BILL IS FOR HOSPITAL SERVICES ONLY
PLEASE RETAIN THIS PORTION FOR YOUR RECORDS

# Inter-City Testing & Consulting Corporation



**Northeastern Office:**
167 Willis Avenue
Mineola, N.Y. 11501
(516) 747-8400
FAX: (516) 746-0111/21
Out of NYS:(800) 822-1515

**Southeastern Office:**
P.O. Box 2619
Jupiter, FL 33468-2619
(561) 745-7940
FAX. (561) 745-7939

May 22, 2001

Barry R. Benton, Esq.
284 Ebony Avenue
Brownsville, TX 78520-7120

IN REF:  Escudero v. Bauer

Dear Mr. Benton:

This is to inform you that I have completed my initial study, evaluation, and analysis of the materials submitted to me with regard to the above matter, which included but were not limited to the following:  the ladder that collapsed under Mr. Escudero, depositions, medical records, medical images (X-ray films), standards, discovery documents, blueprints, and other materials.  The opinions expressed in this preliminary report are to a reasonable degree of engineering, biomedical engineering, and scientific certainty.  This present report necessarily rebuts certain findings of Naismith Investigative Engineering Services as expressed in reports dated August 30, 1999, and September 29, 1999, which were prepared on behalf of Roger Becerra of State Farm Insurance Companies on behalf of defendant Bauer.

The accident, according to the records, occurred on May 10, 1999, at between 5:00 and 6:30 pm.  According to Mr. Escudero, he was given the ladder by a co-worker, Reymundo Medina, looked at it to ascertain that it was standing and acceptably strong, and climbed up on the ladder up to steps 4 or 5 to work on an overhead light fixture.  He estimated that he was up on the ladder for about 3 to 10 minutes before the ladder unexpectedly and without warning fell, throwing him to the floor, and causing a severe injury to his left foot and leg.  The medical records indicate a severe comminuted fracture of the left os calcis, with swelling. Complications ensued, and the foot was still painful as of the deposition of Mr. Escudero taken on May 3, 2001.  He apparently developed osteopenia in his left foot and leg.  He gave his height as 6'1" to 6'2" and his weight as 190 to 200 pounds at the time of the accident. He, according to the most recent medical records in my possession, required eventually on May 3, 2000, a partial synovectomy of the left ankle, peroneal tenosynovectomy and decompression for fibulotalar and fibulocalcaneal impingement, with additional surgery to rectify complications of the original injury.

Inspection of the subject ladder revealed a six-foot step ladder, fiberglass in construction, manufactured by the Bauer Corporation, Wooster, Ohio, with OSHA/ANSI sticker and warning/instruction labels.  The nomenclature for each leg, as shown by Naismith Engineering reports, is herein adopted: hang tags labelling each leg sequentially as Leg #1, Leg #2, Leg #3, and

Barry R. Benton, Esq.                -2-                May 22, 2001

Leg #4 were applied to the ladder to clearly indicate each leg as numbered and depicted in the August 30, 1999, report of Naismith Engineering, Photograph 1. References in the present report to the legs by number shall thus be similar to references in the Naismith Engineering reports, in regard to identification of the legs.

Regarding the August 30, 1999, report of Naismith Engineering, while I generally agree with the description of the ladder, I disagree with the entry under <u>Discussion</u> that "The cracking and other damage observed on the ladder is the result of excessive useage and/or misuse." The extent of the longitudinal cracking of the legs, particularly the back legs, was due to the propagation of pre-existing cracks at the time of the accident on May 10, 1999. Exclusive of this, the other damage and wear is from normal use, <u>not misuse</u>. The bent spreader is incidental and minor.

Additionally, regarding the August 30, 1999, report of Naismith Engineering, there is mention of an inability to obtain from Bauer Corporation any history of problems with this type of ladder or any known defects. I personally, to correct this miscommunication from Bauer to Naismith, gave a detailed deposition in the case of <u>Scott v. Bauer</u>, taken by attorneys representing Bauer, on August 15, 1994, almost <u>five years before the Escudero accident</u>. In that deposition, I gave detailed analysis of the failure mechanisms of a ladder similar to the Escudero ladder, outlined the hazards and defects, and testified as to proper means of control of same.

Regarding the September 29, 1999, report of Naismith Engineering, the "spot of brown paint" referenced in the section captioned <u>Leg #3</u>, represented by Naismith to be inside the crack, is clearly outside the crack on the exterior surface of the fiberglass. The "white paint or sheetrock joint compound" referenced in that section was found to be clearly on the exterior surface of the fiberglass and not inside the crack at the top of Leg #3. Further, regarding section captioned <u>Leg #4</u>, the "brown paint . . . visible inside the crack at approximately nine (9) and sixteen (16) inches from the bottom of the leg" clearly is on the surface of the fiberglass away from the crack and not inside that crack. In the section entitled <u>Injured Location on Ladder</u>, I wish to point out that Mr. Escudero clearly indicated in deposition when questioned that he was on step 4 or step 5, positions clearly permitted by the construction of the ladder, with step 4 clearly being permitted by the labelling on the ladder.

I have personally examined three ladders manufactured by Bauer, including the Escudero ladder, of substantially similar construction, which failed due to leg splitting, causing injuries to the users (Scott, Smith, Escudero). Further, I have in my possession a Bauer ladder, apparently discarded by the Long Island Rail Road, for reasons unrelated to leg splitting, which also demonstrates leg splitting. Finally, I have examined an un-used Bauer ladder demonstrating leg splitting due to the nature of storage and handling, as I testified to in detail in my deposition in <u>Scott v. Bauer</u>. Thus, I personally have examined in detail five Bauer fiberglass ladders, all showing similar defects and split legs, three of which resulted in accidents that caused injuries.

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 95 of 140

My analysis of the materials and ladder associated with the Escudero accident revealed that there were pre-existing cracks in the legs of the subject ladder, which spread and opened up at the time of the accident, resulting in a destabilization of the ladder, and the fall causative of Mr. Escudero's injuries. The presence of the initial cracks in the legs of the ladder were due to a combination of design and manufacturing defects, and may have been exacerbated by routine handling and storage of the ladder.

The initial cracking of the rails of the ladder may have been fostered by a defective manufacturing condition caused by one of the following, or a combination of the following: improper curing of the fiberglass, improper proportion of components, improper control of moisture during the curing, improper use of the woven glass materials. Regarding the latter, it was apparent that the longitudinal splitting of the rails (legs) was between fibers of the glass rather than across those fibers, predominantly.

The design defects included the failure to use an encapsulating foot of the type utilized on Werner ladders. Said encapsulating foot assembly is economical and feasible, as evidenced by its use on Werner ladders, and serves to tie together the longitudinal geometry of each leg, preventing not only the initiation of cracks which serve as a prelude to the catastrophic failure, but also guarding against rail geometry separation.

Nextly, the back rails of the ladder (Legs #3 and #4) should have cross-braces similar to the steps configured on Legs #1 and #2, such that the cross-braces attach to two sides of the fiberglass leg cross-section. It is foreseeable that the back rails particularly, due to the loading experienced when the ladder is folded and stored, will develop cracks during normal useage.

Lastly, the warnings and instructions are deficient and defective in that the recommendation to discard the ladder if damaged is non-specific, and requires a level of expertise beyond that of the lay user to identify incipient, unstable cracks in the fiberglass which could become unstable. It is not reasonable to expect a user to notice, for example, hairline cracks in the fiberglass legs and, even if noticed, to realize the potential for the crippling effects such a crack can induce into a fiberglass structure when such cracks propagate.

I am of the considered opinion that the pre-existing cracks were not nearly as extensive as implied by Naismith Engineering, for reasons outlined above. On the contrary, such cracks, particularly those on the back side of the back legs, would naturally not be recognized during a cursory inspection as being dangerous and indicative of the need to retire/discard the ladder. It must be emphasized that proper control of hazards in general, and the hazards in the Bauer fiberglass in particular, dictate that the hazard be eliminated if economical and feasible. Clearly, this is the manner to control the hazard by elimination of the aforementioned defects. In the absence of elimination of the defects, warning and instruction is permitted. However, the warnings and instructions were deficient and defective.

Barry R. Benton, Esq.                    -4-                    May 22, 2001

    Regarding the possibility that Mr. Escudero may have been using
step number 5, I am of the considered opinion that, had the ladder not
possessed the aforementioned defects, his standing on step 5 would
not have been causative of ladder failure. Further, the sticker on that
step is deemed insufficient to prevent use of that step, as the step
itself is inviting for use. Filling that space between the top of
step 5 and the top of the ladder would positively prevent standing on
step 5, if that is indeed the intent of Bauer.

    Thus, I am of the considered opinion that the ladder appeared,
for all intents and purposes, to be safe to Mr. Escudero at the time of
the accident, and, due to the nature of the ladder, Mr. Escudero was
properly using the ladder at the time of the occurrence. I am of the
considered opinion that the ladder had not been abused nor misused on
prior occasions, in that the condition of the ladder prior to the Escudero
accident was consistent with normal use. Finally, if the defects outlined
in this report had not existed, the failure/collapse would not have
occurred, and the injuries would not have been sustained.

                                Respectfully submitted,

                                James Pugh, Ph.D., P.E.
                                Director, Biomedical Engineering,
                                  Materials Science & Engineering
                                  Accident Reconstruction/Injury Analysis
                                  Safety/Ergonomics/Warnings/Instructions/
                                  Human Factors/Failure Analysis/Structural
                                  Analysis

JP/bh

Enclosure:  C.V.

# Inter-City Testing & Consulting Corporation



Northeastern Office:
187 Willis Avenue
Mineola, N.Y. 11501
(516) 747-8400
FAX: (516) 746-0111/21
Out of NYS:(800) 822-1515

Southeastern Office:
4400 N. Federal Highway
Suite 210
Boca Raton, FL 33431
(407) 361-0990
FAX: (407) 338-7771

## DR. JAMES W. PUGH

## CURRICULUM VITAE

DR. JAMES PUGH is Director of Biomedical Engineering, Metallurgy, and Materials Science of Inter-City Testing & Consulting Corporation, Mineola, N.Y. He has a Ph.D. in Biomedical Engineering (Massachusetts Institute of Technology, 1972) and a Bachelor of Science in Metallurgy and Materials (M.I.T., 1968). Dr. Pugh is an expert in the analysis and evaluation of personal injuries of all types with a view towards establishing the causal relationship between events of an accident and actual injuries sustained. He has experience in accident reconstruction of all types, analysis of sports injuries, effects of seat belts in vehicular accidents, as well as injuries sustained by failure of medical devices.

Dr. Pugh is currently professor at the Cooper Union School of Engineering in New York, and has held professorships at the University of Washington in Seattle, New York University, City College of the City University of New York, Mount Sinai School of Medicine, and the State University of New York at Stony Brook. He has taught courses in applied mechanics, materials science, biomechanics, biomaterials, ergonomics, occupational health and safety, strength of materials, and orthopaedic engineering. He has over 20 years of consulting experience with governmental agencies, private corporations, and private law firms. He conducted research and taught at The Hospital For Joint Diseases in New York City for 13 years. He has published 73 technical articles in engineering and scientific journals, has delivered over 50 lectures nationally and internationally, has edited four volumes, has supervised theses for numerous master's and doctoral candidates, and has received two patents.

Dr. Pugh's affiliations include The Orthopaedic Research Society, The American Society for Mechanical Engineers, The American Society for Metals, The American Society for Testing and Materials, The Society of Sigma Xi, The Society for Biomaterials, The National and New York State Societies of Professional Engineers, The American Association for the Advancement of Science, the Society for Automotive Engineering, The Society of Plastics Engineers, and The Order of the Engineer. He has been listed in Who's Who in Engineering, and is a Registered Professional Engineer in the State of New York. He is also licensed by the FAA and the USCG.

###

## JAMES W. PUGH

### CURRICULUM VITAE

**EDUCATION:**   Ph.D in Biomedical Engineering from the Department of Metallurgy and Materials Science, June 1972, Massachusetts Institute of Technology (MIT), Cambridge, Mass.

S.B. in Metallurgy from Department of Metallurgy & Materials Science, June 1968, Massachusetts Institute of Technology, (MIT), Cambridge. Mass.

### EXPERIENCE:

| | |
|---|---|
| 1986 - Present | Director, Biomedical Engineering/Metallurgy/Materials Science, Inter-City Testing & Consulting Corporation; Staff Specialist in Scientific Accident Reconstruction and Member of National Association of Professional Accident Reconstruction Specialists (NAPARS), the Society of Automotive Engineers (SAE), and regular attendee at Stapp Car Crash Conferences (SAE). |
| 1/1/85-10/1/86 | State University of New York at Stony Brook Research Professor, Department of Orthopaedics, School of Medicine Professor of Materials Science and Engineering Technical Director of Gait Laboratory Director of Orthopaedic Engineering |
| 11/1/79-12/31/84 | Hospital for Joint Diseases Orthopaedic Institute Director, Division of Bioengineering Associate Director, Occupational & Industrial Orthopaedic Center |
| 9/1/72-10/31/79 | Hospital for Joint Diseases & Medical Center Director, Biomechanics Laboratory |
| 6/1/72-8/31/72 | Massachusetts Institute of Technology Post-Doctoral Fellow in Bioengineering, Department of Metallurgy and Materials Science |

### PROFESSORSHIPS:

| | |
|---|---|
| 7/95-present: | Professor, Cooper Union School of Engineering, New York |
| 10/86-6/87: | Visiting Professor of Bioengineering The Cooper Union School of Engineering New York City |
| 12/20/89-: | Affiliate Professor/Bioengineering The University of Washington Seattle, Washington |
| 1/85-10/86: | Research Professor, Department of Orthopaedics, School of Medicine, SUNY State University of New York at Stony Brook Stony Brook, NY |

2

1/81-12/84:  Associate Professor of Orthopaedics
             Mount Sinai School of Medicine,
             City University of New York, NYC

9/82-1/85:   Adjunct Professor of Bioengineering
             The Cooper Union School of Engineering
             New York City

9/81-1/85.   Adjunct Associate Professor
             Department of Occupational Health & Safety
             New York University, NYC

9/82-1/84:   Adjunct Associate Professor of Engineering Technology Department of Engineering
             Technology
             City College of the City University of New York, NYC

9/72-12/80:  Assistant Professor of Orthopaedics
             Mount Sinai School of Medicine
             City University of New York, NYC


INSTRUCTORSHIPS:

9/69-6/71:   Teaching Assistant, MIT
6/77-9/79:   Instructor, New York College of Podiatric Medicine


PROFESSIONAL ORGANIZATIONS:

          American Society for Mechanical Engineers (ASME)
          American Society for Testing and Materials (ASTM)
                  Subcommittees: F-4 Implant Devices and Materials
                                 F-8 Sports Equipment
          American Association for the Advancement of Science (AAAS)
          American Society for Metals (ASM)
          Orthopaedic Research Society (ORS)
          National Association of Professional Accident Reconstruction Specialists (NAPARS)
          National Society for Professional Engineers (NSPE)
          New York State Society for Professional Engineers (NYSSPE)
          Society of Automotive Engineers (SAE)
          Society for Biomaterials
          Society of Sigma Xi, Honorary Chemical Fraternity
          Joint Medical Study Group


LICENSES:

          Professional Engineer (P.E.) New York State, Registered 1984, #051391-1
          U.S. Coast Guard Operator's License, Issued 1984.
          Coastal, Up to Six Passengers, Up to 60 Tons Auxiliary Sail, Inland
          Private Pilot, Single-Engine, Land. Licensed 1981.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE ESCUDERO, JR.                    *
                                      *
vs                                    *    CIVIL ACTION NO. B-00-193
                                      *
BAUER CORPORATION D/B/A               *
BAUER LADDER CORPORATION              *

## PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO BAUER CORPORATION D/B/A BAUER LADDER CORPORATION'S REQUEST FOR PRODUCTION

TO:  BAUER CORPORATION D/B/A BAUER LADDER CORPORATION,
     Defendant by and through their attorney of record:

     Mr. Thomas Gendry
     GENDRY & SPRAGUE, P.C.
     645 Lockhill Selma
     San Antonio, Texas 78216-5707

     Pursuant to Rule 34, Federal Rules of Civil Procedure, JOSE

ESCUDERO JR., Plaintiff, submits this his first supplemental responses to

request for production propounded by Defendant Bauer Corporation

d/b/a Bauer Ladder Corporation.

RECEIVED JUL   9 2001
RECEIVED ... 2 200.

Respectfully submitted,

Barry R. Benton
284 Ebony Ave.
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
State Bar No. 02176500
Federal I.D. No. 3968
ATTORNEY IN CHARGE FOR
JOSE ESCUDERO, JR., PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _28th_ day of June, 2001, a true
and correct copy of Plaintiff's first supplemental responses to Defendant's
request for production was forwarded via certified mail, return receipt
requested to counsel of record, to wit:

Mr. Thomas Gendry - *Via C.M.R.R.R. # Z 258 896 047*
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707

BARRY R. BENTON

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO BAUER CORPORATION D/B/A BAUER
LADDER CORPORATION'S REQUEST FOR PRODUCTION
PAGE - 2

# REQUEST FOR PRODUCTION

6.    Please provide copies of all photographs, diagrams, schematics, sketches, police reports, reports and any other documents which reflect upon the facts of the subject incident or which depict the scene of the alleged incident or which depict any injuries or damage allegedly sustained.

RESPONSE:    Enclosed are copies of blueprints of Bauer ladders.


12.    Please provide original copies of photographs of exemplar or similar ladders to be referred to by Plaintiff in the trial of this cause.

RESPONSE:    Enclosed are colored photocopies of a similar ladder from Bauer in which fracturing occurred.


13.    Please provide copies of all ANSI, Industry or other standards which Plaintiff contends Defendant violated or failed to meet in connection with the design, manufacture, marketing or labeling of the ladder which is the subject matter of the occurrence.

RESPONSE:    Enclosed is a copy of ANSI Standards A 14.5a - 1982.


14.    Please provide copies of literature plaintiff contends shows a safer alternative design of the ladder which is the subject matter of this occurrence.

RESPONSE:    Enclosed are copies of blueprints showing the alternative designs created by Bauer, Bauer memorandum dated 10-24-91 regrading product improvement, Bauer memorandum dated 03-03-94 regarding vinyl shoe for fiberglass rail, Bauer Corporation Committee Meeting report dated 4-11-94 regarding rail protection/slip-on shoe and Bauer

Corporation Inter-Office Memorandum dated 03-06-95 regarding slip-on-shoe evaluation.

17.  Please provide copies of all documents reflecting the ladder involved in the occurrence was defective in its design.

RESPONSE:     See items already described in this response.


19.  Please provide copies of any exhibits, summaries, written support, opinions or other data reviewed, relied upon or looked at in connection with the opinion of your experts that the ladder involved in the occurrence was defective in manufacture, design and labeling.

RESPONSE:     Enclosed is a copy of John O. Vasichko's deposition transcript which will be provided to Dr. James Pugh with all attached exhibits.

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 104 of 140

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

PAGE   1 OF   2

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 0035401S:

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99

ACCOUNT NO: 982742835

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS     TX    78566

GUARANTOR NO: 000138411

F/C: ST FM AUS

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 0510 | HYDROXYZINE 50MG/1CC VL | | 3029121 | | 1 | 1.05 |
| 0510 | MEPERIDINE 50MG INJ | | 3033768 | | 1 | 2.09 |
| 0510 | CRUTCH ADULT EACH LARGE | | 5422423 | | 2 | 38.40 |
| 0510 | SPLINT FIBERGLASS 5 INCH | | 7586613 | | 1 | 72.00 |
| 0510 | ANKLE L-R | E0H0500 | 2100790 | 73610 | 1 | 130.25 |
| 0510 | FOOT L-R | E1Z5500 | 2100873 | 73630 | 1 | 112.50 |
| 0510 | ER LEVEL I (0-2 HRS) | B000263 | 7810013 | 99201 | 1 | 128.75 |

TOTAL CHARGES          485.04
PAYMENTS/ADJUSTMENTS     0.00

BALANCE                485.04

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 105 of 140

**VALLEY BAPTIST MEDICAL CENTER**
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99

ACCOUNT NO: 982742835

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS    TX   78566

GUARANTOR NO: 000138411

F/C: ST FM AUS

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
| | PHARMACY | | 250 | 2 | 3.14 |
| | MED/SURG SUPPLY | | 270 | 3 | 110.40 |
| | DX X-RAY | | 320 | 2 | 242.75 |
| | EMERGENCY ROOM | | 450 | 1 | 128.75 |

| | | |
|---|---|---|
| TOTAL CHARGES | | 485.04 |
| PAYMENTS/ADJUSTMENTS | | 0.00 |
| BALANCE | | 485.04 |

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

# VALLEY BAPTIST MEDICAL CENTER
## 2101 PEASE STREET  P.O. DRAWER 2588
### HARLINGEN, TEXAS 78550
#### (956) 389-2060

PAGE   1 OF   2

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99

ACCOUNT NO: 982742835

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS     TX     78566

GUARANTOR NO: 000138411

F/C: ST FM AUS

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|--|----------|-----|------|--------|
| 0510 | HYDROXYZINE 50MG/1CC VL | | 3029121 | | 1 | 1.05 |
| 0510 | MEPERIDINE 50MG INJ | | 3033768 | | 1 | 2.09 |
| 0510 | CRUTCH ADULT EACH LARGE | | 5422423 | | 2 | 38.40 |
| 0510 | SPLINT FIBERGLASS 5 INCH | | 7586613 | | 1 | 72.00 |
| 0510 | ANKLE L-R | E0H0500 | 2100790 | 73610 | 1 | 130.25 |
| 0510 | FOOT L-R | E1Z5500 | 2100873 | 73630 | 1 | 112.50 |
| 0510 | ER LEVEL I (0-2 HRS) | B000263 | 7810013 | 99201 | 1 | 128.75 |

|  |  |
|--|--|
| TOTAL CHARGES | 485.04 |
| PAYMENTS/ADJUSTMENTS | 0.00 |
| BALANCE | 485.04 |

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET  P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956) 389-2060

PAGE    2 OF    2

DATE:
12/10/99

PATIENT NAME: ESCUDERO, JOSE                       MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99         ACCOUNT NO: 982742835

ESCUDERO, JOSE                          GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS    TX   78566               F/C: ST FM AUS

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
| | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
| | PHARMACY | | 250 | 2 | 3.14 |
| | MED/SURG SUPPLY | | 270 | 3 | 110.40 |
| | DX X-RAY | | 320 | 2 | 242.75 |
| | EMERGENCY ROOM | | 450 | 1 | 128.75 |

TOTAL CHARGES              485.04
PAYMENTS/ADJUSTMENTS         0.00

BALANCE                    485.04

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

Case 1:00-cv-00193   Document 26   Filed in TXSD on 11/07/2001   Page 108 of 140

```
              VALLEY BAPTIST MEDICAL CENTER            PAGE   1 OF   2
           2101 PEASE STREET   P.O. DRAWER 2588
               HARLINGEN, TEXAS 78550
                  (956)389-2060
                                                         DATE:
                                                         05/23/00

PATIENT NAME: ESCUDERO, JOSE                  MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99      ACCOUNT NO: 982742835


     ESCUDERO, JOSE                        GUARANTOR NO: 000138411
     RT 3 BOX 154
     LOS FRESNOS    TX    78566                F/C: ST FM AUS
```

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|--|----------|-----|------|--------|
| 0510 | HYDROXYZINE 50MG/1CC VL | | 3029121 | | 1 | 1.05 |
| 0510 | MEPERIDINE 50MG INJ | | 3033768 | | 1 | 2.09 |
| 0510 | CRUTCH ADULT EACH LARGE | | 5422423 | | 2 | 38.40 |
| 0510 | SPLINT FIBERGLASS 5 INCH | | 7586613 | | 1 | 72.00 |
| 0510 | ANKLE L-R | E0H0500 | 2100790 | 73610 | 1 | 130.25 |
| 0510 | FOOT L-R | E1Z5500 | 2100873 | 73630 | 1 | 112.50 |
| 0510 | ER LEVEL I (0-2 HRS) | B000263 | 7810013 | 99201 | 1 | 128.75 |

```
                                      TOTAL CHARGES        485.04
                                      PAYMENTS/ADJUSTMENTS    0.00

                                      ***BALANCE***         485.04

            BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER
```

VALLEY BAPTIST MEDICAL CENTER                PAGE   2 OF   2
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
05/23/00

PATIENT NAME: ESCUDERO, JOSE                 MED REC NO: 00354015

SERVICE DATE(S): FROM 05/10/99 TO 05/11/99      ACCOUNT NO: 982742835


ESCUDERO, JOSE                          GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS    TX   78566                    F/C: ST FM AUS

| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
|      | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
|      | PHARMACY |  | 250 | 2 | 3.14 |
|      | MED/SURG SUPPLY |  | 270 | 3 | 110.40 |
|      | DX X-RAY |  | 320 | 2 | 242.75 |
|      | EMERGENCY ROOM |  | 450 | 1 | 128.75 |

                              TOTAL CHARGES        485.04
                              PAYMENTS/ADJUSTMENTS    0.00

                              ***BALANCE***         485.04

        BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

PAGE   1 OF   2

DATE:
10/10/00

PATIENT NAME: ESCUDERO, JOSE

MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99

ACCOUNT NO: 983522418

ESCUDERO, JOSE
RT 3 BOX 154
LOS FRESNOS      TX    78566

GUARANTOR NO: 000138411

F/C: ST FM HGN

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|---|----------|-----|------|--------|
| 1217 | CT MULTIPLNR RECONSTRUCTION | E1M2625 | 2780005 | 76375 | 1 | 535.00 |
| 1217 | CT LOWER EXTREM W/O CNTRST | E1M1055 | 2771004 | 73700 | 1 | 956.55 |

TOTAL CHARGES            1491.55
PAYMENTS/ADJUSTMENTS        0.00

***BALANCE***            1491.55

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER            PAGE   2 OF   2
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
10/10/00

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99        ACCOUNT NO: 983522418


ESCUDERO, JOSE                          GUARANTOR NO: 000138411
RT 3 BOX 154
LOS FRESNOS     TX   78566                    F/C: ST FM HGN


| DATE | DESCRIPTION | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|----------|-----|------|--------|
|      | ----- SUMMARY OF DETAIL CHARGES ------ | | | | |
|      | DX X-RAY     |          | 320 | 1    | 535.00 |
|      | CT SCAN/BODY |          | 352 | 1    | 956.55 |


                              TOTAL CHARGES          1491.55
                              PAYMENTS/ADJUSTMENTS       0.00

                              ***BALANCE***          1491.55

BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER                PAGE    1 OF    2
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
05/23/0O

PATIENT NAME: ESCUDERO, JOSE                    MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99        ACCOUNT NO: 983522418


STATE FARM, INS                          GUARANTOR NO: 000127837
P O BOX 531768
HARLINGEN      TX    78553                      F/C: ST FM HGN

| DATE | DESCRIPTION | | CHARGE # | CPT | QUAN | AMOUNT |
|------|-------------|--|----------|-----|------|--------|
| 1217 | CT MULTIPLNR RECONSTRUCTION | E1M2625 | 2780005 | 76375 | 1 | 535.00 |
| 1217 | CT LOWER EXTREM W/O CNTRST | E1M1055 | 2771004 | 73700 | 1 | 956.55 |

                                    TOTAL CHARGES          1491.55
                                    PAYMENTS/ADJUSTMENTS      0.00

                                    ***BALANCE***          1491.55
      BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

VALLEY BAPTIST MEDICAL CENTER          PAGE    2 OF    2
2101 PEASE STREET   P.O. DRAWER 2588
HARLINGEN, TEXAS 78550
(956)389-2060

DATE:
05/23/00

PATIENT NAME: ESCUDERO, JOSE                MED REC NO: 00354015

SERVICE DATE(S): FROM 12/17/99 TO 12/18/99        ACCOUNT NO: 983522418


STATE FARM, INS                    GUARANTOR NO: 000127837
P O BOX 531768
HARLINGEN      TX    78553              F/C: ST FM HGN


DATE          DESCRIPTION              CHARGE #    CPT    QUAN    AMOUNT
            ----- SUMMARY OF DETAIL CHARGES ------
            DX X-RAY                           320    1      535.00
            CT SCAN/BODY                       352    1      956.55




                                    TOTAL CHARGES          1491.55
                                    PAYMENTS/ADJUSTMENTS       0.00

                                    ***BALANCE***          1491.55
            BENEFITS ASSIGNED TO VALLEY BAPTIST MEDICAL CENTER

DONALD VARGAS, M.D.P.A.
Patient Detail Sheet
For: JOSE R ESCUDERO
DATE: 01/17/00

==================================================

I.D. NO: 12888.0                    Phone: (956)778-0802  Budget: N
  Name: JOSE R ESCUDERO          Doctor:1  Office: 1  DOB: 05/22/68
Address: 624 S PLEASANTVIEW #8    Last Visit: 12/29/99 Cur Bal:   458.11
  City: WESLACO          State: TX Zipcode: 78596-    Ins:

==================================================

| DATE | CODE | DESCRIPTION | | CHARGE | PMT | BAL |
|------|------|-------------|---|--------|-----|-----|
| 05/11/99 | 99203 | NEW PATIENT VISITS DET | 1 | 142.22 | | 142.22 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -142.22 | 0.00 |
| 05/19/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| 05/19/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 156.11 |
| 05/19/99 | 29405 LT | SHORT LEG CAST FIBERGL | 1 | 180.75 | | 336.86 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -336.86 | 0.00 |
| 05/28/99 | 99213 | OFFICE/OUTPATIENT VISI | 1 | 85.34 | | 85.34 |
| 05/28/99 | 29425 | SHORT LEG WALKING CAST | 1 | 131.51 | | 216.85 |
| 08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -216.85 | 0.00 |
| *06/18/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| *06/18/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 156.11 |
| *08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -156.11 | 0.00 |
| *06/21/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| *06/21/99 | 29405 | SHORT LEG CAST FIBERGL | 1 | 180.75 | | 251.17 |
| *08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -251.17 | 0.00 |
| *05/11/99 | 28406 LT | PERCUTANEOUS SKELETAL | 1 | 787.50 | | 787.50 |
| *05/11/99 | 76000 LT | X-RAY FLUOROSCOPY EXAM | 1 | 131.44 | | 918.94 |
| *08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -918.94 | 0.00 |
| *07/07/99 | 99213 | OFFICE/OUTPATIENT VISI | 1 | 85.34 | | 85.34 |
| *08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -85.34 | 0.00 |
| *07/14/99 | 99213 | OFFICE/OUTPATIENT VISI | 1 | 85.34 | | 85.34 |
| *07/14/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 171.03 |
| *08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -171.03 | 0.00 |
| *08/25/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| *08/25/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 156.11 |
| *08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -156.11 | 0.00 |
| *07/08/99 | 20680 | REMOVAL IMPLANT DEEP(E | 1 | 630.00 | | 630.00 |
| *08/30/99 | PATIENT PAYMENT | 1636 08/30/99 | 1636 | | -630.00 | 0.00 |
| *12/06/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 70.42 |
| *12/06/99 | 73610 LT | X-RAY ANKLE 3 VIEWS | 1 | 81.58 | | 152.00 |
| *12/06/99 | 73630 LT | X-RAY FOOT/HEEL 3 VIEW | 1 | 85.69 | | 237.69 |
| 12/29/99 | 99212 | OFFICE/OUTPATIENT VISI | 1 | 70.42 | | 308.11 |
| 12/29/99 | L4360 | SHORT LEG BRACE (GREAT | 1 | 150.00 | | 458.11 |

```
                                    From:  HARLINGEN ANESTHESIA
                                           1702 ED CAREY DRIVE

                                           HARLINGEN TX 78550

                                           Phone # (956) 423-4589
                                           Tax Id. 74-2661711

     09-15-99            Regarding:  JOSE R ESCUDERO
                             SS #:  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
                                    106 ANACUA
                                    LOS FRESNOS TX 78566

     JOSE R ESCUDERO
     106 ANACUA
     LOS FRESNOS TX 78566
```

```
Account #   :  74232                        Sex          :  M
Home Phone  :  (956) 778-0802               Chart        :  9901167
Work Phone  :                               Age          :  31 yr. 03 mo.
Employer    :                               Date of Birth:  05-22-68
Referred by:  DONALD VARGAS,MD              Accident Date:
```

| Doc | Physician | Tax I.D. # | Provider # |
| --- | --------- | ---------- | ---------- |
| 1 | DONALD G LEE, MD | 74-2661711 | 841779 |

| Loc | Location Name |
| --- | ------------- |
| 5 | VD AMBULATORY CENTER |

| urance Company | Policy Number | Group Number | Auth. Number | Provider Id. |
| -------------- | ------------- | ------------ | ------------ | ------------ |
| aTE FARM INS.CO | 53Q141734 | 00001 | | 841779 |

0-9  Description
--------------------
4.0  AFTERCARE INVOLVING REMOVAL INTERNAL FIX DEVICE

| Loc | Ins. Filed | Diag. | ( Service From/To ) | CPT Code | (----------- Procedure -----------) | Amount |
| --- | ---------- | ----- | ------------------- | -------- | ----------------------------------- | ------ |
| 22 | 07-30-99 | V54.0 | 07-08-99 | 7-20680-AA | 1035. REMOVAL OF IMPLANT FROM FOOT (BURIED WIRE, PIN, SCREW, NAIL, ROD, PLATE) 0 risk. Dur.  35 mins. | 390.00 |
| 22 | 07-30-99 | V54.0 | 07-08-99 | I-94770 | 593. CARBON DIOXIDE/MONITOR CARE AFTERCARE INVOLVING REMO | 65.00 |
| 22 | 07-30-99 | V54.0 | 07-08-99 | I-94760 | 594. PULSE OXIMETRY | 65.00 |

(Continued on the next page)

nt Number: 74232 (Continued from previous page)

AFTERCARE INVOLVING REMO

Total Activity ........... 520.00

*M. Escudero*

*Amt Due, please Send payment*

*Thank You*

*Connie*

From: HARLINGEN ANESTHESIA
1702 ED CAREY DRIVE

HARLINGEN TX 78550

Phone # (956) 423-4589
Tax Id. 74-2661711

11-30-99

Regarding: JOSE ESCUDERO
SS #: 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
624 S PLEASANTVIEW NO 8
WESLACO TX 78596

JOSE ESCUDERO
624 S PLEASANTVIEW NO 8
WESLACO TX 78596

Account # : 72285                          Sex          : M
Home Phone :                               Chart        : 982745390
Work Phone : (956) 778-0802                Age          : 31 yr. 06 mo.
Employer   :                               Date of Birth: 05-22-68
Referred by: DONALD VARGAS,MD              Accident Date: 05-11-99

Doc   Physician                      Tax I.D. #    Provider #
----  --------------------------     ----------    ----------
  4   LOUIS F LESTER,II,MD           74-2661711    841783

Loc   Location Name
----  --------------------------
  1   VALLEY BAPTIST MED.CTR.

| Insurance Company | Policy Number | Group Number | Auth. Number | Provider Id. |
|---|---|---|---|---|
| TE FARM INS CO | CLM 53-Q141-734 | | | 841783 |

U-9  Description
----  ---------------------------------
3.0   FRACTURED CALCANEUS CLOSED

| Loc | Ins. Filed | Diag. | ( Service From/To ) | CPT Code | (----------- Procedure -----------) | Amount |
|---|---|---|---|---|---|---|
| 21 | 05-27-99 | 825.0 | 05-11-99 | 7-28415 | 240. ORIF FRACTURE CALCANEAL (HEEL) 0 risk. Dur. 85 mins. | 585.00 |
| 21 | 05-27-99 | 825.0 | 05-11-99 | 1-99140 | 106. ANESTHESIA COMPLICATED BY EMERGENCY CONDITION FRACTURED CALCANEUS CLOS | 130.00 |
| 21 | 05-27-99 | 825.0 | 05-11-99 | I-94770 | 593. CARBON DIOXIDE/MONITOR CARE | 65.00 |

(Continued on the next page)

nt Number: 72285 (Continued from previous page)

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| 1 | 05-27-99 | 825.0 | 05-11-99 | I-94760 | FRACTURED CALCANEUS CLOS | |
|  |  |  |  |  | 594. PULSE OXIMETRY | 65.00 |
|  |  |  |  |  | FRACTURED CALCANEUS CLOS | |

Total Activity ........... 845.00

*Please Send Payment.*

# STATEMENT OF ACCOUNT

**PROVIDER OF SERVICE(S) / PROVEEDOR DE SERVICIO(S)**
EMCARE-HAR EMERG PHYSICIANS        HAR
PO BOX 13826
PHILADELPHIA, PA 19101-3826

| AMOUNT / PAGUE ESTA DUE / CANTIDAD | 393.00 |
|---|---|
| STATEMENT DATE: 06/04/99   1 | DATE/FECHA DE VENCIMIENTO 06/24/99 | AMT SENT / CANTIDAD PAGA |

??? CALL MON - FRI / LLAME DE LUNES A VIERNES ???
**DIAL TOLL FREE 1-(800)355-2470**
9:30AM - 4:00PM

GUARANTOR PHONE NUMBER
H: 956-778-0802

Review insurance information below. Note changes and return to us.
*Favor corrija y devuélvela la información sobre su seguro a continuación*

## GUARANTOR

JOSE ESCUDERO
216 N TEXAS ST
MERCEDES, TX 78570

PAYMENT PAYABLE TO / HAGASE EL PAGO A FAVOR DE:
EMCARE-HAR EMERG PHYSICIANS        HAR
PO BOX 13826
PHILADELPHIA, PA 19101-3826

08011800009827428350003930000000000000001

| PATIENT NAME | PATIENT ACCOUNT # / CUENTAS DEL PACIENTE | |
|---|---|---|
| OSE ESCUDERO | HAR982742835 | 01 |

**IMPORTANT MESSAGE REGARDING YOUR ACCOUNT / MENSAJE IMPORTANTE SOBRE SU CUENTA**

*PLEASE REMIT PAYMENT BY "PAYMENT DUE BY" DATE. THANK YOU. / POR FAVOR PAGUE ANTES DE LA FECHA DE VENCIMIENTO. GRACIAS.*

-----
PLEASE DETACH AND RETURN TOP PORTION WITH YOUR REMITTANCE / *FAVOR DE SEPARAR Y MANDAR LA PARTE DE ARRIBA CON EL CHEQUE*

**PROVIDER OF SERVICE(S) /PROVEEDOR DE SERVICIO(S)**
EMCARE-HAR EMERG PHYSICIANS
PO BOX 13826
PHILADELPHIA, PA 19101-3826

Payments received after statement date shown will appear on next month's statement.

| STATEMENT DATE | ??? CALL MON - FRI / LLAME DE LUNES A VIERNES ??? |
|---|---|
| 06/04/99 | DIAL TOLL FREE 1-(800)355-2470 9:30AM - 4:00PM   1 |

| PROVIDER TAX ID# | PATIENT NAME | PAT.ACCT# / CUENTAS DEL PACIENTE |
|---|---|---|
| 75-2628716 | JOSE ESCUDERO | HAR982742835 |

| DATE | DX | QTY | PROCEDURE | PROCEDURE / PAYMENT DESCRIPTION PROVIDER OF SERVICE / SERVICE LOCATION | CHGS / CREDITS DEBITOS / CREDITOS | *INS BALANCE *BALANCE DEL SEGURO | PAT BALANCE BALANCE DEL PACIENTE |
|---|---|---|---|---|---|---|---|
| 5/10/99 | 825.0 | 1 | 28400-54- | TREAT HEEL FX DR. NARRA/VALLEY BAPTIST MEDICAL CENTER | 393.00 | | 393.00 |

| ACCOUNT TOTAL | *PENDING INSURANCE | AMOUNT DUE FROM PATIENT | | AMOUNT DUE PAGUE ESTA CANTIDAD |
|---|---|---|---|---|
| | | CURRENT | PAST DUE | |
| 393.00 | 0.00 | 393.00 | 0.00 | 393.00 |

**BILLING INFORMATION**

************************* IMPORTANT MESSAGE *************************
THIS STATEMENT IS FOR THE DIRECT TREATMENT AND/OR SUPERVISION OF CARE YOU RECENTLY RECEIVED FROM AN EMERGENCY PHYSICIAN AT VALLEY BAPTIST MEDICAL CENTER. THE FEES FOR THIS PRIVATE PHYSICIAN ARE BILLED SEPARATELY FROM ANY HOSPITAL CHARGES OR OTHER PROFESSIONAL FEES FOR WHICH YOU MAY ALSO BE RESPONSIBLE. THEREFORE, SHOULD YOU RECEIVE A BILL FROM THE HOSPITAL OR OTHER PHYSICIANS FOR CHARGES IN CONNECTION WITH THIS VISIT, IT WILL NOT INCLUDE THE ITEMS LISTED ON THIS STATEMENT. *****ESTA FACTURA SOLO REFLEJA SERVICIOS RECIBIDOS POR MEDICOS DE EMERGENCIA.*****

**PATHOLOGY LABORATORY**
1616 ED CAREY DRIVE
PO BOX 2918
HARLINGEN, TX 78551

1136

| For Inquiry Call: | (956)423-6465 |
|---|---|

| | CHECK CARD USING FOR PAYMENT | | |
|---|---|---|---|
| ☐ MASTERCARD | ☐ DISCOVER | ☐ VISA | ☐ AMERICAN EXPRESS |
| CARD NUMBER | | AMOUNT | |
| SIGNATURE | | EXP. DATE | |

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 8/13/99 | 110.00 | 259162 |

Page: 1

SHOW AMOUNT
PAID HERE $

\* PLEASE INCLUDE ACCOUNT NUMBER ON YOUR CHECK. \*

**ADDRESSEE:**

JOSE ESCUDERO
RT 3 BOX 154
LOS FRESNOS, TX 78566-9701

**REMIT TO:**

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

Please check box if address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

**STATEMENT**   PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

F-EBMVDA/S (4/97)

| Date | Procedure | ICD | POS | Description | Amount |
|---|---|---|---|---|---|
| | | | | Balance forward as of | 93.00 |
| | | | | Services for  JOSE ESCUDERO | |
| 7/07/99 | 85027 26 | 719.4 | OH | AUTOMATED HEMOGRAM & PLATELET COUNT | 13.00 |
| 7/07/99 | 81003 26 | 719.4 | OH | URINALYSIS AUTOMATED W/O SCOPE | 4.00 |

| Account No. | Billing Date | Responsible Party | Please Pay This Amount |
|---|---|---|---|
| 259162 | 8/13/99 | JOSE ESCUDERO | 110.00 |

Asterisked (\*) items indicate that an insurance claim has been sent to your insurance company.

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

Telephone No.        (956)423-6465
Tax Identification No.   742161031

This bill is from the pathologists at Valley Baptist Medical Center. It covers the pathologist's professional
services and the supervision and quality control necessary to perform each test.

Este cobro es de los patologicos del Valley Baptist Medical Center. Cubre los honorarios professionales

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE
PO BOX 2918
HARLINGEN, TX 78551

1136

| For Inquiry Call: | (956)423-6465 |
|---|---|

* PLEASE INCLUDE ACCOUNT NUMBER ON YOUR CHECK. *

CHECK CARD USING FOR PAYMENT

☐ MASTERCARD   ☐ DISCOVER   ☐ VISA   ☐ AMERICAN EXPRESS

| CARD NUMBER | | AMOUNT |
|---|---|---|
| SIGNATURE | | EXP. DATE |

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 9/17/99 | 110.00 | 259162 |

Page:   1

SHOW AMOUNT PAID HERE   $

**ADDRESSEE:**

JOSE ESCUDERO
RT 3 BOX 154
LOS FRESNOS, TX 78566-9701

**REMIT TO:**

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

Please check box if address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**   PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

F-EBMVDA/S (4/97)

| Date | Procedure | ICD | POS | Description | Amount |
|---|---|---|---|---|---|
| | | | | Balance forward as of | 110.00 |

| Account No. | Billing Date | Responsible Party | Please Pay This Amount |
|---|---|---|---|
| 259162 | 9/17/99 | JOSE ESCUDERO | 110.00 |

Asterisked (*) items indicate that an insurance claim has been sent to your insurance company.

PATHOLOGY LABORATORY
1616 ED CAREY DRIVE  PO BOX 2918
HARLINGEN, TX 78551

Telephone No.              (956)423-6465
Tax Identification No.

This bill is from the pathologists at Valley Baptist Medical Center. It covers the pathologist's professional services and the supervision and quality control necessary to perform each test.

Este cobro es de los patologicos del Valley Baptist Medical Center. Cubre los honorarios professionales

**Pathology Laboratory**
PO Box 2918
Harlingen  TX  78550

IRS# 74-2806547  Phone: 956/423-6465  Toll Free: 888/877-4882

| ACCOUNT NUMBER | DATE OF STATEMENT |
|---|---|
| 259162 | 11/26/1999 |

| PATIENT'S PHONE NUMBER | PATIENT'S DATE OF BIRTH |
|---|---|
| | |

| EMPLOYER | PRIMARY INSURANCE |
|---|---|
| | |

| ADMISSION DATE | SECONDARY INSURANCE |
|---|---|
| | |

PATIENT:
JOSE ESCUDERO

We accept MasterCard, VISA, Discover and American Express. See Credit Card information on back. We will file insurance for you. See information on back.

| AMOUNT PAID |
|---|
| **AMOUNT DUE** |
| $17.00 |

MAKE CHECK PAYABLE & REMIT TO:

*4 ****************************3-DIGIT 785

JOSE ESCUDERO   259162
RR 3 BOX 154
LOS FRESNOS  TX  78566-9701

Pathology Laboratory
PO Box 2918
Harlingen  TX  78550

PHYSSE01-0021585-0001049-0043946-001-000380-#001219

PLEASE CHECK BOX IF ABOVE ADDRESS IS INCORRECT AND INDICATE CHANGES ABOVE.

DETACH HERE   AND RETURN THIS TOP PORTION WITH YOUR PAYMENT USING THE RETURN ENVELOPE ENCLOSED

| DATE | CPT | POS | PROC DESC | AMOUNT | DATE | CPT | POS | PROC DESC | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 9/22/99 | | | Balance forward | $110.00 | | | | | |
| | | | Services for  JOSE ESCUDERO | | | | | | |
| 5/11/99 | 85027 | 26 IH | AUTOMATED HEMOGRAM & PL | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $13.00– | | | | | |
| 5/11/99 | 85610 | 26 IH | PROTHROMBIN TIME | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $11.00– | | | | | |
| 5/11/99 | 85730 | 26 IH | THROMBOPLASTIN TIME, PA | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $5.00– | | | | | |
| 5/11/99 | 80054 | 26 IH | CHEM PROFILE 12 | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $16.00– | | | | | |
| 5/13/99 | 85027 | 26 IH | AUTOMATED HEMOGRAM & PL | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $13.00– | | | | | |
| 5/13/99 | 85610 | 26 IH | PROTHROMBIN TIME | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $11.00– | | | | | |
| 5/14/99 | 85027 | 26 IH | AUTOMATED HEMOGRAM & PL | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $13.00– | | | | | |
| 05/14/99 | 85610 | 26 IH | PROTHROMBIN TIME | 825.0 | | | | | |
| 1/13/99 | Adj. | | Transferred to  COLLECTION AG | $11.00– | | | | | |
| | | | Services have been placed in collections | | | | | | |

| PATIENT | ACCOUNT NUMBER | BALANCE DUE → | $17.00 |
|---|---|---|---|
| JOSE ESCUDERO | 259162 | | |

| ATION OF SERVICE | PHYSICIAN PERFORMING SERVICE | DATE OF STATEMENT |
|---|---|---|
| | | 11/26/1999 |

| NJURY DATE | ADMISSION DATE | DISCHARGE DATE | REFERRING PHYSICIAN | *PLACE OF SERVICE |
|---|---|---|---|---|
| | | | | 1. INPATIENT HOSPITAL  5. OFFICE<br>2. OUTPATIENT HOSPITAL  6. NURSING HOME<br>3. DOCTORS OFFICE/NO LAB  7. OTHER<br>4. EMERGENCY ROOM  8. CLINIC |

Pathology Laboratory
PO Box 2918
Harlingen  TX  78550

PHYSSE01-0021585-0001049-0043946-001-000380-#001219   IRS# 74-2806547   Phone: 956/423-6465   Toll Free: 888/877-4882

PLEASE DETACH AND RETURN TOP PC ☽ WITH YOUR PAYMENT.

**MAKE CHECKS PAYABLE TO:**

VALLEY RADIOLOGISTS & ASSOCIATES
1616 ED CAREY DRIVE
PO BOX 2918
HARLINGEN TX 78551-2918

Address Service Requested

VALLEY RADIOLOGISTS & ASSOCIATES
PO BOX 2918
HARLINGEN TX 78551-2918

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. | |
|---|---|
| CHECK CARD USING FOR PAYMENT ☐ VISA | ☐ |
| CARD NUMBER | AMOUNT |
| SIGNATURE | EXP. DATE |

| STATEMENT DATE | PAY THIS AMOUNT | ACCT.# |
|---|---|---|
| 8/27/99 | 98.00 | 259162 |

Tax ID No:
For Inquiry: (956)423-6496

| SHOW AMOUNT PAID HERE | $ |

************AUTO**3-DIGIT 785
00000904   1 AT   0.261  01
JOSE ESCUDERO
RR 3 BOX 154
LOS FRESNOS TX 78566-9701

] Please check box if your address is incorrect or insurance information has changed. Indicate change(s) on reverse side.

| Date | Procedure | IOD | POS | Description | | Amount |
|---|---|---|---|---|---|---|
| | | | | Balance forward as of | 07/26/99 | 98.00 |

| Account No. | Billing Date | Responsible Party | Please Pay This Amount |
|---|---|---|---|
| 259162 | 8/27/99 | JOSE ESCUDERO | 98.00 |

Asterisked (*) items indicate that an insurance claim has been sent to your insurance company.

VALLEY RADIOLOGISTS & ASSOCIATES
1616 ED CAREY DRIVE
PO BOX 2918            Telephone No.   (956)423-6496          1 OF   1
HARLINGEN TX 78551-2918

| Current | 31-60 Days | 61-90 Days | 91-120 Days | Over 121 Days | Balance Due |
|---|---|---|---|---|---|
| | | 98.00 | | | 98.00 |

MAKE CHECKS PAYABLE TO:

**VALLEY DIAGNOSTIC CLINIC**
**P.O. BOX 532007**
**HARLINGEN, TX 78553-2007**

(956)425-7200
(800)338-4590

PLEASE BILL MY (CIRCLE ONE):   VISA   MASTERCARD

Acct. No. _____   Exp. Date _____

Signature _____

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 12-01-99 | 22.00 | 101110 |

SHOW AMOUNT PAID HERE  $

ADDRESSEE:                                    REMIT TO:

JOSE J ESCUDERO
RT 3 BOX 154
LOS FRESNOS TX 78566-9701

VALLEY DIAGNOSTIC CLINIC
PO BOX 532007
HARLINGEN TX 78553-2007

Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

| ACCOUNT # | STATEMENT CLOSING DATE | DUE DATE | PATIENT RESPONSIBILITY | | PENDING MEDICARE* | INSURANCE** | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|
| 101110 | 12-01-99 | 01-01-00 | 22.00 | | NO | .00 | 22.00 |

| DATE | DESCRIPTION | PHYSICIAN | ICD CODE | CPT CODE | MOD | UNITS DAYS | MEDICARE/ INSURANCE | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|
| | PREVIOUS BALANCE | | | | | | .00 | 22.00 |

The Valley Diagnostic Clinic
P.O. Box 532007
Harlingen TX, 78553-2007

**TOTAL**

| | | MEDICARE/ INSURANCE | PATIENT RESPONSIBILITY |
|---|---|---|---|
| | | .00 | 22.00 |

\*   A "yes" in the Pending Medicare column indicates you have current charges that have been filed with Medicare. These charges will be shown after Medicare pays and the exact balance is known.

\*\*  The balance in this column indicates your insurance has been filed. Please include in your payment any amount you owe toward deductible or co-insurance if known.

 

**Fondren Orthopedic Group L.L.P**

PATIENT: **JOSE R ESCUDERO**
GUARANTOR: **JOSE R ESCUDERO**
STATEMENT DATE:
**09/07/00  PN**

7401 S. Main, Houston, Texas 77030-4509. (713) 799-2300. Federal ID# 76-0365566

| TE OF SERVICE | DIAGNOSIS/ PROCEDURE | DESCRIPTION OF SERVICE | CHARGE AMOUNT | PAYMENTS/ ADJUSTMENT | ITEM BALANCE |
|---|---|---|---|---|---|
| PEND IF | SHOWN BELOW | BALANCE FORWARD | | | 10172.00 |

| PERSONAL AMOUNT DUE | INSURANCE PENDING | WORKERS' COMP BALANCE | ACCOUNT BALANCE |
|---|---|---|---|
| | .00 | .00 | |
| | 5341 | 388 | 3 |

IF PAYING BY PERSONAL CHECK, MAKE CHECK PAYABLE TO: FONDREN ORTHOPEDIC GROUP L.L.P.

IF PAYING BY CREDIT CARD, CHECK ONE:

( ) VISA      ( ) MASTERCARD      ( ) AMERICAN EXPRESS      ( ) DISCOVER

CARD NUMBER _____

EXPIRATION DATE _____

SEE REVERSE FOR INFORMATION
ON INSURANCE CLAIMS

SIGNATURE _____

AMOUNT ENCLOSED: $_____

JOSE R ESCUDERO        $10,172.00
216 N TEXAS AVE
MERCEDES TX 78570

STATEMENT DATE:

# GREATER HOUSTON ANESTHESIOLOGY

P.O. BOX 200535

HOUSTON, TEXAS 77216-0535 • PHONE 713 620-4040, EXT. 138

July 5, 2000

Jose Escudero
106 Anacua
Los Fresnos, TX  78566

Patient Name:    Jose Escudero
Account Number:  579397*1
Account Balance: 472.00
DOB:             05-03-00

Dear Jose Escudero:

Participar en su tratamiento medico ha sido un privilegio para
Greater Houston Anesthesiology.  Su seguro ha pagado los
cargos demandados conforme a su poliza y ha quedado un saldo
en su cuenta.  El saldo debe ser pagado por Ud.  Usted puede
pagar con cheque, money order o tarjeta de credito.  Haga el
favor de completar la informacion abajo para hacer pago con
tarjeta de credito.

Nosotros sabemos que el proceso de pago de demandas a seguros
es muy complicado y es dificil saber exactamente lo que es su
responsabilidad.  Si Ud. tiene alguna pregunta, por favor
llame a nuestra oficina al (713) 620-4040 lunes a jueves de
8:00 a.m. a 6:00 p.m. o 8:00 a.m. a medio dia el viernes.

Sinceramente,

Chikita C. Thomas
Pt. Account Rep.  (713)620-4040 x 159

Para pagar con tarjeta de credito complete la informacion que
sigue:

( )Visa( )American Express( )MasterCard( )Discover
Numero de la tarjeta:_____ Expiracion:_____
Firma del dueno de la tarjeta:_____ Cantidad:$_____
Escriba el nombre y la direccion del dueno de la tarjeta
abajo.

472.00

STATEMENT OF ACCOUNT FOR HOSPITAL SERVICES    024186L

ESCUDERO JOS 000001406160001601000006888053

TX ORTHOPEDIC HOSPITAL
PO BOX 297701
HOUSTON, TX 77297-0701
1-800-759-3742

| PAGE | 1 OF 1 |

**ADDRESS SERVICE REQUESTED**

| 1406188 | ESCUDERO JOSE | OUTPT SURGERY 05/03/00 TO 05/04/00 | 09/05/00 | | $6,888.05 |

ESCUDERO JOSE
106 ANACUA
LOS FRESNOS   TX 78566

MAIL PAYMENT TO

TEXAS ORTHOPEDIC HOSP.
01601
P.O. BOX 98560
LOUISVILLE,KY 40298-8560

TO PAY BILL BY MAIL, PLEASE RETURN THIS PORTION WITH YOUR PAYMENT TO ENSURE PROPER CREDIT
TO PAY BY CREDIT CARD, SEE AUTHORIZATION NOTICE ON THE BACK.

## SUMMARY OF ACCOUNT

TRANSACTIONS MADE AFTER THE STATEMENT DATE WILL APPEAR ON THE NEXT STATEMENT

TX ORTHOPEDIC HOSPITAL
PO BOX 297701
HOUSTON, TX 77297-0701
1-800-759-3742

| 09/05/00 | 05/03/00 TO 05/04/00 |

| 1406188 | ESCUDERO JOSE |

ESTIMATED INSURANCE AMOUNT IS BASED ON OUR BEST INFORMATION.

| 0.00 | 7653.39 | 0.00 | 765.34 | 6,888.05 | 0.00 | $6,888.05 |

| *05/04/00 | OUTPT SURGERY VISIT | | | PHARMACY | 16 | 458.18 |
| | IV SOLUTIONS | 8 | 773.77 | DRGS/OTHER | 8 | 86.44 |
| | CENTRAL SUPPLY | 62 | 1,397.75 | OR SERVICES | 3 | 2,152.50 |
| | ANESTHESIA | 3 | 1,042.00 | RESPIRATORY SERVICES | 19 | 441.00 |
| | RECOVERY ROOM | 2 | 685.75 | OBSERVATION ROOM | 22 | 616.00 |
| | PT CONVENIENCE | 1 | .00 | TOTAL CHARGES | | 7,653.39 |
| *05/04/00 | PT CHECK-.2524 | | 4,500.00 | *06/07/00 PAISANO CONSTRUCTN | | 4,500.00 |
| | | | | TOTAL PAYMENTS | | 0.00 |
| *05/23/00 | PROMPT PAY PT ADJ | | 765.34- | ACCOUNT BALANCE | | 6,888.05 |
| | | | | DUE FROM PATIENT | | 6,888.05 |

\* INDICATES NEW ITEMS SINCE LAST STATEMENT

IF YOU HAVE QUESTIONS REGARDING YOUR ACCOUNT, PLEASE CALL: 713-696-5666
      ACCOUNT BALANCE DUE IN FULL.

THANK YOU FOR CHOOSING US FOR YOUR HEALTHCARE    NEEDS.

THIS BILL IS FOR HOSPITAL SERVICES ONLY
PLEASE RETAIN THIS PORTION FOR YOUR RECORDS

# Inter-City **Testing & Consulting Corporation**



Northeastern Office:
167 Willis Avenue
Mineola, N.Y. 11501
(516) 747-8400
FAX: (516) 746-0111/21
Out of NYS:(800) 922-1515

Southeastern Office:
P.O. Box 2619
Jupiter, FL 33468-2619
(561) 745-7340
FAX: (561) 745-7939

May 22, 2001

Barry R. Benton, Esq.
284 Ebony Avenue
Brownsville, TX 78520-7120

IN REF:  Escudero v. Bauer

Dear Mr. Benton:

This is to inform you that I have completed my initial study,
evaluation, and analysis of the materials submitted to me with regard
to the above matter, which included but were not limited to the fol-
lowing:  the ladder that collapsed under Mr. Escudero, depositions,
medical records, medical images (X-ray films), standards, discovery
documents, blueprints, and other materials.  The opinions expressed in
this preliminary report are to a reasonable degree of engineering,
biomedical engineering, and scientific certainty.  This present report
necessarily rebuts certain findings of Naismith Investigative Engineering
Services as expressed in reports dated August 30, 1999, and September
29, 1999, which were prepared on behalf of Roger Becerra of State Farm
Insurance Companies on behalf of defendant Bauer.

The accident, according to the records, occurred on May 10, 1999,
at between 5:00 and 6:30 pm.  According to Mr. Escudero, he was given
the ladder by a co-worker, Reymundo Medina, looked at it to ascertain
that it was standing and acceptably strong, and climbed up on the ladder
up to steps 4 or 5 to work on an overhead light fixture.  He estimated
that he was up on the ladder for about 3 to 10 minutes before the ladder
unexpectedly and without warning fell, throwing him to the floor, and
causing a severe injury to his left foot and leg.  The medical records
indicate a severe comminuted fracture of the left os calcis, with swelling.
Complications ensued, and the foot was still painful as of the deposition
of Mr. Escudero taken on May 3, 2001.  He apparently developed osteopenia
in his left foot and leg.  He gave his height as 6'1" to 6'2" and his
weight as 190 to 200 pounds at the time of the accident. He, according
to the most recent medical records in my possession, required eventually
on May 3, 2000, a partial synovectomy of the left ankle, peroneal
tenosynovectomy and decompression for fibulotalar and fibulocalcaneal
impingement, with additional surgery to rectify complications of the
original injury.

Inspection of the subject ladder revealed a six-foot step ladder,
fiberglass in construction, manufactured by the Bauer Corporation, Wooster,
Ohio, with OSHA/ANSI sticker and warning/instruction labels.  The nomenclature
for each leg, as shown by Naismith Engineering reports, is herein adopted:
hang tags labelling each leg sequentially as Leg #1, Leg #2, Leg #3, and

Barry R. Benton, Esq.                    -2-                    May 22, 2001

Leg #4 were applied to the ladder to clearly indicate each leg as numbered and depicted in the August 30, 1999, report of Naismith Engineering, Photograph 1. References in the present report to the legs by number shall thus be similar to references in the Naismith Engineering reports, in regard to identification of the legs.

Regarding the August 30, 1999, report of Naismith Engineering, while I generally agree with the description of the ladder, I disagree with the entry under <u>Discussion</u> that "The cracking and other damage observed on the ladder is the result of excessive useage and/or misuse." The extent of the longitudinal cracking of the legs, particularly the back legs, was due to the propagation of pre-existing cracks at the time of the accident on May 10, 1999. Exclusive of this, the other damage and wear is from normal use, <u>not misuse</u>. The bent spreader is incidental and minor.

Additionally, regarding the August 30, 1999, report of Naismith Engineering, there is mention of an inability to obtain from Bauer Corporation any history of problems with this type of ladder or any known defects. I personally, to correct this miscommunication from Bauer to Naismith, gave a detailed deposition in the case of <u>Scott v. Bauer</u>, taken by attorneys representing Bauer, on August 15, 1994, almost <u>five years before the Escudero accident</u>. In that deposition, I gave detailed analysis of the failure mechanisms of a ladder similar to the Escudero ladder, outlined the hazards and defects, and testified as to proper means of control of same.

Regarding the September 29, 1999, report of Naismith Engineering, the "spot of brown paint" referenced in the section captioned <u>Leg #3</u>, represented by Naismith to be inside the crack, is clearly outside the crack on the exterior surface of the fiberglass. The "white paint or sheetrock joint compound" referenced in that section was found to be clearly on the exterior surface of the fiberglass and not inside the crack at the top of Leg #3. Further, regarding section captioned <u>Leg #4</u>, the "brown paint . . . visible inside the crack at approximately nine (9) and sixteen (16) inches from the bottom of the leg" clearly is on the surface of the fiberglass away from the crack and not inside that crack. In the section entitled <u>Injured Location on Ladder</u>, I wish to point out that Mr. Escudero clearly indicated in deposition when questioned that he was on step 4 or step 5, positions clearly permitted by the construction of the ladder, with step 4 clearly being permitted by the labelling on the ladder.

I have personally examined three ladders manufactured by Bauer, including the Escudero ladder, of substantially similar construction, which failed due to leg splitting, causing injuries to the users (Scott, Smith, Escudero). Further, I have in my possession a Bauer ladder, apparently discarded by the Long Island Rail Road, for reasons unrelated to leg splitting, which also demonstrates leg splitting. Finally, I have examined an un-used Bauer ladder demonstrating leg splitting due to the nature of storage and handling, as I testified to in detail in my deposition in <u>Scott v. Bauer</u>. Thus, I personally have examined in detail five Bauer fiberglass ladders, all showing similar defects and split legs, three of which resulted in accidents that caused injuries.

My analysis of the materials and ladder associated with the Escudero accident revealed that there were pre-existing cracks in the legs of the subject ladder, which spread and opened up at the time of the accident, resulting in a destabilization of the ladder, and the fall causative of Mr. Escudero's injuries.  The presence of the initial cracks in the legs of the ladder were due to a combination of design and manufacturing defects, and may have been exacerbated by routine handling and storage of the ladder.

The initial cracking of the rails of the ladder may have been fostered by a defective manufacturing condition caused by one of the following, or a combination of the following:  improper curing of the fiberglass, improper proportion of components, improper control of moisture during the curing, improper use of the woven glass materials.  Regarding the latter, it was apparent that the longitudinal splitting of the rails (legs) was between fibers of the glass rather than across those fibers, predominantly.

The design defects included the failure to use an encapsulating foot of the type utilized on Werner ladders.  Said encapsulating foot assembly is economical and feasible, as evidenced by its use on Werner ladders, and serves to tie together the longitudinal geometry of each leg, preventing not only the initiation of cracks which serve as a prelude to the catastrophic failure, but also guarding against rail geometry separation.

Nextly, the back rails of the ladder (Legs #3 and #4) should have cross-braces similar to the steps configured on Legs #1 and #2, such that the cross-braces attach to two sides of the fiberglass leg cross-section. It is foreseeable that the back rails particularly, due to the loading experienced when the ladder is folded and stored, will develop cracks during normal useage.

Lastly, the warnings and instructions are deficient and defective in that the recommendation to discard the ladder if damaged is non-specific, and requires a level of expertise beyond that of the lay user to identify incipient, unstable cracks in the fiberglass which could become unstable. It is not reasonable to expect a user to notice, for example, hairline cracks in the fiberglass legs and, even if noticed, to realize the potential for the crippling effects such a crack can induce into a fiberglass structure when such cracks propagate.

I am of the considered opinion that the pre-existing cracks were not nearly as extensive as implied by Naismith Engineering, for reasons outlined above.  On the contrary, such cracks, particularly those on the back side of the back legs, would naturally not be recognized during a cursory inspection as being dangerous and indicative of the need to retire/discard the ladder. It must be emphasized that proper control of hazards in general, and the hazards in the Bauer fiberglass in particular, dictate that the hazard be eliminated if economical and feasible.  Clearly, this is the manner to control the hazard by elimination of the aforementioned defects.  In the absence of elimination of the defects, warning and instruction is permitted. However, the warnings and instructions were deficient and defective.

Barry R. Benton, Esq.                    -4-                    May 22, 2001

    Regarding the possibility that Mr. Escudero may have been using
step number 5, I am of the considered opinion that, had the ladder not
possessed the aforementioned defects, his standing on step 5 would
not have been causative of ladder failure. Further, the sticker on that
step is deemed insufficient to prevent use of that step, as the step
itself is inviting for use. Filling that space between the top of
step 5 and the top of the ladder would positively prevent standing on
step 5, if that is indeed the intent of Bauer.

    Thus, I am of the considered opinion that the ladder appeared,
for all intents and purposes, to be safe to Mr. Escudero at the time of
the accident, and, due to the nature of the ladder, Mr. Escudero was
properly using the ladder at the time of the occurrence. I am of the
considered opinion that the ladder had not been abused nor misused on
prior occasions, in that the condition of the ladder prior to the Escudero
accident was consistent with normal use. Finally, if the defects outlined
in this report had not existed, the failure/collapse would not have
occurred, and the injuries would not have been sustained.

                                    Respectfully submitted,

                                    James Pugh, Ph.D. P.E.
                                    Director, Biomedical Engineering,
                                     Materials Science & Engineering
                                     Accident Reconstruction/Injury Analysis
                                     Safety/Ergonomics/Warnings/Instructions/
                                     Human Factors/Failure Analysis/Structural
                                     Analysis

JP/bh

Enclosure:  C.V.

# Inter-City Testing & Consulting Corporation



Northeastern Office:
187 Willis Avenue
Mineola, N.Y. 11501
(516) 747-8400
FAX: (516) 746-0111/21
Out of NYS:(800) 822-1515

Southeastern Office:
4400 N. Federal Highway
Suite 210
Boca Raton, FL 33431
(407) 361-0990
FAX: (407) 338-7771

## DR. JAMES W. PUGH

## CURRICULUM VITAE

DR. JAMES PUGH is Director of Biomedical Engineering, Metallurgy, and Materials Science of Inter-City Testing & Consulting Corporation, Mineola, N.Y. He has a Ph.D. in Biomedical Engineering (Massachusetts Institute of Technology, 1972) and a Bachelor of Science in Metallurgy and Materials (M.I.T., 1968). Dr. Pugh is an expert in the analysis and evaluation of personal injuries of all types with a view towards establishing the causal relationship between events of an accident and actual injuries sustained. He has experience in accident reconstruction of all types, analysis of sports injuries, effects of seat belts in vehicular accidents, as well as injuries sustained by failure of medical devices.

Dr. Pugh is currently professor at the Cooper Union School of Engineering in New York, and has held professorships at the University of Washington in Seattle, New York University, City College of the City University of New York, Mount Sinai School of Medicine, and the State University of New York at Stony Brook. He has taught courses in applied mechanics, materials science, biomechanics, biomaterials, ergonomics, occupational health and safety, strength of materials, and orthopaedic engineering. He has over 20 years of consulting experience with governmental agencies, private corporations, and private law firms. He conducted research and taught at The Hospital For Joint Diseases in New York City for 13 years. He has published 73 technical articles in engineering and scientific journals, has delivered over 50 lectures nationally and internationally, has edited four volumes, has supervised theses for numerous master's and doctoral candidates, and has received two patents.

Dr. Pugh's affiliations include The Orthopaedic Research Society, The American Society for Mechanical Engineers, The American Society for Metals, The American Society for Testing and Materials, The Society of Sigma Xi, The Society for Biomaterials, The National and New York State Societies of Professional Engineers, The American Association for the Advancement of Science, the Society for Automotive Engineering, The Society of Plastics Engineers, and The Order of the Engineer. He has been listed in Who's Who in Engineering, and is a Registered Professional Engineer in the State of New York. He is also licensed by the FAA and the USCG.

### ###

Inter-City Testing & Consulting Corporation

## JAMES W. PUGH

## CURRICULUM VITAE

**EDUCATION:**  Ph.D in Biomedical Engineering from the Department of Metallurgy and Materials Science, June 1972, Massachusetts Institute of Technology (MIT), Cambridge, Mass.

S.B. in Metallurgy from Department of Metallurgy & Materials Science, June 1968, Massachusetts Institute of Technology, (MIT), Cambridge, Mass.

**EXPERIENCE:**

| | |
|---|---|
| 1986 - Present | Director, Biomedical Engineering/Metallurgy/Materials Science, Inter-City Testing & Consulting Corporation; Staff Specialist in Scientific Accident Reconstruction and Member of National Association of Professional Accident Reconstruction Specialists (NAPARS), the Society of Automotive Engineers (SAE), and regular attendee at Stapp Car Crash Conferences (SAE). |
| 1/1/85-10/1/86 | State University of New York at Stony Brook Research Professor, Department of Orthopaedics, School of Medicine Professor of Materials Science and Engineering Technical Director of Gait Laboratory Director of Orthopaedic Engineering |
| 11/1/79-12/31/84 | Hospital for Joint Diseases Orthopaedic Institute Director, Division of Bioengineering Associate Director, Occupational & Industrial Orthopaedic Center |
| 9/1/72-10/31/79 | Hospital for Joint Diseases & Medical Center Director, Biomechanics Laboratory |
| 6/1/72-8/31/72 | Massachusetts Institute of Technology Post-Doctoral Fellow in Bioengineering, Department of Metallurgy and Materials Science |

**PROFESSORSHIPS:**

| | |
|---|---|
| 7/95-present: | Professor, Cooper Union School of Engineering, New York |
| 10/86-6/87: | Visiting Professor of Bioengineering The Cooper Union School of Engineering New York City |
| 12/20/89-: | Affiliate Professor/Bioengineering The University of Washington Seattle, Washington |
| 1/85-10/86: | Research Professor, Department of Orthopaedics, School of Medicine, SUNY State University of New York at Stony Brook Stony Brook, NY |

2

Inter-City Testing & Consulting Corporation

1/81-12/84:     Associate Professor of Orthopaedics
                Mount Sinai School of Medicine,
                City University of New York, NYC

9/82-1/85:      Adjunct Professor of Bioengineering
                The Cooper Union School of Engineering
                New York City

9/81-1/85.      Adjunct Associate Professor
                Department of Occupational Health & Safety
                New York University, NYC

9/82-1/84:      Adjunct Associate Professor of Engineering Technology Department of Engineering
                Technology
                City College of the City University of New York, NYC

9/72-12/80:     Assistant Professor of Orthopaedics
                Mount Sinai School of Medicine
                City University of New York, NYC


INSTRUCTORSHIPS:

9/69-6/71:      Teaching Assistant, MIT
6/77-9/79:      Instructor, New York College of Podiatric Medicine


PROFESSIONAL ORGANIZATIONS:

        American Society for Mechanical Engineers (ASME)
        American Society for Testing and Materials (ASTM)
            Subcommittees: F-4 Implant Devices and Materials
                           F-8 Sports Equipment
        American Association for the Advancement of Science (AAAS)
        American Society for Metals (ASM)
        Orthopaedic Research Society (ORS)
        National Association of Professional Accident Reconstruction Specialists (NAPARS)
        National Society for Professional Engineers (NSPE)
        New York State Society for Professional Engineers (NYSSPE)
        Society of Automotive Engineers (SAE)
        Society for Biomaterials
        Society of Sigma Xi, Honorary Chemical Fraternity
        Joint Medical Study Group


LICENSES:

        Professional Engineer (P.E.) New York State, Registered 1984, #061391-1
        U.S. Coast Guard Operator's License, Issued 1984,
        Coastal, Up to Six Passengers, Up to 60 Tons Auxiliary Sail, Inland
        Private Pilot, Single-Engine, Land. Licensed 1981.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ESCUDERO, JR. | * | |
| | * | |
| VS | * | CIVIL ACTION NO. B-00-193 |
| | * | |
| BAUER CORPORATION D/B/A | * | |
| BAUER LADDER CORPORATION | * | |

## PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO BAUER CORPORATION D/B/A BAUER LADDER CORPORATION'S REQUEST FOR PRODUCTION

TO: BAUER CORPORATION D/B/A BAUER LADDER CORPORATION, Defendant by and through their attorney of record:

Mr. Thomas Gendry
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707

Pursuant to Rule 34, Federal Rules of Civil Procedure, JOSE

ESCUDERO JR., Plaintiff, submits this his first supplemental responses to

request for production propounded by Defendant Bauer Corporation

d/b/a Bauer Ladder Corporation.

RECEIVED JUN 9 2001

Respectfully submitted,

Barry R. Benton
284 Ebony Ave.
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
State Bar No. 02176500
Federal I.D. No. 3968
ATTORNEY IN CHARGE FOR
JOSE ESCUDERO, JR., PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _28th_ day of June, 2001, a true

and correct copy of Plaintiff's first supplemental responses to Defendant's

request for production was forwarded via certified mail, return receipt

requested to counsel of record, to wit:

Mr. Thomas Gendry - *Via C.M.R.R. # Z 258 896 047*
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707

BARRY R. BENTON

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO BAUER CORPORATION D/B/A BAUER
LADDER CORPORATION'S REQUEST FOR PRODUCTION
PAGE - 2

# REQUEST FOR PRODUCTION

6.    Please provide copies of all photographs, diagrams, schematics, sketches, police reports, reports and any other documents which reflect upon the facts of the subject incident or which depict the scene of the alleged incident or which depict any injuries or damage allegedly sustained.

RESPONSE:    Enclosed are copies of blueprints of Bauer ladders.


12.   Please provide original copies of photographs of exemplar or similar ladders to be referred to by Plaintiff in the trial of this cause.

RESPONSE:    Enclosed are colored photocopies of a similar ladder from Bauer in which fracturing occurred.


13.   Please provide copies of all ANSI, Industry or other standards which Plaintiff contends Defendant violated or failed to meet in connection with the design, manufacture, marketing or labeling of the ladder which is the subject matter of the occurrence.

RESPONSE:    Enclosed is a copy of ANSI Standards A 14.5a - 1982.


14.   Please provide copies of literature plaintiff contends shows a safer alternative design of the ladder which is the subject matter of this occurrence.

RESPONSE:    Enclosed are copies of blueprints showing the alternative designs created by Bauer, Bauer memorandum dated 10-24-91 regrading product improvement, Bauer memorandum dated 03-03-94 regarding vinyl shoe for fiberglass rail, Bauer Corporation Committee Meeting report dated 4-11-94 regarding rail protection/slip-on shoe and Bauer

PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO BAUER CORPORATION D/B/A BAUER
LADDER CORPORATION'S REQUEST FOR PRODUCTION
PAGE - 3

Corporation Inter-Office Memorandum dated 03-06-95 regarding slip-on-shoe evaluation.

17.   Please provide copies of all documents reflecting the ladder involved in the occurrence was defective in its design.

RESPONSE:     See items already described in this response.

19.   Please provide copies of any exhibits, summaries, written support, opinions or other data reviewed, relied upon or looked at in connection with the opinion of your experts that the ladder involved in the occurrence was defective in manufacture, design and labeling.

RESPONSE:     Enclosed is a copy of John O. Vasichko's deposition transcript which will be provided to Dr. James Pugh with all attached exhibits.





# CHANGE ORDER NO. 1
## NEW OFFICES FOR BAHNMAN REALTY
### HARLINGEN, TEXAS

| | | | |
|---|---|---|---|
| **PROJECT :** | NEW OFFICES FOR BAHNMAN REALTY Harlingen, Texas | **CHANGE ORDER #:** One (1) **CONTRACT DATE :** December 15, 1999 | |
| **TO:** | Paisano Construction 216 N. Texas Ave. Mercedes, Tx. 78570 | **PROJECT NO.:** 99018 **CONTRACT FOR:** General Construction | |
| **DATE:** | January 30, 2001 | **PAGE :** ONE (1) of two | |

### You are directed to make the following changes in this contract:

**ITEM NO. 1: CERAMIC TILE ENTRANCE**
Provide and install ceramic floor tile as specified by The Architect at the covered porch at the front of the building.

DELETE FROM THE BETTERMENT ALLOWANCE.........................................+$1,480.00

**ITEM NO. 2: MAIL DROP**
Provide and install mail drop in exterior storefront glass.

DELETE FROM THE BETTERMENT ALLOWANCE.........................................+$725.00

**ITEM NO. 3: ADDITIONAL BUILDING ADDRESS LETTERING**
Provide and install additional address lettering on the north side of the east exterior column, as described by The Architect.

DELETE FROM THE BETTERMENT ALLOWANCE.........................................+$185.00

**AMOUNT TO BE "DELETED" FROM THE BETTERMENT FUND:**          **- $2,390.00 >**

| | |
|---|---|
| **BETTERMENT FUND:** | **$10,000.00** |
| **Change Order No. 1** | **- $2,390.00** |
| **TOTAL** | **$7,610.00** |



EXHIBIT
D

| PROJECT : | NEW OFFICES FOR BAHNMAN REALTY Harlingen, Texas | **CHANGE ORDER #:** One (1) **CONTRACT DATE :** December 15, 1999 |
|---|---|---|
| **TO:** | Paisano Construction 216 N. Texas Ave. Mercedes, Tx. 78570 | **PROJECT NO.:** 99018 **CONTRACT FOR:** General Construction |
| **DATE:** | January 30, 2001 | **PAGE :** TWO (2) of two |

## ITEM NO. 4: DELETE THE UNUSED AMOUNT OF THE BETTERMENT ALLOWANCE

Delete the unused amount of the Betterment Allowance and subtract it from the contract amount.

DELETE FROM THE CONTRACT AMOUNT.................................- $7,610.00

## ITEM NO. 5: DELETE THE UNUSED AMOUNT OF THE LANDSCAPE ALLOWANCE

Delete the unused amount of the Landscape Allowance and subtract it from the contract amount.

DELETE FROM THE CONTRACT AMOUNT.................................- $10,000.00

## ITEM NO. 6: DELETE THE UNUSED AMOUNT OF THE TESTING ALLOWANCE

Delete the unused amount of the Testing Allowance and subtract it from the contract amount.

DELETE FROM THE CONTRACT AMOUNT.................................- $3,280.00

## ITEM NO. 7: LIQUIDATED DAMAGES

Delete from the contract the amount of $250.00 per day for the 121 calender days that The Contractor exceeded the Date of Substantial Completion.

DELETE FROM THE CONTRACT AMOUNT.................................- $30,250.00

---

**Not valid until signed by both the Owner and Architect. Signature of the Contractor indicates agreement herewith, including any adjustments in the Contract Sum/Time.**

THE ORIGINAL CONTRACT SUM WAS.................................................................**$268,500.00**
NET CHANGE BY PREVIOUSLY AUTHORIZED CHANGE ORDERS..................................$00.00
THE CONTRACT SUM PRIOR TO THIS CHANGE ORDER WAS ..........................$268,500.00
THE CONTRACT SUM WILL BE **CHANGED** BY.......................................................- $51,140.00
THE NEW CONTRACT SUM INCLUDING THIS CHANGE ORDER WILL BE........**$217,360.00**
THE CONTRACT TIME WILL BE **CHANGED** BY.........one hundred and twenty-one {121} **Days**
The date of Substantial Completion as of the date of this change order   **January 15, 2001**
*Attachments :* none

| ARCHITECT | CONTRACTOR | OWNER |
|---|---|---|
| R.O.F.D.W.  ARCHITECTS, PLLC 421 S. 77 Sunshine Strip,#5 Harlingen, Texas 78550 | PAISANO CONSTRUCTION 216 N. Texas Ave. (rear) Mercedes, Texas 78570 | BAHNMAN REALTY, INC. 503 E. Harrison Harlingen, Texas 78550 |
| By: | By: | By: |
| Date:  January 30, 2001 | Date:  1/31/01 | Date:  1 31 01 |